UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
WESTPORT INSURANCE CORPORATION,

                      Plaintiff,                      Case No. 07 Civ. 6726 (SHS) (RLE)

   -against-

PATRICIA HENNESSEY, ESQ., and COHEN,      **ANSWER and COUNTERCLAIMS**
HENNESSEY, BIENSTOCK & RABIN, P.C.
f/k/a COHEN, HENNESSEY, BIENSTOCK, P.C.,

                    Defendants.          Jury Trial Demanded
-----------------------------------------------------------------x

      Defendants, by their attorneys, Fried & Epstein LLP, file this Answer to the Complaint and state as follows:

## THE PARTIES

      1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 1 of the complaint.

      2. Defendants admit the truth of the averments in paragraph 2 of the complaint, except Defendants deny that defendant Patricia Hennessey, Esq. is a partner of defendant Cohen, Hennessey, Bienstock & Rabin, P.C. f/k/a Cohen, Hennessey, Bienstock, P.C

      3. Defendants admit the truth of the averments in paragraph 3 of the complaint.

## JURISDICTION AND VENUE

      4. Defendants admit that the parties to this action are citizens of different states. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment in paragraph 4 that the amount in controversy exceeds $75,000.

5. Defendants admit the truth of the averments in paragraph 5 of the complaint if the court has subject matter jurisdiction of this action.

## FACTUAL ALLEGATIONS

6. Defendants admit the truth of the averments in paragraph 6 of the complaint, except Exhibit A to the complaint contains documents in addition to those identified in paragraph 6 of the complaint.

7. Defendants admit the truth of the averments in paragraph 7 of the complaint, except Defendants deny that Exclusion B is applicable to the dispute between Plaintiff and Defendants.

8. Defendants admit the truth of the averments in paragraph 6 of the complaint, except Defendants deny that Sanford Asher initiated the divorce proceeding.

9. Defendants admit the truth of the averments in paragraph 9 of the complaint, and Defendants refer the Court to Ms. Asher's verified complaint for its contents.

10. Defendants admit that Ms. Asher's verified complaint against the Cohen firm alleges, in substance, the averments in paragraph 10 of the complaint, Defendants refer the Court to Ms. Asher's verified complaint for its contents, and Defendants deny the truth of those averments.

11. Defendants admit that Ms. Asher's verified complaint against the Cohen firm alleges, in substance, the averments in paragraph 11 of the complaint, Defendants refer the Court to Ms. Asher's verified complaint for its contents, and Defendants deny the truth of those averments.

12. Defendants admit that Ms. Asher's verified complaint against the Cohen firm alleges, in substance, the averments in paragraph 12 of the complaint, Defendants

refer the Court to Ms. Asher's verified complaint for its contents, and Defendants deny the truth of those averments.

13. Defendants admit that Ms. Asher's verified complaint against the Cohen firm alleges, in substance, the averments in paragraph 13 of the complaint, Defendants refer the Court to Ms. Asher's verified complaint for its contents, and Defendants deny the truth of those averments.

14. Defendants admit that Ms. Asher's verified complaint against the Cohen firm alleges, in substance, the averments in paragraph 14 of the complaint, Defendants refer the Court to Ms. Asher's verified complaint for its contents, and Defendants deny the truth of those averments.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment in paragraph 15.

16. Defendants admit that Plaintiff's March 22, 2007 letter states, in substance, the averments in paragraph 16 of the complaint, Defendants refer the Court to that letter for its contents, and Defendants deny the truth of some of those averments.

17. Defendants deny the truth of the averments in paragraph 17 of the complaint.

18. Defendants admit the truth of the averments in paragraph 18 of the complaint.

19. Defendants admit the truth of the averments in paragraph 19 of the complaint, except Defendants are without knowledge or information sufficient to form a belief as to the truth of the averment in paragraph 19 as to why Plaintiff prepared and transmitted to Defendants the letter dated July 11, 2007.

## FIRST CAUSE OF ACTION – DECLARATORY JUDGMENT

20. Defendants admit the truth of the averments in paragraph 20 of the complaint.

21. Defendants admit the truth of the averments in paragraph 21 of the complaint, except Defendants deny that Exclusion B is applicable to the dispute between Plaintiff and Defendants.

22. Defendants deny the truth of the averments in paragraph 22 of the complaint.

23. Defendants deny the truth of the averments in paragraph 23 of the complaint.

24. Defendants deny the truth of the averments in paragraph 24 of the complaint.

25. No response to paragraph 25 of the complaint is required by the Federal Rules of Civil Procedure because it does not allege factual information.

