UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WESTPORT INSURANCE CORPORATION,

      Plaintiff,

 -against-

PATRICIA HENNESSEY, ESQ., and COHEN,
HENNESSEY, BIENSTOCK & RABIN, P.C.
f/k/a COHEN, HENNESSEY, BIENSTOCK, P.C.,

      Defendants.
------------------------------------------------------------X

Case No.: 07 CIV 06726 (SHS)(RLE)

**RULE 56.1 STATEMENT
OF UNDISPUTED FACTS**

Plaintiff WESTPORT INSURANCE CORPORATION, by and through its attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP, and pursuant to Rule 56.1 of the Local Rules of this Court, respectfully submits the following statement of material facts as to which there is no genuine issue to be tried:

1. Plaintiff Westport Insurance Corporation (hereinafter referred to as the "Plaintiff" or "Westport") issued to defendants Patricia Hennessey Esq., and Cohen, Hennessey, Bienstock, & Rabin, P.C., f/k/a Cohen, Hennessey, Bienstock, P.C. (hereinafter referred to as "Defendants") a Lawyers Professional Liability Policy for professional malpractice claims made against the defendant firm and its individual attorneys, all defendants herein, under the Policy No. NRL-004489-2 for the period of, and for claims made between March 14, 2005 and March 13, 2006.

2. Westport renewed the aforesaid Lawyers Professional Liability Policy under a Renewal Policy No. NRL-004960-8 (referred to as the "2006 Policy") for the period of, and for claims made between March 14, 2006 and March 14, 2007. A copy of the Lawyers Professional Liability Policy issued by Westport, along with the New York Disclosure Form, are annexed hereto as Exhibit "A".

2928297.1

3. The 2006 Policy states, in pertinent part, that:

This Policy does not apply to:

\*\*\*

B. any CLAIM arising out of any act, error, omission or PERSONAL INJURY occurring prior to the effective date of this policy if any INSURED at the effective date knew or could have reasonably foreseen that such act, error, omission of PERSONAL INJURY might be expected to be the basis of a CLAIM or suit;

Exhibit "A" at p.4.

4. On or about July 26, 2006, Westport received notice of a claim against the defendant law firm and/or its individual attorneys by Jayne Asher, who the Defendant law firm represented in an underlying divorce proceeding. This was the first notice of the claim that Westport received. A copy of the July 26, 2006 written notice is annexed hereto as Exhibit "B".

5. By letter to defendants dated August 11, 2006, Westport acknowledged receipt of notification of the Asher claim. A copy of the August 11, 2006 letter is annexed hereto as Exhibit "C".

6. Jayne Asher ultimately commenced a legal malpractice action against the Defendants in Supreme Court of the State of New York, New York County, Index No.: 1361/07 on or about January 23, 2007. The action arises out of Defendants' legal representation of Mrs. Asher in her divorce proceeding. A copy of her complaint is annexed hereto as Exhibit "D".

7. The Asher complaint alleges "That during the course of Defendants' representation of Plaintiff in the divorce action, a Stipulation of Settlement (the "Stipulation"), negotiated and approved by Defendants HENNESSEY and CHB was entered into by Jayne and Sanford Asher on or about October 15, 2002." See Exhibit "D" at ¶ 13.

8. The Asher complaint further alleges that by the terms of the Stipulation, Mrs. Asher was given the right to elect, upon the terms and conditions set forth in the Stipulation, to assume and/or continue ownership of certain life insurance policies on the life of her ex-husband Sanford Asher. See Exhibit "D" at ¶ 14.

9. The Asher complaint also alleges "That Defendants, and each of them, failed to timely exercise Plaintiff's right of election to the life insurance policies" and "That by reason of Defendants' failure to timely exercise the rights of election, Plaintiff was barred from doing so and lost the benefit of the life insurance policies." See Exhibit "D" at ¶¶ 17, 18.

10. The complaint also references a February 24, 2004 Appellate Division, First Department decision in the underlying divorce proceeding, which determined fully and finally that Mrs. Asher was not entitled to ownership of her ex-husband's life insurance policies, concluding therein that she failed to timely and properly exercise her rights of election. See Exhibit "D" at ¶ 25.