## AFFIRMATIVE DEFENSES

1. The complaint fails to state a claim upon which relief can be granted.

2. Plaintiff has waived its right to obtain the relief it seeks.

3. Plaintiff should be estopped from obtaining the relief it seeks.

4. Plaintiff is not entitled to the relief it seeks due to the doctrine of unclean hands.

5. Plaintiff is not entitled to the relief it seeks due to the doctrine of laches.

## COUNTERCLAIMS

Defendants, by their attorneys, Fried & Epstein LLP, hereby assert counterclaims that state as follows:

1. Defendants are "Insureds" in the Lawyers Professional Liability Insurance Policy that is referenced in paragraph 6 of the complaint (the "Westport Insurance Policy").

2. Defendants paid or caused to be paid the premium for the Westport Insurance Policy.

3. The "Insuring Agreements" in the Westport Insurance Policy contain a provision entitled "Coverage – Professional Liability."

4. The "Insuring Agreements" in the Westport Insurance Policy contain a provision entitled "Defense, Investigation and Settlement of Claims, Transfer of Duties."

5. On or about January 29, 2007, Plaintiff received Ms. Asher's verified complaint against Defendants.

6. At least one allegation of Ms. Asher's verified complaint against Defendants suggests a reasonable possibility of coverage by the Westport Insurance Policy.

7. Ms. Asher's verified complaint against Defendants does not allege that Defendants, as of March 14, 2006, knew or could have reasonably foreseen that they had performed an act, error, or omission or had committed a "Personal Injury" offense during their representation of Ms. Asher that might be expected to be the basis of a "Claim" or suit by Ms. Asher.

8. On or about March 22, 2007, Plaintiff assigned Defendants' defense of Ms. Asher's verified complaint to the law firm of Rivkin Radler LLP.

9. As of March 14, 2006, Defendants did not know and could not have reasonably foreseen that they had performed an act, error, or omission or had committed a "Personal Injury" offense during their representation of Ms. Asher that might be expected to be the basis of a "Claim" or suit by Ms. Asher.

10. By its letter dated July 11, 2007, Plaintiff informed Defendants that it is not obligated by the Westport Insurance Policy to defend and to indemnify Defendants in connection with Mr. Asher's verified complaint.

11. By this action, Defendants have been cast in a defensive posture by the legal steps Plaintiff has taken in an effort to free itself from the obligations of the Westport Insurance Policy.

FIRST COUNTERCLAIM

(Declaratory Judgment on "Defense, Investigation and Settlement of
Claims, Transfer of Duties" Provision of the Westport Insurance Policy)

12. Defendants repeat and reallege the allegations set forth in paragraphs 1 through 11 of the Counterclaims with the same force and effect as if set forth herein.

13. Pursuant to the Westport Insurance Policy, Plaintiff has the right and duty to defend Ms. Asher's verified complaint on behalf of Defendants.

14. Pursuant to the Westport Insurance Policy, Plaintiff has the right and duty to pay certain "Claim Expenses" in connection with the defense of Ms. Asher's verified complaint on behalf of Defendants.

15. One or more allegations of Ms. Asher's verified complaint against Defendants suggests a reasonable possibility of coverage by the Westport Insurance Policy.

16. By this action, Plaintiff alleges that, pursuant to the Westport Insurance Policy, it has no duty to defend Ms. Asher's verified complaint on behalf of Defendants.

17. By this action, Plaintiff alleges that, pursuant to the Westport Insurance Policy, it has no duty to pay certain "Claim Expenses" in connection with the defense of Ms. Asher's verified complaint on behalf of Defendants.

18. Pursuant to the Westport Insurance Policy, Plaintiff has a duty to defend Ms. Asher's verified complaint on behalf of Defendants.

19. Pursuant to the Westport Insurance Policy, Plaintiff has a duty to pay certain "Claim Expenses" in connection with the defense of Ms. Asher's verified complaint on behalf of Defendants.

20. A justiciable controversy exists as to whether, pursuant to the Westport Insurance Policy, Plaintiff has a duty to defend Ms. Asher's verified complaint on behalf of Defendants and to pay certain "Claim Expenses" in connection with the defense of Ms. Asher's verified complaint on behalf of Defendants.

21. Defendants have no adequate remedy at law.

## SECOND COUNTERCLAIM

(Breach of Contract; the "Defense, Investigation and Settlement of Claims, Transfer of Duties" Provision of the Westport Insurance Policy)

22. Defendants repeat and reallege the allegations set forth in paragraphs 1 through 21 of the Counterclaims with the same force and effect as if set forth herein.