11. The February 24, 2004 Appellate Division, First Department decision, which was rendered over two years <u>before</u> the effective date of the subject policy, concludes that "the wife failed to exercise her right of election to receive or retain either policy within the allotted time and the husband's attorney notified the wife's attorney that the term life policy would remain with the husband and that the wife was required to transfer to the husband the whole life policy." A copy of the aforesaid decision is annexed hereto as Exhibit "E.". The decision further notes that she was to have done so by February 1, 2003 pursuant to Article IX of the Stipulation. <u>Id.</u>

12. Soon after receipt of the Asher complaint, Westport began its evaluation of insurance coverage for the claim. Following its initial evaluation and on March 22, 2007, it sent

3

2928297.1

Defendants a reservation of rights letter, reserving all its rights to investigate and possibly deny coverage. A copy of the March 22, 2007 reservation of rights letter is annexed hereto as Exhibit "F".

13. Westport continued its investigation of Mrs. Asher's claim. During this investigation, it procured certain correspondence between the Defendants and counsel for Mr. Asher in the divorce proceeding. One such correspondence is dated January 28, 2003, six days before the deadline for Mrs. Asher to make the subject election. The correspondence is from Mr. Asher's attorney, Lawrence M. Nessenson, and is addressed to defendant Patricia Hennessey, Esq., attorneys for Mrs. Asher. The correspondence states "There are several issues/elections under the Stipulation of Settlement which are coming up," and advises that "we are waiting for Jayne to make her election regarding the life insurance policies." A copy of the aforesaid January 28, 2003 letter is annexed hereto as Exhibit "G".

14. At the conclusion of its investigation, and on or about July 11, 2007, Westport sent the Defendants its final reservation of rights letter. The letter states in pertinent part, "…we must now advise you that pursuant to Exclusion B, the policy does not afford coverage for this claim." The letter continues

> As you are aware, this claim arises from Cohen, Hennessey, Bienstock & Rabin's representation of Jayne Asher in an underlying divorce proceeding. As part of the representation, Ms. Hennessey took part in negotiating and approving a Stipulation of Settlment on or about October 15, 2002. According to the terms of the Stipulation, Ms. Asher had a deadline of February 1, 2003, to make an election to the ownership of certain life insurance policies owned by Mr. Asher. Despite correspondence being sent between each of the attorneys of record regarding the upcoming deadline, Ms. Asher and her attorney, Ms. Hennessey, failed to make a timely election. Ms.

>Hennessey continued her efforts to convince the courts that the parties were in continued negotiations in relation to the policies, and thus, the election was not untimely. However, when the process was complete, the New York, Appellate Division, First Department, issued an Order on February 24, 2004, ruling that Ms. Asher lost her right of election to the life insurance policies in question due to the failure to comply with the February 1, 2003, deadline.

A copy of the July 11, 2007 reservation of rights letter is annexed hereto as Exhibit "H".

15.   The letter further states "there is objective evidence that you were aware of an act, error, or omission which you knew or could reasonably foresee might be expected to be the basis of a claim or suit against you when the February 24, 2004 Appellate Division Order found that Ms. Asher lost any rights to the policies due to the failure to comply with the Stipulation. This was known prior to the Westport policy effective date of March 14, 2006. Therefore, Exclusion B precludes coverage for the suit subsequently filed by the plaintiff." See Exhibit "H".

16.   Notwithstanding its coverage position, Westport has paid for and continues to pay for the Defendants' defense in the malpractice suit brought against them by Mrs. Asher under

5

2928297.1

the relevant policy of insurance.

Dated: New York, New York
November 9, 2007

                                    Respectfully submitted,

                WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

                                    By:____s/_____
                                    Mark K. Anesh (MKA: 8303)
                                    *Attorneys for Plaintiff*
                                    WESTPORT INSURANCE
                                    CORPORATION
                                    150 East 42nd Street
                                    New York, New York 10017-5639
                                    (212) 490-3000
                                    File No.: 005302.00249


To:     Fried & Epstein LLP
          *Attorneys for Defendants*
          PATRICIA HENNESSEY, ESQ., and COHEN,
          HENNESSEY, BIENSTOCK & RABIN, P.C.
          f/k/a COHEN, HENNESSEY, BIENSTOCK, P.C.,
          1350 Broadway, Suite 1400
          New York, New York 10018
          Attention:     John W. Fried, Esq.

2928297.1