23. The Westport Insurance Policy is a contract between Plaintiff and Defendants.

24. The Westport Insurance Policy is supported by good and valuable consideration.

25. Pursuant to the "Defense, Investigation and Settlement of Claims, Transfer of Duties" provision of the Westport Insurance Policy and New York law, Plaintiff has the right and duty to defend Ms. Asher's verified complaint on behalf of Defendants and to pay certain "Claim Expenses" in connection with the defense of Ms. Asher's verified complaint on behalf of Defendants if at least one allegation of Ms. Asher's verified complaint against Defendants suggests a reasonable possibility of coverage by the Westport Insurance Policy.

26. One or more allegations of Ms. Asher's verified complaint against Defendants suggests a reasonable possibility of coverage by the Westport Insurance Policy.

27. Despite the fact that at least one allegation of Ms. Asher's verified complaint against Defendants suggests a reasonable possibility of coverage by the Westport Insurance Policy, Plaintiff has disclaimed its duty to defend Ms. Asher's verified complaint on behalf of Defendants and to pay certain "Claim Expenses" in connection with the defense of Ms. Asher's verified complaint on behalf of Defendants.

28. By its disclaimer of defense coverage referenced in the preceding paragraph, Plaintiff has breached the "Defense, Investigation and Settlement of Claims, Transfer of Duties" provision of the Westport Insurance Policy.

29. As a proximate result of Plaintiff's breach of the "Defense, Investigation and Settlement of Claims, Transfer of Duties" provision of the Westport Insurance

Policy, Defendants have sustained and will continue to sustain damages, in the form of attorneys' fees and expenses, in an amount to be proven at trial.

## THIRD COUNTERCLAIM

(Breach of Contract; the "Coverage – Professional Liability"
Provision of the Westport Insurance Policy)

30. Defendants repeat and reallege the allegations set forth in paragraphs 1 through 29 of the Counterclaims with the same force and effect as if set forth herein.

31. The Westport Insurance Policy is a contract between Plaintiff and Defendants.

32. The Westport Insurance Policy is supported by good and valuable consideration.

33. Pursuant to the "Coverage – Professional Liability" provision of the Westport Insurance Policy, Plaintiff must pay, in excess of the applicable deductible, any settlement with or judgment obtained by Ms. Asher in connection with her verified complaint against Defendants.

34. Plaintiff has disclaimed its contractual obligation pursuant to the "Coverage – Professional Liability" provision of the Westport Insurance Policy to pay, in excess of the applicable deductible, any settlement with or judgment obtained by Ms. Asher in connection with her verified complaint against Defendants.

35. Plaintiff's disclaimer of insurance coverage referenced in the preceding paragraph is based on Exclusion B in the Westport Insurance Policy.

36. No evidence exists that Defendants, as of March 14, 2006, knew or could have reasonably foreseen that they had performed an act, error, or omission or had

committed a "Personal Injury" offense during their representation of Ms. Asher that might be expected to be the basis of a "Claim" or suit by Ms. Asher.

37. By its disclaimer of insurance coverage referenced in paragraph 34, Plaintiff has breached the "Coverage – Professional Liability" provision of the Westport Insurance Policy.

38. As a proximate result of Plaintiff's breach of the "Coverage – Professional Liability" provision of the Westport Insurance Policy, Defendants have sustained, will continue to sustain, and may sustain damages in an amount to be proven at trial.

FOURTH COUNTERCLAIM

(Attorneys' Fees and Expenses)

39. Defendants repeat and reallege the allegations set forth in paragraphs 1 through 38 of the Counterclaims with the same force and effect as if set forth herein.

40. In order to defend this action and Plaintiff's effort to free itself from the obligations of the Westport Insurance Policy, Defendants have had to retain counsel at considerable expense.

41. Defendants are entitled to recover as damages the money they have and will pay to their attorneys in connection with this action.

WHEREFORE, Defendants demand a judgment:

A. Dismissing Plaintiff's complaint;

B. On Defendants' First Counterclaim, a declaration that, pursuant to the Westport Insurance Policy, Plaintiff has a duty to defend Ms. Asher's verified complaint on behalf of Defendants, and Plaintiff has a duty to pay certain "Claim

Expenses" in connection with the defense of Ms. Asher's verified complaint on behalf of Defendants;

    C. On Defendants' Second Counterclaim, damages in an amount to be proven at trial;

    D. On Defendants' Third Counterclaim, damages, in an amount to be proven at trial;

    E. On Defendants' Fourth Counterclaim, damages, in an amount to be proven at trial;

    F. Awarding Defendants their costs and disbursements for this action; and

    G. Granting Defendants such other, further or different relief as the Court deems just, fair, and equitable.

Dated: New York, New York
       August 24, 2007

                                   FRIED & EPSTEIN LLP

                                   By_____
                                      John W. Fried (JF2667)

                                   1350 Broadway, Suite 1400
                                   New York, New York 10018
                                   (212) 268-7111

                                   *Attorneys for Defendants*