

# *Westport Insurance Corporation*

[CLAIMS EXPENSES INCLUDED WITHIN LIMITS OF
LIABILITY: DEFENSE COSTS 50% OFFSET]

Westport Insurance Corporation
A Missouri Corporation
Jefferson City, Missouri

Mailing Address: Westport Insurance Corporation, 525 W. Van Buren, Suite 500, Chicago, Illinois 60607

THIS IS A CLAIMS-MADE POLICY. PLEASE READ IT CAREFULLY.

## LAWYERS PROFESSIONAL LIABILITY INSURANCE

In consideration of the payment of the premium and in reliance upon the statements in the application and supplements attached hereto and made a part hereof, and subject to all of the terms of the policy, the Company agrees with the NAMED INSURED as follows:

### INSURING AGREEMENTS

**I. COVERAGE – PROFESSIONAL LIABILITY**

A. The Company will pay on behalf of any INSURED those sums in excess of the deductible which any INSURED becomes legally obligated to pay as DAMAGES as a result of CLAIMS first made against any INSURED during the POLICY PERIOD, any continuous renewal of this policy, or during any Extended Reporting Period; when reported in accordance with Conditions I.A. of the policy. The CLAIM must arise by reason of an act, error, omission or PERSONAL INJURY occurring on or after the RETROACTIVE DATE, if any. Coverage shall apply to any such CLAIMS arising out of services rendered or which should have been rendered by any INSURED, and arising out of the conduct of the INSURED'S profession as a lawyer, or as a lawyer acting in the capacity of an Arbitrator, Mediator, Title Insurance Agent or Notary Public.

B. When an INSURED acts as an administrator, conservator, executor, guardian, trustee or in a similar fiduciary role, the INSURED'S acts, errors, omissions or PERSONAL INJURIES in such capacity shall be deemed for the purpose of Insuring Agreement I.A. to be the performance of professional services for others, in the INSURED'S capacity as a lawyer. This coverage shall not apply to any CLAIM against any INSURED as the beneficiary or distributee of any trust or estate

**II. DEFENSE, INVESTIGATION AND SETTLEMENT OF CLAIMS, TRANSFER OF DUTIES**

As respects such insurance as is afforded by this policy, the Company shall:

A. have the right and duty to defend, including selection of counsel and arbitrators, in any INSURED'S name and on any INSURED'S behalf any CLAIM for DAMAGES against any INSURED, even if such CLAIM is groundless, false or fraudulent; and shall have the right to make such investigation, negotiation and settlement, subject to II.B. below, of any CLAIM as it deems expedient.

B. not settle any CLAIM without the written consent of the NAMED INSURED which consent shall not be unreasonably withheld.   If, however, the NAMED INSURED refuses to consent to a settlement recommended by the Company and elects to contest the CLAIM or continue legal proceedings in connection with such CLAIM, the Company's liability for the CLAIM shall not exceed the amount for which the CLAIM could have been settled up to the date of such refusal.

In any event, the Company shall not be obligated to pay any DAMAGES on any CLAIM after the limit of the Company's liability has been exhausted by payment of DAMAGES.

C.   reimburse up to $250 to each INSURED for each day or part thereof for his or her attendance at the Company's request at a trial, court-imposed hearing or arbitration proceeding involving a CLAIM, but the total amount so payable shall not exceed $5,000 per CLAIM. The deductible shall not apply to this provision, however, any payments made by the Company under this provision will be included within the applicable limit of liability and not in addition thereto.

**D.   TRANSFER OF DUTIES UPON EXHAUSTION OF THE LIMIT OF LIABILITY: <u>DUTIES OF THE COMPANY</u>**

If the Company concludes that based on the number of CLAIMS which have been reported to the Company and to which this insurance may apply, the aggregate limit is likely to be used up in the payment of judgments or settlements, the Company will notify the NAMED INSURED in writing to that effect.

When the limit of liability has actually been used up in the payment of judgments or settlements the Company will:

1.   notify the NAMED INSURED in writing, as soon as practicable, that:

   a.   such a limit has actually been used up; and

   b.   the Company's duty to defend CLAIMS subject to that limit of liability has also ended.

2.   initiate and cooperate in the transfer of control to the NAMED INSURED all CLAIMS which are subject to the limit of liability and which were reported to the Company before the limit is used up.

3.   agree to take such steps as are appropriate to avoid a default in, or continue the defense of, such CLAIMS until the transfer is completed, provided that the NAMED INSURED is cooperating in completing such transfer.

4.   take no action whatsoever with respect to any CLAIM that would have been subject to the limit of liability, had it not been used up, if the CLAIM is reported to the Company after the limit of liability has been used up.

**E.   TRANSFER OF DUTIES UPON EXHAUSTION OF THE LIMIT OF LIABILITY: <u>DUTIES OF THE NAMED INSURED</u>**

When the limit of liability has been used up, and the Company has notified the NAMED INSURED that the limit of liability has been used up, the NAMED INSURED will:

1.   cooperate with the Company in the transfer of control of CLAIMS from the Company to the NAMED INSURED

2.   arrange for the defense of such transferred CLAIMS within a time period agreed to by the NAMED INSURED and the Company. Absent any such agreement, arrangements for the defense of such CLAIM must be made as soon as practicable.

3   reimburse the Company for CLAIMS EXPENSES incurred by the Company in taking those steps deemed appropriate in accordance with the provisions of D.3. above. The duty of the NAMED INSURED to reimburse the Company will begin on the date the limit of liability is exhausted; or on the date notice has been properly provided to the NAMED INSURED, in accordance with section D. above, whichever is later.

The exhaustion of any limit of liability by the payment of judgments or settlements, and the resulting end of the Company's indemnification or reimbursement obligations will not be affected by the Company's failure to comply with any condition of this provision.

## III. TERRITORY

This policy applies to acts, errors, omissions and PERSONAL INJURIES that occur anywhere in the world provided CLAIM is made and suit or arbitration proceedings are brought against an INSURED in the United States of America, its territories or possessions or Canada.

## DEFINITIONS

I.   **"NAMED INSURED" WHENEVER USED IN THIS POLICY SHALL MEAN** the person or entity stated in Item A. of the Declarations and any PREDECESSOR FIRM thereof.

II.   **"INSURED" WHENEVER USED IN THIS POLICY SHALL MEAN:**

    A.   the NAMED INSURED.

    B.   any past or present partner, officer, director, shareholder, employee or of counsel of the NAMED INSURED, but only as respects professional services rendered on behalf of the NAMED INSURED.

    C.   any lawyer listed in the application who is a partner, officer, director, stockholder or employee of the NAMED INSURED as respects professional services rendered by such individual while associated with a PRIOR LAW FIRM.

    D.   any lawyer who has retired from the NAMED INSURED, but only as respects professional services rendered prior to the date of retirement.

    E.   the heirs, executors, administrators and legal representatives of any INSURED in the event of that INSURED'S death, incapacity or bankruptcy, but solely for professional services rendered prior to such INSURED'S death, incapacity or bankruptcy.

III.   **"CLAIMS EXPENSES" WHENEVER USED IN THIS POLICY SHALL MEAN:**

    A.   fees charged by any lawyer designated by the Company; and

    B.   if authorized by the Company in writing, all other fees, costs and expenses resulting from the investigation, adjustment, defense or appeal of any CLAIM, suit or proceeding.

IV.   **"CLAIM" WHENEVER USED IN THIS POLICY SHALL MEAN** a demand made upon any INSURED for DAMAGES, including, but not limited to, service of suit or institution of arbitration proceedings against any INSURED.

V.   **"DAMAGES" WHENEVER USED IN THIS POLICY SHALL MEAN** the compensatory portion of any judgment, award or settlement, provided always that DAMAGES shall not include:

    A.   punitive or exemplary DAMAGES; or

    B.   sanctions, fees, fines or penalties imposed by law; or

    C.   matters that are deemed uninsurable under the law pursuant to which this policy shall be construed.

VI.   **"PERSONAL INJURY" WHENEVER USED IN THIS POLICY SHALL MEAN** injury arising out of the following offenses: false arrest, detention or imprisonment, wrongful entry or eviction or other invasion of private occupancy, malicious prosecution, libel, slander or breach of privacy.

VII.   **"POLICY PERIOD" WHENEVER USED IN THIS POLICY SHALL MEAN** the period from the effective date of this policy to the expiration date as set forth in the Declarations or earlier TERMINATION date, if any, of this policy.

VIII. **"PREDECESSOR FIRM" WHENEVER USED IN THIS POLICY SHALL MEAN** any legal entity which was engaged in the practice of law whose financial assets and liabilities the NAMED INSURED is the majority successor in interest.

IX. **"PRIOR LAW FIRM" WHENEVER USED IN THIS POLICY SHALL MEAN** any law firm or professional corporation engaged in the private practice of law for which any lawyer listed in the application was a partner, officer, director, stockholder or employee prior to such lawyer joining the NAMED INSURED.

X. **"RETROACTIVE DATE" WHENEVER USED IN THIS POLICY SHALL MEAN** the date, if specified in the Declarations or in any endorsement attached hereto, on or after which any act, error, omission or PERSONAL INJURY must have occurred in order for CLAIMS arising therefrom to be covered under this policy. CLAIMS arising from any act, error, omission or PERSONAL INJURY occurring prior to this date are not covered by this policy.

## EXCLUSIONS

This policy does not apply to:

A.  any CLAIM arising out of any dishonest, fraudulent or malicious acts, errors, omissions or deliberate misrepresentation committed by, at the direction of, or with the knowledge of any INSURED; however, the INSURED shall be reimbursed for all CLAIMS EXPENSES which would have been collectible under this policy in the event a final adjudication is made in a court of record that the INSURED did not commit such act;

B.  any CLAIM arising out of any act, error, omission or PERSONAL INJURY occurring prior to the effective date of this policy if any INSURED at the effective date knew or could have reasonably foreseen that such act, error, omission or PERSONAL INJURY might be expected to be the basis of a CLAIM or suit;

C.  any CLAIM based upon or arising from bodily injury to, or sickness, disease, or death of any person. This exclusion does not apply to CLAIMS of mental illness, emotional distress or humiliation caused by PERSONAL INJURY;

D.  any CLAIM for loss of, injury to, or destruction of tangible property; or for loss of use thereof;

E.  any CLAIM arising out of any INSURED'S activities as an officer, director, partner, manager or employee of any company, corporation, operation, organization or association other than the NAMED INSURED or PRIOR LAW FIRM;

F.  any CLAIM made by any INSURED under this policy against any other INSURED under this policy unless such CLAIM arises out of professional services rendered to such other INSURED as a client;

G.  any CLAIM arising out of any INSURED'S capacity as a public official or an employee of a governmental body, subdivision or agency unless the INSURED is deemed to be such solely because the INSURED has rendered legal services to such governmental body and the remuneration for such legal services inures to the benefit of the NAMED INSURED;

H.  any CLAIM arising out of the alleged certification or acknowledgment by any INSURED, in his or her capacity as a notary public, of a signature on a document which the INSURED did not witness being placed on the document;

I.  any CLAIM arising out of defects in title which any INSURED had knowledge of at the date of issuance of such title insurance;

J.  any CLAIM based upon or arising out of any intentional breach of underwriting authority by any INSURED in the INSURED'S capacity as a title insurance agent;

K.  any CLAIM arising out of conversion, misappropriation or improper commingling of client funds; or the gaining in fact of any personal profit or advantage to which the INSURED is not legally entitled;

L.  any CLAIM arising out of Nuclear Energy liability.

M.  any CLAIM arising out of any criminal acts, errors or omissions.

The Nuclear Energy Liability Exclusion (Broad Form) attaches to this policy.

## LIMITS OF LIABILITY AND DEDUCTIBLE

### I.  LIMITS OF LIABILITY

The limit of liability shall apply in excess of the deductible. CLAIMS EXPENSES are subject to a maximum of fifty percent (50%) of the applicable limit of liability. After fifty percent (50%) of the limit of liability is used for CLAIMS EXPENSES, CLAIMS EXPENSES are no longer subject to the limit of liability.

All CLAIMS EXPENSES shall first be subtracted from the limit of liability, with the remainder being the amount available to pay DAMAGES.

The liability of the Company to pay DAMAGES for each CLAIM first made against the INSURED during the POLICY PERIOD shall not exceed the amount stated in the Declarations for "Each CLAIM." Up to fifty percent (50%) of the limit of liability may be used for CLAIMS EXPENSES.

Subject to the provisions for "Each CLAIM," the liability of the Company shall not exceed the amount stated in the Declarations as "aggregate" as the result of all CLAIMS first made against the INSURED during the POLICY PERIOD.

### II.  DEDUCTIBLE

A.  The deductible stated in the Declarations applies to each CLAIM and shall be paid by the NAMED INSURED. The deductible shall be applicable to DAMAGES and CLAIMS EXPENSES.

B.  No more than fifty percent (50%) of the deductible may apply to CLAIMS EXPENSES.

C.  Payment of the deductible or portions thereof shall be made by the NAMED INSURED within thirty (30) days of receipt of demand by the Company.

### III. CLAIMS EXPENSES

CLAIMS EXPENSES shall be included within fifty percent (50%) of the deductible, and shall reduce the limit of liability up to fifty percent (50%) of the limit of liability. After fifty percent (50%) of the available limit of liability has been reduced by CLAIM EXPENSES, CLAIM EXPENSES are payable in addition to the remaining limit of liability.

### IV. MULTIPLE INSUREDS, CLAIMS AND CLAIMANTS

The inclusion of more than one INSURED in any CLAIM or the making of CLAIMS by more than one person or organization shall not operate to increase the limit of liability and deductible.

Two or more CLAIMS arising out of a single act, error, omission or PERSONAL INJURY or a series of related acts, errors, omissions or PERSONAL INJURIES shall be treated as a single CLAIM.

All such CLAIMS whenever made shall be considered first made on the date on which the earliest CLAIM arising out of such act, error, omission or PERSONAL INJURY was first made and all such CLAIMS are subject to the same limit of liability and deductible.

## V. REIMBURSEMENT TO COMPANY

If the Company has paid any amounts in satisfaction of any CLAIMS in excess of the applicable limit of liability, or within the amount of the applicable deductible, the NAMED INSURED shall be liable to the Company for any and all such amounts and, upon demand, shall pay such amounts to the Company.

## CONDITIONS

## I. INSURED'S DUTIES PRECEDENT TO COVERAGE

As a Condition precedent to the availability of coverage under this policy, an INSURED'S duties in the event of a CLAIM are as follows:

A. If a CLAIM is made against any INSURED, the INSURED must give prompt written notice to the Company, directed to:

> **Westport Insurance Corporation**
> **525 W. Van Buren, Suite 500**
> **Chicago, Illinois 60607**
> **Attention: Lawyers Professional Liability Claims Department**

Notice may also be given to any New York licensed insurance agent for Westport Insurance Corporation. Notice shall include every demand, notice, summons or other process received by any INSURED.

Failure to give notice of a claim to the Company or to the agent during the POLICY PERIOD, or the Extended Claim Reporting Period, if any, shall not invalidate any "claim" if it shall be shown not to have been reasonably possible to give such notice during such time and that such notice was given to the Company or to the agent as soon as was reasonably possible.

B. No INSURED shall, without prior written consent of the Company, make any payment, admit liability, settle CLAIMS, assume any obligation, agree to arbitration or any similar means of resolution of any dispute, waive any rights or incur any CLAIMS EXPENSES on behalf of the Company.

## II. INSURED'S DUTIES SUBSEQUENT TO CLAIM

A. All INSUREDS shall cooperate with the Company in the defense, investigation and settlement of any CLAIM. Upon the Company's request, the INSURED shall submit to examination or questioning, attend hearings, depositions and trials and assist in effecting settlements, securing and giving evidence and obtaining the attendance of witnesses in the conduct of suits.

B. All INSUREDS shall assist the Company in effecting any rights of indemnity, contribution or apportionment available to any INSURED or the Company.

## III. REPORTING OF POTENTIAL CLAIMS

If, during the POLICY PERIOD, an INSURED first becomes aware of a potential CLAIM (i.e., any act, error, omission or PERSONAL INJURY which might reasonably give rise to a CLAIM against any INSURED under this policy) and gives written notice of such potential CLAIM to the Company during the POLICY PERIOD, any CLAIM subsequently made against any INSURED arising out of that act, error, omission or PERSONAL INJURY shall be considered to have been made during the POLICY PERIOD.

Written notice of a potential CLAIM shall include:

A.  the specific act, error, omission or PERSONAL INJURY, including the date(s) thereof; and

B.  the injury or DAMAGE that may reasonably result; and

C.  the date and circumstances by which the INSURED became aware of the act, error, omission or PERSONAL INJURY.

## IV. EXTENDED CLAIM REPORTING PERIODS

An Extended Claim Reporting Period covers any CLAIM first reported during the Extended Reporting Period's term arising from an act, error, omission or PERSONAL INJURY which took place prior to the end of the POLICY PERIOD and on or after the RETROACTIVE DATE, if any; and, which is otherwise covered by the policy.

If, however, the INSURED has purchased other insurance covering CLAIMS first made during the Extended Reporting Period, the coverage provided by any Extended Reporting Period shall apply in excess of such insurance.

### A. AUTOMATIC SIXTY (60) DAY EXTENDED REPORTING PERIOD

In the event of any TERMINATION of coverage, there is an Automatic Sixty (60) Day Extended Claim Reporting Period commencing upon policy TERMINATION. **"TERMINATION"** is defined as expiration, cancellation or nonrenewal of the policy, or a decrease in limits, reduction of coverage, increased deductible or self-insured retention, new exclusion, or any other change in coverage less favorable to the NAMED INSURED.

### B. NOTICE TO NAMED INSURED

Not later than thirty (30) days after the termination of coverage, the Company will mail or deliver to the NAMED INSURED written notice of the Automatic Sixty (60) Day Extended Reporting Period and the availability of, premium for, and importance of purchasing one of the additional Extended Reporting Period options offered. If the policy has been cancelled by the Company because the NAMED INSURED has failed to pay a premium when due, and if the policy has been in effect for less than one year, the Notice will be sent as above, but indicating that no additional Extended Reporting Period options are available to purchase, due to cancellation for non-payment.

### C. ADDITIONAL EXTENDED REPORTING PERIOD OPTIONS

#### 1. NAMED INSURED EXTENDED REPORTING PERIODS

If the Company or the NAMED INSURED cancels or non-renews this policy, for any reason except the non-payment of premium on a policy in effect for less than one year, the NAMED INSURED shall have the right to an endorsement providing an Extended Reporting Period in addition to the Automatic Sixty (60) Day Extended Reporting Period by payment of an additional premium within sixty (60) days from the date of TERMINATION of coverage or thirty (30) days from the date of mailing or delivery of the above required notice, whichever is greater. The additional premium for the Extended Reporting Period shall be:

> 125% of the policy's last annual premium for 12 months;
> 160% of the policy's last annual premium for 24 months;
> 200% of the policy's last annual premium for 36 months;
> 300% of the policy's last annual premium for unlimited.

**2. INDIVIDUAL, NON-PRACTICING ATTORNEY EXTENDED REPORTING PERIOD**

If any INSURED individual retires from, or ceases, the private practice of law, such INSURED shall have the right to purchase an Individual Extended Reporting Period by payment of an additional premium within sixty (60) days from the date that INSURED ceases the private practice of law. The scope of coverage for this Individual Extended Reporting Period is accordingly limited to CLAIMS made against such INSURED. The additional premium for an Individual Extended Reporting Period shall be:

> 125% of the policy's per-lawyer annual premium for 12 months;
> 160% of the policy's per-lawyer annual premium for 24 months;
> 200% of the policy's per-lawyer annual premium for 36 months;
> 300% of the policy's per-lawyer annual premium for unlimited.

**D. EXTENDED CLAIM REPORTING PERIOD: LIMITS OF LIABILITY**

1. If the NAMED INSURED (under option C.1.), or the Individual, Non-practicing INSURED (under option C.2.) has been continuously insured, under policies issued by the Company, for less than three (3) years, the aggregate limit of liability for the Extended Reporting Period shall be the greater of the amount of coverage remaining in the policy's annual aggregate limit of liability or fifty percent (50%) of the last policy's annual aggregate limit of liability.

2. If the NAMED INSURED (under option C.1.), or the Individual, Non-practicing INSURED (under option C.2.) has been continuously insured, under policies issued by the Company, for at least three (3) years, the aggregate limit of liability of the Extended Reporting Period shall be one hundred percent (100%) of the policy's last annual aggregate limit.

**E. ADDITIONAL PROVISIONS OF THE EXTENDED REPORTING PERIOD**

1. During a claims-made relationship and any Extended Reporting Period, a person employed or otherwise affiliated with the NAMED INSURED and covered by the NAMED INSURED'S claims-made policy during such affiliation shall continue to be covered under such policy and any Extended Reporting Period after such affiliation has ceased, for such person's covered acts or omissions during such affiliation.

2. If this policy has been issued to a corporation or partnership, the Company shall provide the option to purchase Extended Reporting Period coverage upon TERMINATION of coverage to any INSURED covered under the policy if:

   a. the corporation or partnership has been placed in liquidation or bankruptcy or permanently ceases operations; and

   b. the corporation or partnership, or its legally designated representative does not purchase Extended Reporting Period coverage; and

   c. the INSURED sends a written request and payment for the Extended Reporting Period coverage within one hundred twenty (120) days of TERMINATION of coverage.

The Company shall have no obligation to provide notice regarding the availability of the Extended Reporting Period coverage to anyone other than the NAMED INSURED.

**V. SUBROGATION**

In the event of payment by the Company under this policy, the Company shall be subrogated to all INSUREDS' rights of recovery against any person or organization. All INSUREDS shall cooperate with the Company and do whatever is necessary to secure such rights and shall do nothing to prejudice such rights.

## VI. CHANGES

The terms of this policy shall not be waived or changed except by endorsement issued to form a part of this policy.

## VII. ASSIGNMENT

Assignment of interest under this policy shall not bind the Company unless its consent is endorsed hereon. If, however, an INSURED shall die or be adjudged incompetent, this policy shall cover the INSURED'S legal representative as the INSURED with respect to liability previously incurred and covered by this policy.

## VIII. CANCELLATION AND NONRENEWAL

### A. CANCELLATION BY THE NAMED INSURED

This policy may be cancelled by the NAMED INSURED by surrender thereof to the Company; or by mailing to the Company written notice stating when thereafter such cancellation shall be effective. If this policy is cancelled by the NAMED INSURED, the Company shall retain the customary short rate proportion of the premium.

### B. CANCELLATION BY THE COMPANY OF POLICIES IN EFFECT SIXTY (60) DAYS OR LESS

If this policy has been in effect for sixty (60) days or less, and it is not the renewal or continuation of a policy issued by the Company, the Company may cancel this policy by mailing or delivering to the NAMED INSURED written notice of cancellation at least;

1. thirty (30) days before the effective date of cancellation if cancellation is for any reason not included in paragraph B.2. below.

2. fifteen (15) days before the effective date of cancellation if cancellation is for any of the following reasons:

   a. Nonpayment of premium;

   b. Conviction of a crime arising out of acts increasing the hazard insured against;

   c. Discovery of fraud or material misrepresentation in the obtaining of the policy or in the presentation of a CLAIM;

   d. After issuance of the policy or after the last renewal date, discovery of an act or omission, or a violation of any policy condition that substantially and materially increases the hazard insured against, and that occurred subsequent to inception of the current POLICY PERIOD;

   e. Material change in the nature or extent of the risk, occurring after the issuance or last annual renewal anniversary date of the policy that causes the risk of loss to be substantially and materially increased beyond that contemplated at the time the policy was issued or last renewed.

   f. Required pursuant to a determination by the Superintendent that continuation of the Company's present premium volume would jeopardize the Company's solvency or be hazardous to the interest of the Company's policyholders, creditors or the public; or

   g. A determination by the Superintendent that the continuation of the policy would violate, or would place the Company in violation of any provision of the Insurance Code.

**C.  CANCELLATION BY THE COMPANY OF POLICIES IN EFFECT FOR MORE THAN SIXTY (60) DAYS**

If this policy has been in effect for more than sixty (60) days or if this policy is a renewal or continuation of a policy issued by the Company, the Company may cancel this policy only for one of the reasons listed in paragraph B.2. above; and only after providing written notice to the NAMED INSURED at least fifteen (15) days before the effective date of cancellation.

The Company will mail or deliver notice, including the reason for cancellation, to the NAMED INSURED at the address shown in the policy and to the authorized agent or broker.

**D.  NONRENEWAL**

If the Company decides not to renew this policy, the Company will send notice as provided in paragraph F below, along with the reason for nonrenewal.

**E.  CONDITIONAL RENEWAL**

If the Company renews this policy subject to a:

1.  Change of limits;

2.  Change in type of coverage;

3.  Reduction in coverage;

4.  Increased deductible;

5.  Addition of exclusion; or

6.  Increased premiums in excess of ten percent (10%), exclusive of any premium increase due to and commensurate with, insured value added or increased exposure units; or as a result of experience rating, loss rating, retrospective rating or audit;

The Company will send notice as provided in paragraph F. below:

**F.  NOTICE OF NONRENEWAL AND CONDITIONAL RENEWAL**

1.  If the Company decides not to renew this policy or to conditionally renew this policy as provided in paragraphs D. and E. above, the Company will mail or deliver written notice to the NAMED INSURED shown in the Declarations at least sixty (60) but no more than one hundred twenty (120) days before:

    a.  The expiration date; or

    b.  The anniversary date if this is a continuous policy.

2.  Notice will be mailed or delivered to the NAMED INSURED at the address shown in the policy and to the authorized agent or broker. If notice is mailed, proof of mailing will be sufficient proof of notice.

3.  The Company will not send notice of nonrenewal or conditional renewal if the NAMED INSURED'S authorized agent or broker mails or delivers notice that the policy has been replaced or is no longer desired.

### G. LATE NOTICE / INCOMPLETE NOTICE

If the Company sends the NAMED INSURED an incomplete or late conditional renewal notice or a late nonrenewal notice as provided for in paragraph F above, coverage will remain in effect at the same terms and conditions of this policy until sixty (60) days after such notice is mailed or delivered, unless the NAMED INSURED elects to cancel sooner.

## IX. OTHER INSURANCE

Except for those CLAIMS specifically excluded pursuant to Exclusion C, the following shall apply:

If there is other insurance applicable to a CLAIM covered by this policy, this policy shall be deemed excess insurance over and above the applicable limits of liability of all such other insurance unless such other insurance is written only as specific excess insurance over the limit of liability provided in this policy.

## X. ACTION AGAINST THE COMPANY

No action shall lie against the Company unless, as a condition precedent thereto, the INSUREDS shall have fully complied with all the terms of this policy, nor until the amount of the INSURED'S obligation to pay shall have been finally determined either by judgment against an INSURED after actual adjudication or by written settlement agreement of the INSURED, the claimant and the Company.

Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy.

Nothing contained in this policy shall give any person or organization any right to join the Company as a co-defendant in any action against any INSURED to determine any INSURED'S liability. Bankruptcy or insolvency of an INSURED or of an INSURED'S estate shall not relieve the Company of any of its obligations hereunder.

## XI. ENTIRE AGREEMENT

By acceptance of this policy, all INSUREDS reaffirm as of the effective date of this policy that (a) the statements in the application including all information communicated by any INSURED to the Company, attached hereto and made a part hereof are all INSUREDS' agreements and representations, (b) this policy is issued in reliance upon the truth and accuracy of such representations and (c) this policy embodies all agreements between all INSUREDS and the Company or any of its agents relating to this insurance.

**This policy is not valid unless completed by the attachment of Declarations signed by an authorized representative.**

### NUCLEAR ENERGY LIABILITY EXCLUSION (Broad Form)

It is agreed that:

    I.   The policy does not apply:

        A.  Under any Liability Coverage, to bodily injury or property damage

            (1)  with respect to which an INSURED under the policy is also an INSURED under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters or Nuclear Insurance Association of Canada, or would be an INSURED under any such policy but for its TERMINATION upon exhaustion of its limit of liability; or

(2) resulting from the hazardous properties of nuclear material with and respect to which (a) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (b) the INSURED is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

B. Under any Medical Payments Coverage, or under any Supplementary Payments provision relating to first aid, to expenses incurred with respect to bodily injury resulting from the hazardous properties of nuclear material and arising out of the operation of a nuclear facility by any person or organization.

C. Under any Liability Coverage, to bodily injury or property damage resulting from the hazardous properties of nuclear material, if

(1) the nuclear material (a) is at any nuclear facility owned by, or operated by or on behalf of, an INSURED or (b) has been discharged or dispersed therefrom;

(2) the nuclear material is contained in spent fuel or waste at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an INSURED; or

(3) the bodily injury or property damage arises out of the furnishing by an INSURED of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any nuclear facility, but if such facility is located within the United States of America, its territories or possessions or Canada, this Exclusion (3) applies only to property damage to such nuclear facility and any property thereat.

II. As used in this endorsement:

"hazardous properties" include radioactive, toxic or explosive properties;

"nuclear material" means source material, special nuclear material or by-product material;

"source material", "special nuclear material", and "by-product material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;

"spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a nuclear reactor;

"waste" means any waste material (a) containing by-product material other than the tailings or waste produced by the extraction or concentration of uranium or thorium from any ore processed primarily for its source material content, and (b) resulting from the operation by any person or organization of any nuclear facility included under the first two paragraphs of the definition of nuclear facility;

"nuclear facility" means

(a) any nuclear reactor,

(b) any equipment or device designed or used for (1) separating the isotopes of uranium or plutonium, (2) processing or utilizing spent fuel, or (3) handling, processing or packaging waste,

(c) any equipment or device used in the processing, fabricating or alloying of special nuclear material if at any time the total amount of such material in the custody of the INSURED at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235,

(d) any structure, basin, excavation, premises or place prepared or used for the storage or disposal of waste, and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations;

"nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;

"property damage" includes all forms of radioactive contamination of property.


### WESTPORT INSURANCE CORPORATION


President                                    Secretary



# LAWYERS

## ——— UNDERWRITING SERVICES ———
P.O. Box 29179 • Shawnee Mission, Kansas 66201 • Fax 1.800.844-7420 • ercaffinitymail@ge.com
PIF ONLY: 1-866-563-1283 or SpecialtyPIF@ge.com

| | PHONE | TODAY'S DATE |
|---|---|---|
| ADDRESSEE TO: File | ( ) — | 03/13/2006 |
| SENDER FROM: Lisa Mancino | PHONE ( 973) 994 - 4881 | NEED-BY DATE / / |
| SENDER E-ADDRESS: Lisa@RatnerAssociates.com | | EFFECTIVE DATE 03 / 14 / 2006 |
| SAN / SUBMISSION ID / POLICY NO.: NRL-004960-8 | | INSURED STATE NY |
| APPLICANT / NAMED INSURED: Cohen Hennessey & Bienstock | | TOTAL PAGE COUNT INCLUDING THIS FORM 31 |

## PIF

**DOCUMENT TYPE**
PLEASE SELECT ONLY ONE BOX BELOW

☐ Address Change   ☐ Limits Change

☐ Additional Insured Add / Delete   ☐ Loss Control Documentation

☐ Attorney Add / Delete   ☐ Loss Run

☐ Application Westport   ☐ Name Change

☐ Application Competitor   ☐ Non-Renewal Notice

☐ Binder   ☒ Policy

☐ Broker of Record Request   ☐ Premium Finance Notice

☐ Certificate of Insurance   ☐ Quotation

☐ Conditional Non-Renewal   ☐ Rating / Evaluation Worksheet

☐ Correspondence   ☐ Registered / Certified Mail (RCM) Return Receipt

☐ Deductible Change   ☐ Underlying Policy Excess

☐ Extended Reporting Period – ERP / NPERP   ☐ Update / Warranty Letter

☐ Extension of Policy Period   ☐ Other _____

☐ E-Board Presentation

**TRANSACTION TYPE**
PLEASE SELECT THE BOX BELOW
☒ Put in File (PIF)

## PROCESS

**DOCUMENT TYPE**
PLEASE SELECT ONLY ONE BOX BELOW

☐ Additional Information   ☐ Certificate of Reinsurance   ☐ Loss Run Request

☐ Application Westport   ☐ Claim Report   ☐ Premium Finance Request

☐ Application Competitor   ☐ Correction Request   ☐ Rating / Evaluation Worksheet

☐ Billing & Collection Change Request   ☐ Correspondence   ☐ Request to Issue

☐ Broker of Record Request   ☐ Endorsement Request   ☐ Underlying Policy Excess

☐ Cancellation Request   ☐ Financial Report   ☐ Update / Warranty Letter

**TRANSACTION TYPE**
PLEASE SELECT ONLY ONE BOX BELOW

☐ Accounting Change   ☐ Deductible Change   ☐ Name Change

☐ Additional Insured Add / Delete   ☐ Excess Coverage   ☐ New Business Request to Issue

☐ Address Change   ☐ Extended Reporting Period – ERP / NPERP   ☐ New Business Submission

☐ Attorney Add / Delete   ☐ Extension of Policy Period   ☐ New Business Submission – Requires Application Entry

☐ Broker of Record Request   ☐ Facultative Reinsurance Underwriter Review   ☐ Reinstatement Request

☐ Cancel by Company   ☐ Limits Change   ☐ Renewal Business Request to Issue

☐ Cancel by Insured or by Premium Finance Co.   ☐ Loss Run Request Report   ☐ Renewal Business Submission

☐ Correction   ☐ Midsize Law Firm Issuance   ☐ Renewal Business Submission – Requires Application Entry

**SUBJECT**
IF APPLICABLE – PLEASE SELECT ONLY ONE BOX BELOW

☐ Additional Information Request   ☐ Cancel / Rewrite   ☐ Death Certificate   ☐ Declination   ☐ Non-Binding Indication "Ballpark"   ☐ Referral Response

---

Policy – application – policy issued

Lawyers Transmittal Form
BDL Rev. 13
06/25/2004

POLICY TRANSMITTAL                    3-3
                                                                /b
                                    [ ]Rated In-House  [√]Coregis Referral

Administrator:[X] David A. Ratner Associates, Inc. TU181510
# of copies to be printed: Original + _2_     [ ] Metro  [ ] Non Metro  [√] New Jersey
Commission: 15% Other:_____  [ ] New  [√] Renewal of: NRL-004489-2
                                       [ ] Part Time  [√] Full Time
Policy:    COR.OOP.0752 (2/98) 50% Offset       [√]
           COR.OOP.0751 (2/98) Defense Outside  [ ]

Firm Name: Cohen  Hennessey  Bienstock + Rabin, PC

Policy Term: 3/14/06 to 3/14/07   Retro Date: 3/14/99 or FPA [ ]

Limit:      $ 2000000     Each Claim $2000000     Aggregate
Deductible: $   10000     Each Claim $            Aggregate
Premium:    $   40731     Major Peril [ ] Standard   [ ] Defense

ERM 1.16    SRM .95    TRM 1.01            # of Attorneys 8

**Mandatory** Endorsements: PH NY Disclosure Form COR.CPC.1935 (2/98)

**Optional Endorsements** (based on limits) *Should appear on Endorsement page but these will not be printed - signed copies come from producer but are part of the policy*

[ ] COR.CPC.1928 - NY Reg 107          [ ] Signed copy attached ($1/1, $1/2, $2/2)
[ ] COR.CPC.1929 - NY Reg 107   [ ]    Signed copy attached ($3/3 and higher)
[ ] COR.CPC.1932 (2/98) - Addition of Exclusions [ ] 5% [ ] Other: _____
[ ] COR.CPC.1934 (2/98) - Specified Business Exclusion naming:_____

[ ] COR.CPC.1933 - Conflict of Interest
[ ] COR.CPC.1930 (2/98) - Specified Lawyer/Entity Exclusion naming:_____

[ ] COR.CPC.1937 (2/98)- Limited Extended Claim Reporting Period Endorsement
[√] COR.CPC.1924 (2/98) - Specifying Limiting Prior Acts
    Attorney: Zeit Tau      Date: 3-29-04 Attorney:_____  Date:_____
    Attorney: Timothy James Date: 6-13-05 Attorney:_____  Date:_____
    Attorney:_____  Date:_____ Attorney:_____  Date:_____
    Attorney:_____  Date:_____ Attorney:_____  Date:_____
[ ] Other:_____

Attached:  [√] ~~original~~ application  COPY  [√] ~~original~~ letterhead  COPY
           [√] Rating Worksheets        [√] Thought Process Sheet
Awaiting:  ONg  -  PA - LPA - LH.

------------------------------------------------------------

*To be completed by COREGIS*
Comments: Return to EDNA prior to mailing_____

Signed:_____  Date:_____
Checked and mailed: Signed:_____  Date:_____
booking                                              26

## Pricing Report

Insured:  Cohen, Hennessey Bienstock & Rabin, PC

| | | |
|---|---|---|
| Company Name: Westport Insurance Company | Administrator: David A. Ratner Associates, Inc. | State: NY |
| Policy Number: | Effective Date: 3/14/2006 | Expiration Date: |
| Rate Type: Filed | Program: Lawyers - New York Metro | |
| Submission Type: Renewal | | |

## Lawyers Professional Liability

**Debits**

| Description | Given % |
|---|---|
| Experience Rate Debit (Max 99 | 16.2 |

**Credits**

| Description | Given % |
|---|---|
| CLE (-5% to +5%) | 5.0 |
| Docket (-10% to +10%) | 5.0 |
| Quality of Mgmt(-12% to +12% | 5.0 |

Firm Type: Standard          Base Rate: $1,180
Retroactive Date: 3/14/1994     Number of Attorneys Rated: 8
Step: 2.375    Staff: 0.880    ERM: 1.162    SRM: 0.950    NSRM: 0.900    TRM: 1.012

| Coverage | Limit | ILF | Deductible | DedCr | Quoted Premium | Issued Premium | Surcharge Amount |
|---|---|---|---|---|---|---|---|
| 50% Offset/Each Claim | 2,000,000/2,000,000 | 2.390 | 10,000 | 35.000 | $40,731 | | |

**Alert - Terrorism Letter  -  For LPL Business Transacted in 2003.**

In accordance with Federally Mandated Guidelines, PLEASE PRINT the Terrorism Notice and include it with terms provided to the Applicant Firm.

03/01/2006 (01:39:29 pm)

**Notepad for Cohen, Hennessey Bienstock Rabin, PC**
**Renewal of NRL-004489-2 eff. 03/14/2005  exp.03/14/2006**

## Customer

01-Mar-2006 11:18:42 am  by UNY004 (Laura Sundquist)
Subject: referral
 8 attorney firm located in NY (last year 7 attorneys).

 firm does 100% domestic & family. - no aop debit or credit applied per NY filings.

 all attend CLE - 5% credit
 last year firm inidciated only 1 docket/not computerized this years application indicates they now have 2
 systems and a computerized docket - therefore applying a 7.5% docket credit

 COI and all letters used

 due to years experience and good controls in place applying a 7.5% QOM credit. removed QOM debit
 from last year as this was applied due to 1 claim in 2004. althought there has been a payment made on
 this claim it was obviously a frivoulous claim as there was no indemnity paid only defense cost and we
 are now applying a claim debit due to the defense cost paid.

 per last year 9 support staff
 no office sharing
 no outside interest

 1 claim reported in 2004. - closed with defense costs of 39,009
 .95 x 20 x 1 x  85 = 16.15% claim debit

 Endorsements:
 LPA naming Irit Tau 3/29/04 and Timothy James 6/13/05

 NBI subject to:
 1. need letterhead
 2. need PA/LPA



# LAWYERS
## ── UNDERWRITING SERVICES ──
P.O. Box 29179 • Shawnee Mission, Kansas 66201 • Fax 1.800.844-7420 • grcaffinitymail@ge.com

| | PHONE | TODAY'S DATE |
|---|---|---|
| ADDRESSEE<br>TO: Nancy Mankowski | ( 312 ) 821 - 4143 | 03 / 01 / 2006 |
| SENDER<br>FROM: Laura Sundquist | PHONE<br>( 973 ) 994 - 4881 | NEED-BY DATE<br>03 / 03 / 2006 |
| SENDER<br>E-ADDRESS: Laura@ratnerassociates.com | | EFFECTIVE DATE<br>03 / 14 / 2006 |
| SAN / SUBMISSION ID / POLICY NO.: | | INSURED STATE<br>New York |
| APPLICANT / NAMED INSURED: cohen hennessey bienstock | | TOTAL PAGE COUNT INCLUDING THIS FORM<br>25 |

## PIF

**DOCUMENT TYPE**
PLEASE SELECT ONLY ONE BOX BELOW

- ☐ Address Change
- ☐ Additional Insured Add / Delete
- ☐ Attorney Add / Delete
- ☐ Application Westport
- ☐ Application Competitor
- ☐ Binder
- ☐ Broker of Record Request
- ☐ Certificate of Insurance
- ☐ Conditional Non-Renewal
- ☐ Correspondence
- ☐ Deductible Change
- ☐ Extended Reporting Period – ERP / NPERP
- ☐ Extension of Policy Period
- ☐ E-Board Presentation

- ☐ Limits Change
- ☐ Loss Control Documentation
- ☐ Loss Run
- ☐ Name Change
- ☐ Non-Renewal Notice
- ☐ Policy
- ☐ Premium Finance Notice
- ☐ Quotation
- ☐ Rating / Evaluation Worksheet
- ☐ Registered / Certified Mail (RCM) Return Receipt
- ☐ Underlying Policy Excess
- ☐ Update / Warranty Letter
- ☐ Other _____

**TRANSACTION TYPE**
PLEASE SELECT THE BOX BELOW

- ☐ Put in File (PIF)

## PROCESS

**DOCUMENT TYPE**
PLEASE SELECT ONLY ONE BOX BELOW

- ☐ Additional Information
- ☒ Application Westport
- ☐ Application Competitor
- ☐ Billing & Collection Change Request
- ☐ Broker of Record Request
- ☐ Cancellation Request

- ☐ Certificate of Reinsurance
- ☐ Claim Report
- ☐ Correction Request
- ☐ Correspondence
- ☐ Endorsement Request
- ☐ Financial Report

- ☐ Loss Run Request
- ☐ Premium Finance Request
- ☒ Rating / Evaluation Worksheet
- ☐ Request to Issue
- ☐ Underlying Policy Excess
- ☐ Update / Warranty Letter

**TRANSACTION TYPE**
PLEASE SELECT ONLY ONE BOX BELOW

- ☐ Accounting Change
- ☐ Additional Insured Add / Delete
- ☐ Address Change
- ☐ Attorney Add / Delete
- ☐ Broker of Record Request
- ☐ Cancel by Company
- ☐ Cancel by Insured or by Premium Finance Co.
- ☐ Correction

- ☐ Deductible Change
- ☐ Excess Coverage
- ☐ Extended Reporting Period – ERP / NPERP
- ☐ Extension of Policy Period
- ☐ Facultative Reinsurance Underwriter Review
- ☐ Limits Change
- ☐ Loss Run Request Report
- ☐ Midsize Law Firm Issuance

- ☐ Name Change
- ☐ New Business Request to Issue
- ☐ New Business Submission
- ☐ New Business Submission – Requires Application Entry
- ☐ Reinstatement Request
- ☐ Renewal Business Request to Issue
- ☒ Renewal Business Submission
- ☐ Renewal Business Submission – Requires Application Entry

## SUBJECT
IF APPLICABLE – PLEASE SELECT ONLY ONE BOX BELOW

| ☐ Additional Information Request | ☐ Cancel / Rewrite | ☐ Death Certificate | ☐ Declination | ☐ Non-Binding Indication "Ballpark" | ☒ Referral Response |
|---|---|---|---|---|---|

**COMMENTS** Please review and advise renewal terms

03/01/2006 12:27 FAX 9739944882          RATNER ASSOCIATES                    ☑001

```
                    *******************
                    ***  TX REPORT  ***
                    *******************

        TRANSMISSION OK

        TX/RX NO              2146
        CONNECTION TEL              18008447420
        SUBADDRESS
        CONNECTION ID        WESTPORT UNDERWR
        ST. TIME             03/01 12:23
        USAGE T              03'34
        PGS. SENT             25
        RESULT               OK
```

# LAWYERS



## ── UNDERWRITING SERVICES ──
P.O. Box 29179 ▪ Shawnee Mission, Kansas 66201 ▪ Fax 1.800.844-7420 ▪ ercaffinitymail@ge.com

| ADDRESSEE | PHONE | TODAY'S DATE |
|---|---|---|
| TO: Nancy Mankowski | ( 312 ) 821 - 4143 | 03 / 01 / 2006 |
| SENDER | PHONE | NEED-BY DATE |
| FROM: Laura Sundquist | ( 973 ) 994 - 4881 | 03 / 03 / 2006 |
| SENDER | | EFFECTIVE DATE |
| E-ADDRESS: Laura@ratnerassociates.com | | 03 / 14 / 2006 |
| SAN / SUBMISSION ID / POLICY NO.: | | INSURED STATE New York |
| APPLICANT / NAMED INSURED: cohen hennessey bienstock | | TOTAL PAGE COUNT INCLUDING THIS FORM   25 |

## PIF

**DOCUMENT TYPE**
PLEASE SELECT ONLY ONE BOX BELOW

| | |
|---|---|
| ☐ Address Change | ☐ Limits Change |
| ☐ Additional Insured Add / Delete | ☐ Loss Control Documentation |
| ☐ Attorney Add / Delete | ☐ Loss Run |
| ☐ Application Westport | ☐ Name Change |
| ☐ Application Competitor | ☐ Non-Renewal Notice |
| ☐ Binder | ☐ Policy |
| ☐ Broker of Record Request | ☐ Premium Finance Notice |
| ☐ Certificate of Insurance | ☐ Quotation |
| ☐ Conditional Non-Renewal | ☐ Rating / Evaluation Worksheet |
| ☐ Correspondence | ☐ Registered / Certified Mail (RCM) Return Receipt |
| ☐ Deductible Change | ☐ Underlying Policy Excess |
| ☐ Extended Reporting | ☐ Update / Warranty |

## PROCESS

**DOCUMENT TYPE**
PLEASE SELECT ONLY ONE BOX BELOW

| | | |
|---|---|---|
| ☐ Additional Information | ☐ Certificate of Reinsurance | ☐ Loss Run Request |
| ☒ Application Westport | ☐ Claim Report | ☐ Premium Finance Request |
| ☐ Application Competitor | ☐ Correction Request | ☒ Rating / Evaluation Worksheet |
| ☐ Billing & Collection Change Request | ☐ Correspondence | ☐ Request to Issue |
| ☐ Broker of Record Request | ☐ Endorsement Request | ☐ Underlying Policy Excess |
| ☐ Cancellation Request | ☐ Financial Report | ☐ Update / Warranty Letter |

**TRANSACTION TYPE**
PLEASE SELECT ONLY ONE BOX BELOW

| | | |
|---|---|---|
| ☐ Accounting Change | ☐ Deductible Change | ☐ Name Change |
| ☐ Additional Insured Add / Delete | ☐ Excess Coverage | ☐ New Business Request to Issue |
| ☐ Address Change | ☐ Extended Reporting Period – ERP / NPERP | ☐ New Business Submission |
| ☐ Attorney Add / Delete | ☐ Extension of Policy Period | ☐ New Business Submission – Requires Application Entry |
| ☐ Broker of Record | ☐ Facultative Reinsurance | ☐ Reinstatement Request |

**New York LPL Minimum Premium, Experience Rate Modification, and Discretionary Modification**
**Calculation Worksheet**

Named Insured: cohen Hennessey
CorePro Submission ID:
Renewal Of Policy Number: nrl-004489-2

1. Calculate Basic Limits Premium: Basic Limits Minimum Premium (i.e., the premium for a policy with limits of $100,000/$300,000 Defense Costs In Addition, with an Each Claim/Loss & Expense deductible of $1,000) must be equal to or greater than $2500, if discretionary debit/credit modifications and/or Experience Rate Modifications are to be made. Discretionary modifications are: Docket/Calendar; Loss Control; Quality of Management.

**Basic Limits Premium (BLP) Calculation:**

BLP = (BR) x (A) x (PA) x (SOF) x (AOP) x (CLE) x (ILF-IDF)

**Calculation Factors**

Base Rate (BR) = Base Rate as defined on Rate Pages.

# of Attorneys (A) = Number of attorneys being rated.

Prior Acts Factor (PA) = Prior Acts Factor of firm (either the Firm's prior acts factor or the average factor of all attorneys being rated).

Size Of Firm Factor (SOF) = Size of firm factor per rating guidelines based upon number of attorneys rated (Staff Size Factor).

Area Of Practice Factor (AOP) = Area of Practice factor for rating guidelines based upon areas of practice reflected in application.

Continuing Legal Education Factor (CLE) = Continuing Legal Education factor per rating guidelines based upon average number of CLE hours reported for all attorneys rated.

Increased Limits Factor (ILF) = Increased Limits Factor assigned to increase base limits of $100,000 / $300,000 Defense Costs In Addition To The Limit.

Increased Deductible Factor (IDF) = Increased Deductible Factors assigned to increase base deductible of $1,000 Each Claim / Loss & Expense.

**Basic Limits Premium (BLP) Calculation Inputs:**

BLP = (BR) x (A) x (PA) x (SOF) x (AOP) x (CLE) x (ILF-IDF)

| | |
|---|---|
| Base Rate (BR): | $1,180.00 |
| # of Ratable Attorneys (A): | 8 |
| Prior Acts Factor (PA): | 2.375 |
| SOF Factor (e.g., If 5.0% Credit, enter ".95", If 5.0% Debit, enter "1.05") (SOF): | 0.88 |
| AOP Factor (e.g., If 5.0% Credit, enter ".95", If 5.0% Debit, enter "1.05") (AOP): | 1 |
| CLE Factor (e.g., if 0.0%, leave as "1.0", If 5.0% Credit, enter ".95", If 5.0% Debit, enter "1.05") (CLE): | 0.95 |
| Increased Limit Factor (ILF): | 1.18 |
| Increased Deductible Factor (IDF): | 0.08 |
| Proposed Basic Limits Premium: | $20,617 |

NOTE: Proposed Basic Limits Premium is equal to or greater than $2,500. Experience Rating and/or Discretionary Modifications may be applied.

Step 1. - Calculate Min. Prem.
Page 1 of 3

E-mail To:
ercaffinitymail@ercgroup.com

Fax To:
(800) 844-7420

# New York LPL Minimum Premium, Experience Rate Modification, and Discretionary Modification Calculation Worksheet

Named Insured: cohen Hennessey
CorePro Submission ID: nrl-004489-2
Renewal Of Policy Number:    #REF!

**2. Calculate Experience Rate Modification (If necessary):** The Proposed Basic Limits Premium must be greater than $2500, in order to utilize Experience Rate Modifications.

## Experience Rate Modification (ERM) Debit Calculation:

$ERM = (A) \times (B) \times (C) \times (D)$

### Calculation Factors

**(A)** = Rate Page Factor For The number of years since the last claim (see definition of Claim) was made;

**(B)** = Rate Page Factor For The Total $$$ (in thousands) incurred within the past 5 years;

**(C)** = Rate Page Factor For The Total number of claims made during the past 5 years;

**(D)** = Factor For The Number of attorneys being rated (see above)

### Experience Rate Modification (ERM) Debit Calculation Inputs (Factors and Debit auto-calculate):

$ERM = (A) \times (B) \times (C) \times (D)$

|  | Input: | Factor: |
|---|---|---|
| Total Number Of Years Since Last Claim (A): | 2 | 0.95 |
| Total Incurred within the past 5 years (B): | $39,009 | 20 |
| Total Number Of Claims Made During the Past 5 Years (C): | 1 | 1.00 |
| # of Ratable Attorneys (pre-fills from above calculations) (D): | 8 | 0.85 |
| PROPOSED ERM DEBIT | 16.15% | |

E-mail To:
ercaffinitymail@ercgroup.com

Fax To:
(800) 844-7420

### New York LPL Minimum Premium, Experience Rate Modification, and Discretionary Modification Calculation Worksheet

Named Insured: cohen Hennessey
CorePro Submission ID: nrl-004489-2
Renewal Of Policy Number:    #REF!

3. **Calculate Discretionary Modifications (if necessary):** The Proposed Minimum Premium must be equal to or greater than $2500, in order to utilize Discretionary Modifications.

**Discretionary Modification (DM) Calculation:**

DM = (A) + (B) +(C)

**Calculation Factors**
(A) = Docket Control (Maximum Credit or Debit: +/- 10.0%)
(B) = Loss Control (Maximum Credit or Debit: +/- 5.0%)
(C) = Quality Of Management (Maximum Credit or Debit +/- 10.0%)

**Discretionary Modification (DM) Debit Calculation Inputs:**

| DM = (A) + (B) +(C).  NOTE: Total DM Debit/Credit Cannot Exceed +/- 15.0% | Debit: | Credit: |
|---|---|---|
| Docket Control (Maximum Credit Or Debit: +/- 10.0%) (A): | 0.00% | 7.50% |
| Loss Control (Maximum Credit Or Debit: +/- 5.0%) (B): | 0.00% | 0.00% |
| Quality Of Management (Maximum Credit Or Debit: +/- 10.0%) (C): | 0.00% | 7.50% |
| Allowable Discretionary Credit/Debit (Based On Proposed ERM Debit), Maximum +/- 15.0%: | -15.00% | |

| Allowable ERM Debit (Pre-fills From Step 2.): | 16.15% |
|---|---|

Step 3. - Calculate DMs
Page 3 of 3

E-mail To:
ercaffinitymail@ercgroup.com

Fax To:
(800) 844-7420

## Pricing Report

Insured: Cohen, Hennessey Bienstock & Rabin, PC
Company Name: Westport Insurance Company
Policy Number:
Rate Type: Filed
Submission Type: Renewal

Administrator: David A. Ratner Associates, Inc.
Effective Date: 3/14/2006

Program: Lawyers – New York  Metro

State: NY
Expiration Date:

## Lawyers Professional Liability

**Debits**

| Description | Given % |
|---|---|
| Experience Rate Debit (Max 99 | 16.2 |

**Credits**

| Description | Given % |
|---|---|
| Docket (-10% to +10%) | 7.5 |
| Quality of Mgmt(-12% to +12% | 7.5 |
| CLE (-5% to +5%) | 5.0 |

Firm Type:  Standard
Retroactive Date:  3/14/1994
Step: 2.375    Staff: 0.880

Base Rate: $1,180
Number of Attorneys Rated:  8
ERM: 1.162    SRM: 0.925    NSRM: 0.875    TRM: 0.962

| Coverage | Limit | ILF | Deductible | DedCr | Quoted Premium | Issued Premium | Surcharge Amount |
|---|---|---|---|---|---|---|---|
| 50% Offset/Each Claim | 2,000,000/2,000,000 | 2.390 | 10,000 | 35,000 | $38,719 | | |

**Alert - Terrorism Letter  -  For LPL Business Transacted in 2003.**

In accordance with Federally Mandated Guidelines, PLEASE PRINT the Terrorism Notice and include it with terms provided to the Applicant Firm.

03/01/2006 (11:27:46 am)

**Notepad for Cohen, Hennessey Bienstock Rabin, PC**
**Renewal of NRL-004489-2 eff. 03/14/2005  exp.03/14/2006**

## Customer

01-Mar-2006 11:18:42 am   by UNY004 (Laura Sundquist)
Subject: referral

8 attorney firm located in NY (last year 7 attorneys).

firm does 100% domestic & family. - no aop debit or credit applied per NY filings.

all attend CLE - 5% credit
last year firm inidciated only 1 docket/not computerized. this years application indicates they now have 2 systems and a computerized docket - therefore applying a 7.5% docket credit

COI and all letters used

due to years experience and good controls in place applying a 7.5% QOM credit. removed QOM debit from last year as this was applied due to 1 claim in 2004. although there has been a payment made on this claim it was obviously a frivoulous claim as there was no indemnity paid only defense cost and we are now applying a claim debit due to the defense cost paid.

per last year 9 support staff
no office sharing
no outside interest

1 claim reported in 2004 - closed with defense costs of 39,009
.95 x 20 x 1 x .85 = 16.15% claim debit

Endorsements:
LPA naming Irit Tau 3/29/04 and Timothy James 6/13/05

NBI subject to:
1. need letterhead
2. need PA/LPA

--- END OF NOTES ---

## GE ERC WESTPORT
### Lawyers New / Renewal Business Evaluation Form

*Name Change*

Circle One: New / Renewal Policy# NRL / NJR / WLW  _0..489-2_

Applicant: _Cohen Hennessey_    Yr Est: _1994_

City/State: _NY NY_    Type: Standard / Defense  (NY) Metro / Non-Metro

(NJ) Territory 1 / Territory 2

# of Attorneys: _8_    # of OC's: _____    # Ratable Attys: _8_    Support Staff: _____

Expiring Coverage: _2M/2M   10C.   31,130 (7 Attys)_   Expiration Date: _3/14/06_

Exp Rate Per Atty: _____    Retro Date / FPA: _3/14/94_

Total Years w/Westport: _5_    Total Premium: _126,445_    Date App Signed: _____

### Areas of Practice:

- _____ Administrative/Corp. Law
- _____ Admiralty Law – Defense
- _____ Admiralty Law – Plaintiff
- _____ Antitrust / Trade Regulation
- _____ Civil Rights & Discrimination
- _____ Collection / Bankruptcy Including Foreclosure
- _____ Communication / FCC
- _____ Construction Law
- _____ Corporate and Business Transactions
- _____ Criminal
- _____ Employment Law – Defense
- _____ Employment Law – Plaintiff
- _____ Entertainment / Sports

- _____ Environmental Law
- _____ Estate / Probate / Trust
- _100_ Family Law
- _____ Financial Institution / Banking (not including litigation)
- _____ Financial Planning
- _____ Government Contract/Relations
- _____ Healthcare
- _____ Immigration & Naturalization
- _____ Insurance Company & Tort Litigation - Defense
- _____ Intellectual Property – C/P/T (Not including litigation)
- _____ Intellectual Property – C/P/T Litigation

- _____ International Law
- _____ Juvenile Court Proceeding
- _____ Labor – Management Rep.
- _____ Labor – Labor Representation
- _____ Commercial & Business Litigation – Defense
- _____ Commercial & Business Litigation – Plaintiff
- _____ Mediation / Arbitration
- _____ Mergers & Acquisitions
- _____ Natural Resources / Oil & Gas
- _____ Pension & Employee Benefits
- _____ Personal Injury – Defense
- _____ Personal Injury – Plaintiff
- _____ Plaintiff – Class Action

- _____ Plaintiff – Mass Tort
- _____ Real Estate – Residential (including Abstract / Title And Re- Loans)
- _____ Real Estate – Commercial
- _____ Securities Law (syndications, . Bonds, private placements and Limited partnerships)
- _____ Social Security / Veterans Admin
- _____ Tax : Ad Valorum
- _____ Taxation : Opinions
- _____ Taxation : Other
- _____ Workers Comp –Defense
- _____ Workers Comp – Plaintiff
- _____ Other:_____

| Areas of Practice | Step Rate | Attorney |
|---|---|---|
| Total Defense | 8 _5_ | _Stine_ |
| | 7 | _Cohen Hennessey Bienstock Rabin_ |
| Total Low Exposure | 6 | |
| | 5 | |
| Total Medium Exposure _100_ | 4 _1_ | _Schuman_ |
| | 3 | |
| Total High Exposure | 2 _1_ | _Tese_ |
| | 1 _1_ | _James_ |
| | 0 | |

| Debits | Current | Last Year |
|---|---|---|
| CLE | ___% | ___% |
| Docket | ___% | _5_% |
| QOM | ___% | ___% |
| AOP | ___% | ___% |
| Other | ___% | ___% |
| Claim Debit | _16.15_% | ___% |

| Credits | _OS_ | Current | Last Year |
|---|---|---|---|
| CLE | | _5_% | _5_% |
| Docket 1,2,3,4,D | | _75_% | ___% |
| QOM (COI Yes [X] No [ ] # ltrs _3_) | | _13_% | ___% |
| AOP | | ___% | ___% |
| Other | | ___% | ___% |
| Claims Free ( YES / NO) | | ___% | _25_% |

Legal Administrator  Yes [X] No [ ]   ___%   ___%
ALA Member  Yes [ ] No [X]
CLM Certificate  Yes [ ] No [X]

New TRM: _____

Expiring TRM: _____

## GE ERC WESTPORT
### Lawyers New / Renewal Business Evaluation Form

**Are the following Items Attached**

| | | | |
|---|---|---|---|
| Westport Application | Yes | No | |
| Financial Institution Supplement | Yes | No | N/A |
| Directors & Officers Supplement | Yes | No | N/A |
| Securities Supplement | Yes | No | N/A |
| C/P/T Supplement | Yes | No | N/A |
| Claim Supplement | Yes | No | N/A |
| New Lawyer Application | Yes | No | N/A |
| Back-up Attorney | Yes | No | N/A |
| Sample Letterhead | Yes | No | N/A |
| Class Action Questionnaire | Yes | No | N/A |

**Securities Information:**

| | |
|---|---|
| % Securities/Bonds | |
| Gross Income | |
| Total Amount of Offerings | |
| Total Number of Offerings | |
| Average Size of Offerings | |
| Addendum Attached | Yes   No |

**Endorsements:**

Specified Business Exclusion:_____

Addition of Exclusion (5% / 10% / other _____
Exclusion of Attorney:_____

Limiting Prior Acts:
Timothy James 6/13/05
Irit Tau 3/29/04

Independent Contractor:_____

Office Sharing Exclusion    Yes    No
Other:_____

**Additional Questions:**

| | | |
|---|---|---|
| Firm Name Different than Letterhead? | Yes | No |
| Number of Suits For Fees: | | |
| Attorney vs. Staff Ratio: | Yes | No |
| Share Office Space | Yes | No |
| Multiple Office Locations | Yes | No |
| Share Letterhead | Yes | No |
| Full Time Practice | Yes | No |
| Suspended/Disbarred/Reprimanded/ etc.? | Yes | No |
| Extended Reporting Period | Yes | No |

**Claims Information:**

# of Claims in the past 5 years: _____
Total Incurred:_____

11/24/04   Claim Closed
PD 39,009.

95 x 20 x 1 x, 85 - 16, 15

Underwriting Notes/Comments: Need L H

Need PA/LPA

Underwriter: _____Laura_____   Date: 2/23/06

Within Authority [ ] Yes [ ] No
Reason:_____

# Claim List Report

**Claims Extract from 02/20/06**

| Policy# | Eff. date | Exp. date | Premium | Prg | Claim# / Feat# Exam. Tech. | Loss date Last Res Chng. | Loss Res. Loss Paid | Exp. Res. Exp. Paid | Recoverable Recovery | Total Inc. | Status Status Date | Claimant Area of Practice |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Cohen, Hennessey & Bienstock, PC** | | | | | | | | | | | | 30.85% |
| NRL-002588-4 | 03/14/01 | 03/14/02 | $18,247 | TU | | | | | | | | |
| NRL-003061-8 | 03/14/02 | 03/14/03 | $21,042 | TU | | | | | | | | |
| NRL-003551-4 | 03/14/03 | 03/14/04 | $24,838 | TU | | | | | | | | |
| NRL-004033-8 | 03/14/04 | 03/14/05 | $31,188 | TU | 697911 / 001 Kimberly DeMarino | 11/24/04 01/11/06 | $0 $0 | $0 $39,009 | $5,000 ($5,000) | $39,009 | CLS 01/11/06 | Laura Day Domestic Relations |
| NRL-004489-2 | 03/14/05 | 03/14/06 | $31,130 | TU | | | | | | $39,009 | | |
| **Totals** | | | $126,445 | | | | $0 $0 | $0 $39,009 | $5,000 ($5,000) | | | |

Updated : 02/20/06 01:02:32 AM
Printed : 02/20/06 04:17:21 PM

## NOTICE - COVERAGE UNDER THE TERRORISM RISK INSURANCE ACT OF 2002

NAMED INSURED:  Cohen, Hennessey Bienstock & Rabin, PC

LINES OF COVERAGE:  Lawyers Professional Liability.

The tragic events of September 11, 2001 have impacted our country in many ways.  The insurance industry responded immediately to these events, and has provided billions of dollars of payments.  However, the possibility of future attacks has created what Congress describes as an "unprecedented financial risk" with a significant impact on the economy.  As a result, Congress passed the Terrorism Risk Insurance Act of 2002 (The Act). This Notice informs you of your rights under the Act.

### WHAT IS AN "ACT OF TERRORISM"?

- An "act of terrorism" is defined as:

  Any act that is certified by the Secretary of the Treasury in concurrence with the Secretary of State and the Attorney General of the United States pursuant to the Act:

  (1)  To be an act of terrorism;

  (2)  To be a violent act or an act that is dangerous to (a) human life; (b) property; or (c) infrastructure;

  (3)  To have resulted in damage within the United States, or outside the United states in the case of certain aircraft or vessels, or on the premises of a US mission; and

  (4)  To have been committed by an individual or individuals acting on behalf of any foreign person or foreign interest as part of an effort to coerce the civilian populations of the US or to influence the policy or affect the conduct of the US Government by coercion.

- No act will be certified as an "act of terrorism" if:

  (1)  It does not meet the above criteria;

  (2)  The act is committed as part of the course of war declared by Congress (other than with respect to Workers' Compensation);

  (3)  Property and casualty losses resulting from the act, in the aggregate, do not exceed $5,000,000

As used in this Notice, the phrases "act of terrorism" and "acts of terrorism," when set out in quotation marks, are to be construed as defined above.

### WHAT IS AN "INSURED LOSS"?

An **"insured loss"** is any loss (other than amounts attributable to punitive damages) that is caused by an **"act of terrorism"** (including an act of war, in the case of workers' compensation) if such loss:

(1)  occurs within the United States,

(2)  occurs to an air carrier (as defined in 49 U.S C. § 40102), to a U.S. flag vessel (or a vessel based principally in the U S., on which U.S. income tax is paid and whose insurance coverage is subject to regulation in the U.S.), Or

(3)  occurs at the premises of any U.S. mission.

As used in this Notice, the phrases "insured loss" or "insured losses," when set out in quotation marks, are to be construed as defined above

## THE FEDERAL GOVERNMENT'S SHARE OF PAYMENTS FOR "INSURED LOSS"

Under the Act, the Federal government will reimburse us for 90% of our payments due to "insured losses" (excluding any amounts attributable to punitive damages) in excess of a deductible until the total payments made by all insurers for "insured loss" reaches $100 billion. Our deductible will be:

A. 1% of our 2001 direct earned premium for "insured loss" that occurs during the period beginning 26 November 2002 and ending on 31 December 2002, and

B. 7% of our 2002 direct earned premium for "insured loss" that occurs during 2003, and

C. 10% of our 2003 direct earned premium for "insured loss" that occurs during 2004.

Other deductibles will apply to insured losses that occur during subsequent years in which the program is in effect. For purposes of determining such deductibles, "direct earned premium" means only the premiums earned on the commercial lines of property and casualty insurance covered by the Act for U.S. risks or vessels, aircraft and foreign missions outside the U.S. covered by the Act.

If total "insured losses" of all property and casualty insurers reach $100 billion during the period beginning on November 26, 2002 and ending on December 31, 2003, (or in any subsequent year in which the program is in effect) we will not be liable under our policies for our portion of such losses that exceed such amount. The amounts we pay to you under your policy may be reduced as a result. In addition, we may reserve our rights when we make payments to you, and we may require an undertaking from you to return any overpayment to us.

## HOW DOES THE ACT AFFECT INSURANCE COVERAGE?

- As required by the Act, this Notice constitutes notice to you of the existence of the Act, and the payments which will be made from the Federal Government if there is a certified "act of terrorism."

- Should you choose to bind coverage, your policy of insurance would be issued without a terrorism exclusion attached and there would be no additional premium attributable to coverage for certified "acts of terrorism."

- In the time between inception of coverage and the next renewal we will examine and refine our treatment of terrorism under your policy. This means that you may or may not have the same terms offered to you upon renewal and that the premium charged may or may not reflect alteration based upon the terrorism exposure.

SP 2 460 1202

Page 2 of 2



## LAWYERS PROFESSIONAL LIABILITY INSURANCE

### Westport Insurance Corporation
(A Stock Insurance Company, hereinafter called the "Company")

Policy Number    :    NRL-004960-8
Renewal of Policy :    NRL-004489-2

### DECLARATIONS

> NOTICE: THIS IS A CLAIMS-MADE POLICY.   EXCEPT AS MAY BE OTHERWISE PROVIDED HEREIN, THIS COVERAGE IS LIMITED TO LIABILITY FOR ONLY THOSE CLAIMS WHICH ARE FIRST MADE AGAINST THE NAMED INSURED WHILE THE POLICY IS IN FORCE.

**A.** Named Insured:          Cohen, Hennessey Bienstock & Rabin, PC

   Mailing Address:          11 West 42nd Street
                             New York, NY  10036

**B.** Policy Period:          From 12:01 A.M March 14, 2006 To 12:01 A.M. March 14, 2007
                             Local time at the address stated herein

**C.** Limits of Liability:    $2,000,000                    Each Claim
                             $2,000,000                    Aggregate for the Policy Period

**D.** Deductible:             $10,000                       Each Claim

**E.** Premium:                $40,731

**F.** Retroactive Date:       03/14/1994

The Declarations and the forms listed below and attached hereto, together with the completed and signed application and supplements, shall constitute the contract between the Named Insured(s) and the Company.

Forms and endorsements made a part of this policy are listed on the attached Schedule 1A.

_____
Authorized Representative

Date: 03/13/2006

Schedule 1A

Schedule of Form(s) / Endorsement(s)

Insured: Cohen, Hennessey Bienstock & Rabin, PC

Policy Number: NRL-004960-8
Renewal of Policy : NRL-004489-2

| | |
|---|---|
| COR.OOP.0752 (02/02) | Lawyers Professional Liability Policy Form – 50% Offset |
| COR.CPC.1924 (2/98) | Limitation of Individual Prior Acts |
| COR.CPC.1935 (2/98) | New York Disclosure Form |
| DN TER PRE(11/02) | Terrorism Disclosure Notice |



ENDORSEMENT

*THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.*

# LIMITATION OF INDIVIDUAL PRIOR ACTS

This policy does not apply to any CLAIM based upon, arising out of or attributable to, or directly or indirectly resulting from an act, error, omission or PERSONAL INJURY committed by the following INSURED(S) prior to the corresponding RETROACTIVE DATE:

Irit Tau 03/29/2004
Timothy James 06/13/2005

All other terms and conditions of this POLICY remain unchanged.

This endorsement forms a part of the policy to which attached, effective on the inception date of the policy unless otherwise stated herein.

(The information below is required only when this endorsement is issued subsequent to the preparation of the policy.)

**Endorsement Effective:**
March 14, 2006, 12:01 A.M. Standard Time.

**Policy Number:**
NRL-004960-8

**Endorsement No.**

**Name Insured:**
Cohen, Hennessey Bienstock & Rabin, PC

***WESTPORT INSURANCE CORPORATION***

Countersigned.

Authorized Representative

President

Nicholas J Spaeth
Secretary

Copyright © 1998 Westport Insurance Corporation. All rights reserved.
The reproduction or utilization of this work in any form whether by any electronic, mechanical, or other means, now known or hereafter invented, including xerography, photocopying, and recording, and information storage and retrieval system is forbidden without the written permission of Westport Insurance Corporation.



# NEW YORK DISCLOSURE FORM
## PROFESSIONAL LIABILITY
## CLAIMS-MADE POLICY
## IMPORTANT NOTICE TO APPLICANT OR POLICYHOLDER

THIS DISCLOSURE FORM IS NOT THE POLICY. IT MERELY DESCRIBES SOME OF THE MAJOR FEATURES OF THE CLAIMS-MADE POLICY FORM. PLEASE READ THE POLICY CAREFULLY TO DETERMINE RIGHTS, DUTIES AND WHAT IS AND IS NOT COVERED. ONLY THE PROVISIONS OF THE POLICY DETERMINE THE SCOPE OF INSURANCE PROTECTION.

A. The policy is a claims-made policy. It applies only to a claim which is the result of an act, error, omission or personal injury arising from professional services rendered or which should have been rendered after the effective date of the policy, or retroactive date, if any, and before termination of coverage. The policy also requires that the claim must be first made against the insured during the policy period or an Extended Reporting Period; and, that written notice of the claim is provided to the Company by the insured during the policy period, any continuous renewal of this policy, or during an Extended Reporting Period.

B. The policy provides a specific type of liability insurance protecting the policyholder under certain circumstances. Please review it with an agent/attorney/consultant to see that it meets your needs and to understand thoroughly its limitations, exclusions and exceptions.

C. All coverage under the policy ceases upon the termination of the policy, except for the Automatic Extended Reporting Period coverage (required by section 73.3 (d) of this Part), unless the insured purchases additional Extended Reporting Period coverage.

D. Please review the Extended Reporting Period provisions in the policy. If there is any termination of coverage, the insured has some options:

  1) A new insurance carrier may be willing to provide full prior acts coverage, or coverage back to an agreed retroactive date.

  2) In addition to the Automatic Sixty (60) Day Extended Reporting Period, the policyholder may purchase one of the following Extended Claims Reporting Period options, to increase the amount of time within which a claim may be eligible for coverage:

    125% of the annual policy premium for 12 months.
    160% of the annual policy premium for 24 months.
    200% of the annual policy premium for 36 months.
    300% of the annual policy premium for an unlimited period.

  3) Except with an unlimited Extended Reporting Period, the expiration of any of the above reporting periods may create a gap in coverage.

E. Premium charged for a claims-made policy with a retroactive date that is the same as the inception date of the policy will be lower than premium for "Occurrence" policies. For each year the retroactive date precedes the inception date of the policy, an additional premium is charged. Once the fully mature, claims-made rate is achieved, these additional "claims-made" premium charges will no longer occur.

F. A policy, if issued with the Limit of Liability of $1,000,000 *may*, and a Limit of Liability above $1,000,000 *will*, contain certain legal defense costs offset provisions for the Limit of Liability and Deductible.

  1) Up to 50% of the Limit of Liability may be reduced by claim expenses.

  2) Only 50% of the policy deductible amount will apply to claim expenses.

IF YOU HAVE ANY QUESTIONS ABOUT THE ABOVE, PLEASE TALK TO YOUR AGENT, ATTORNEY OR OTHER CONSULTANT BEFORE PURCHASING THIS COVERAGE.

COR.CPC.1935 (2/98)



*WESTPORT INSURANCE*
C O R P O R A T I O N

**Policy Number:** NRL-004960-8

## PREMIUM DISCLOSURE NOTICE
## TERRORISM RISK INSURANCE ACT OF 2002

Named Insured:    Cohen, Hennessey Bienstock & Rabin, PC

Effective Date:    March 14, 2006
12:01 A.M., Standard Time

The premium for this policy includes coverage for insured losses covered by the Terrorism Insurance Program established by the Terrorism Risk Insurance Act of 2002.  The amount shown below is the premium for this coverage and does not include any charges for the portion of loss covered by the Federal Government under the Act.

The Terrorism Insurance Program established by the Terrorism Risk Insurance Act of 2002 applies to certain losses, if otherwise covered by your policy that result from an "act of terrorism," as defined in and certified under that Act.  The United States Government shares in the payment of insured losses under that program and the amount of its share is 90 percent of such losses that exceed the applicable insurer deductible.

**The premium for coverage for certified acts of terrorism, as defined by the Act, is:  $ 0**

WESTPORT INSURANCE CORPORATION

_____
Authorized Representative

Copyright © 1998 Westport Insurance Corporation. All rights reserved.
The reproduction or utilization of this work in any form whether by any electronic, mechanical, or other means, now known or hereafter invented, including xerography, photocopying, and recording, and  information storage and retrieval system is forbidden without the written permission of Westport Insurance Corporation.
COPY

# *Westport Insurance Corporation*

### New York Application for Law Firms with Less Than 35 Attorneys
### Claims-Made Basis

Insurance shall apply to claims first made against the insured and first reported to the company within the Policy Year, any Extended Reporting Period or any subsequent renewal of the policy.

Legal defense costs are in addition to the limit of liability for policies issued with per claim limits less than $1,000,000.

For policies issued with a per claim limit of liability of $1,000,000, the insured may elect to purchase coverage with legal defense costs in addition to the limit of liability or coverage containing certain legal defense costs offset provisions* for the limit of liability and deductible.

Policies issued with a per claim limit of liability greater than $1,000,000 will contain certain legal defense costs offset provisions* for the limit of liability and deductible.

*Legal defense cost offset provisions:

1. Up to 50% of the Limit of Liability may be reduced by claim expenses.
2. Only 50% of the policy deductible amount will apply to claim expenses.

**Applicant Instructions**
- Please read carefully all statements and questions on this application.
- Answer all questions in ink.
- If space is insufficient to answer all questions fully, use separate sheets of paper.
- Application and all attachments must be signed and dated by named applicant, partner, officer or owner on page 6.
- Please attach a copy of your current letterhead
- Complete and attach the Individuals Lawyers Supplement and all other required supplements

**Section I. Firm Information**

1. A. Name of Applicant (include D/B/As): Cohen Hennessey Bienstock & Rabin P.C.

   B. Federal Employee ID Number (if you do not have an FEIN number, please provide your SSN): 13-3759073

   C. Check here if the name of the firm has changed in the last twelve months. ☒

2. Applicant is:  ☐ Sole Proprietor (Full Time)      ☐ Sole Proprietor (Part Time)
   ☐ Partnership (DO NOT INCLUDE LLP)   ☒ Professional Corporation (DO NOT INCLUDE LLC)
   ☐ LLC / LLP                          ☐ Professional Association
   ☐ Other, please specify:

3. Name of an owner, officer, partner or firm administrator designated as the contact person.
   Peter Bienstock

RATH ASSOCIATES

FEB 2 7 2006

4.  Main Address Location: Street: 11 West 42nd St.
    Address Line 2: _____ 19th Floor
    City: NY _____
    County: _____ NY _____    State: NY    Zip: 10036

5.  Telephone No.: 212-575-0007

6.  Facsimile No.: 212-764-3925

7.  E-Mail Address: PBienstock @ Chblaw.com

8.  Website Address: WWW.Chblaw.com    ☐ No Website

9.  Do you have a legal administrator?    ☒ Yes ☐ No

    A.  If yes, is that legal administrator a member of the Association of Legal Administrators (ALA)?    ☐ Yes ☒ No

    B.  If yes, does the legal administrator hold a CLM certificate?    ☐ Yes ☒ No

10. Does the firm or any lawyer proposed for this insurance:

    ☐ Act as an employee of any organization other than the applicant law firm?
    ☐ Act as a director, officer, partner or trustee or exercise any form of managerial or fiduciary control over any for-profit business enterprise other than the applicant law firm?
    ☐ Own, manage, have financial control over or equity interest in any for-profit business other than the applicant law firm?
    ☒ N/A

    **If any response other than "N/A", please complete the Outside Interest Supplement.**

11. Date Firm Established: 3 / 14 / 94

12. Limits Desired: $ 2,000.000.

13. Deductible Desired: $ 10,000.

SED TO ASSOCIATES

FEB 2 7 2006

## Section II. Areas of Practice.

Please provide percentage of gross income. An asterisk (*) indicates that a supplemental application is required if a percentage is indicated (* = Supplemental AOP Questions for Lawyers; ** = Intellectual Property Supplement; *** = Securities Supplement). Please round to the nearest 1/10 percent. e.g. (10.1%). It is not necessary to input any information or make any changes to the gray section.

| Area of Practice | Current Year | Prior Year | Area of Practice | Current Year | Prior Year | Area of Practice | Current Year | Prior Year |
|---|---|---|---|---|---|---|---|---|
| Administrative/ Corporate Law | % | % | Financial Institution/ Banking (not including litigation) * | % | % | Natural Resources / Oil & Gas | % | % |
| Admiralty Law: Defense : | % | % | Financial Planning | % | % | Pension and Employee Benefits | % | % |
| Plaintiff : | % | % | | | | | | |
| Antitrust / Trade | % | % | Government Contracts/ Relations | % | % | Personal Injury and Negligence - Defense | % | % |
| Civil Rights and Discrimination | % | % | Healthcare | % | % | Personal Injury and Negligence - Plaintiff* | % | % |
| Collection / Bankruptcy, including Foreclosure* | % | % | Immigration and Naturalization | % | % | Plaintiff – Class Action* | % | % |
| Communication/FCC | % | % | Insurance Company & Tort Litigation Defense | % | % | Plaintiff – Mass Tort* | % | % |
| Construction Law | % | % | Intellectual Property – Copyright, Patent & Trademark (not including litigation)** | % | % | Real Estate – Residential (including Abstract/Title & RE Loans)* | % | % |
| Consumer Law | % | % | | | | | | |
| Corporate and Business Transactions | % | % | Intellectual Property- Copyright/Patent & Trademark Litigation** | % | % | Real Estate – Commercial* | % | % |
| Criminal | % | % | International Law | % | % | Securities Law (syndications, bonds, private placements and limited partnerships)*** | % | % |
| | | | Juvenile Court Proceeding | % | % | Social Security/ Veterans Administration | % | % |
| Employment Law – Defense | % | % | Labor - Management Representation | % | % | Tax : Ad Valorum | % | % |
| | | | | | | Taxation : Opinions | % | % |
| Employment Law- Plaintiff* | % | % | Labor – Labor Representation* | % | % | Taxation : Other | % | % |
| Entertainment / Sports* | % | % | Commercial and Business Litigation – Defense | % | % | Workers Compensation – Defense | % | % |
| Environmental Law | % | % | Commercial and Business Litigation – Plaintiff* | % | % | Workers Compensation – Plaintiff* | % | % |
| Estate / Probate / Trust* | % | % | Mediation / Arbitration | % | % | Other: _____ | % | % |
| Family Law | 100 % | 100 % | Mergers and Acquisitions*** | % | % | Total must equal 100% | % | % |



FEB 2 7 2006

## Section III. General Information

| | | |
|---|---|---|
| 1. | Does Applicant law firm have more than 10 attorneys? | ☐ Yes ☒ No |
| 2. | Does Applicant law firm have any wholly owned entities? | ☐ Yes ☒ No |
| 3. | Does Applicant law firm have more than one <u>staffed</u> office location? | ☐ Yes ☒ No |
| 4. | Are you a solo practitioner who only works part time at Applicant law firm? | ☐ Yes ☒ No |
| 5. | Is Applicant law firm a professional association where all members of the association are not applying for coverage? | ☐ Yes ☒ No |
| 6. | Does the Applicant law firm share office space or letterhead with any uninsured attorneys? | ☐ Yes ☒ No |
| 7. | During the past five years, has Applicant law firm acquired, merged with, or purchased any other firm or sold or lost a practice group to another firm? | ☐ Yes ☒ No |
| 8. | Does Applicant law firm provide any services other than legal services? | ☐ Yes ☒ No |
| 9. | Has any application for Lawyers Professional Liability Insurance on behalf of your firm, its predecessor firms or any lawyer proposed for this insurance been declined, cancelled or non-renewed for a reason other than the carrier is no longer writing this line of business? | ☐ Yes ☒ No |
| 10. | In the past five years, has any action been taken against any lawyer proposed for this insurance for disbarment, suspension, reprimand, or other disciplinary action? **Please include any pending actions.** | ☐ Yes ☒ No |
| 11. | After inquiry of all lawyers and employees, have any claims, suits, or demands been made during the past five years against the Applicant, its predecessor firms or any of the lawyers proposed for this insurance? | ☐ Yes ☒ No |
| 12. | After inquiry of each lawyer, is the Applicant, its predecessor firms or any lawyer proposed for this insurance aware of any fact or circumstance, act, error, omission or personal injury which might be expected to be the basis of a claim or suit for lawyers professional liability? | ☐ Yes ☒ No |
| 13. | Does the firm have more than four non-lawyer personnel (includes law clerks, paralegals and administrative assistants) for every lawyer practicing with the applicant firm? | ☐ Yes ☒ No |

If the answer to any of the above questions is **YES**, please complete the **Supplemental Questions for Lawyers** and any required supplementary applications.

RATH ASSOCIATES

FEB 2 7 2006

SP 3 084 NY 0305

## Section IV. General Policies and Procedures

1. Has Applicant law firm initiated 2 or less (including none) suits to collect unpaid fees owed to the firm? ☒ Yes ☐ No

2. Does Applicant law firm utilize at least a primary and backup system for docket/diary control? ☒ Yes ☐ No

   Check here if the system is computerized: ☒

3. Does Applicant law firm utilize engagement letters that include the scope of services rendered for all litigation clients, as well as declination letters for all potential litigation clients or matters? ☐ N/A ☒ Yes ☐ No

4. Do you have a conflict of interest avoidance system (other than memory)? ☒ Yes ☐ No

   Check here if the system is computerized: ☒

5. Are all conflict of interest situations reviewed and disclosed to clients/potential clients in writing? ☒ Yes ☐ No

6. Has the firm either (A) maintained continuous insurance coverage over the last five years or (B) been established within the last five years and maintained continuous insurance coverage since inception? ☒ Yes ☐ No

If the answer to any of the above questions is NO, please complete the **Supplemental Questions for Lawyers** and any required supplementary applications.

## Section V. Current Insurance Information

Is Applicant firm: ☒ Currently insured with Westport
☐ Not insured
☐ Currently insured with another insurance carrier.   Current Carrier: _____

**If Applicant is currently insured with another insurance carrier, please answer the following questions:**

A. Current Policy Expiration Date: _3_ / _14_ / _06_

B. Current Limits (Per claim and Aggregate): _$ 2,000,000 per claim & aggregate_

C. Current Deductible: _$ 10,000. /each claim_

   Type: (Check all that apply)  ☐ Applies to losses only
   ☐ Aggregate
   ☐ Applies to losses and defense expenses

D. Firm Retroactive Date: _3_ / _14_ / _94_          ☐ Not applicable

E. Effective Date of previously purchased Extended Reporting Period? ____ / ____ / ____   ☒ Not applicable

F. Do you wish to provide coverage for work performed by your lawyers prior to joining your firm? ☐ Yes ☒ No

   **If yes, indicate those lawyers for which you desire coverage in the Individual Lawyers Supplement.**

BAKER ASSOCIATES

FEB 2 7 2006

*RENEWAL CLIENTS WHO HAVE PREVIOUSLY COMPLETED THIS APPLICATION:* Please review this application, along with all applicable supplements and attachments, and supply us with updated information. Additionally, if there have been any changes to information appearing on this application and any supplements or attachments, please provide details of those changes in the space below. *Failure to report a change could result in being underinsured or uninsured.*

☐ No Change

In 2006, the name of Bonnie Rabin has
been added to the formal name of the firm which
will hereafter be known as Cohen Hennessey
Bienstock & Rabin P.C.

I hereby authorize the release of claim information from any prior insurer to Westport Insurance Corporation.

The undersigned understands and accepts that any policy issued will provide coverage on a claims-made basis for only those claims that are made against the insured while the policy is in force and that coverage ceases with the termination of the policy. All claims will be excluded that result from any acts, circumstances or situations known prior to the inception of coverage being applied for, that could reasonably be expected to result in a claim.

The undersigned represents that the statements set forth herein are true, complete and accurate and that there has been no attempt at suppression or misstatement of any material facts known, or which should be known, and agrees that this application shall become the basis of any coverage and a part of any policy that may be issued by the Company.

Applicant understands and agrees that the completion of the application does not bind Westport Insurance Corporation to issuance of an insurance policy.

For your protection, the following Fraud Warning is required to appear on this application:

The following Fraud Warning applies in New York: Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime, and shall be subject to a civil penalty not to exceed five-thousand dollars and the stated value of the claim for each such violation.

**THIS APPLICATION MUST BE SIGNED BY A PARTNER, OFFICER and/or OWNER**

Signed: _____        Officer _____        Date: 2/21/06
        Partner, Officer and/or Owner                    Title

*The Applicant understands and agrees that she or he is obligated to report any changes in the information provided in this application that occur after the date of the application and before policy inception.*

RATNER ASSOCIATES

FEB 2 7 2006

# *Westport Insurance Corporation*

## INDIVIDUAL LAWYER SUPPLEMENT

### Claims-Made Basis

**Insurance shall apply to claims first made against the insured and first reported to the company within the Policy Year, any Extended Reporting Period or any subsequent renewal of the policy.**

Provide all information for each lawyer in the firm, including those working in your additional offices. Copy this page if needed for additional lawyers. Include lawyers that are part of any wholly owned Mediation/Arbitration firm as well as Title Agency.

| A. Name and Status | B. Attorney Admission Information | C. Coverage Desired for Work | D. Renewals Only |
|---|---|---|---|
| Harriet N. Cohen<br><br>Date of hire: 3/14/94<br>☐ Sole Proprietor ☐ Employed Lawyer<br>☐ Partner ☐ Of Counsel<br>☒ Officer/Director ☐ Independent<br>   Shareholder    Contractor<br><br>Average hours per week<br>(for applicant firm): 40+<br>Carries separate E&O insurance?<br>   ☐ Yes ☐ No | Date first admitted: 3/ /75<br>States admitted:<br>n.Y.<br><br>Bar Number (primary state):<br>024415<br>Number of CLE hours:<br>(last 12 months)   25.5<br><br>☐ Attended Loss Control<br>   Seminar in last 12 months | ☒ On behalf of<br>   applicant firm<br>☐ On behalf of<br>   firm and work<br>   done by this<br>   lawyer prior to<br>   joining firm<br>☐ After individual<br>   retroactive date of<br>   __/__/__<br>☐ None | ☒ Still with firm<br>☐ Left firm<br>☐ New lawyer<br>☐ Other<br>**Please Describe:** |
| Patricia Hennessey<br><br>Date of hire: 3/14/94<br>☐ Sole Proprietor ☐ Employed Lawyer<br>☐ Partner ☐ Of Counsel<br>☒ Officer/Director ☐ Independent<br>   Shareholder    Contractor<br><br>Average hours per week<br>(for applicant firm): 40+<br>Carries separate E&O insurance?<br>   ☐ Yes ☐ No | Date first admitted: 2/ /80<br>States admitted:<br>n.Y.<br><br>Bar Number (primary state):<br>123304<br>Number of CLE hours:<br>(last 12 months)   28<br><br>☐ Attended Loss Control<br>   Seminar in last 12 months | ☒ On behalf of<br>   applicant firm<br>☐ On behalf of<br>   firm and work<br>   done by this<br>   lawyer prior to<br>   joining firm<br>☐ After individual<br>   retroactive date of<br>   __/__/__<br>☐ None | ☒ Still with firm<br>☐ Left firm<br>☐ New lawyer<br>☐ Other<br>**Please Describe:** |
| Peter Bienstock<br><br>Date of hire: 3/14/94<br>☐ Sole Proprietor ☐ Employed Lawyer<br>☐ Partner ☐ Of Counsel<br>☒ Officer/Director ☐ Independent<br>   Shareholder    Contractor<br><br>Average hours per week<br>(for applicant firm): 40+<br>Carries separate E&O insurance?<br>   ☐ Yes ☐ No | Date first admitted: 3/ /74<br>States admitted:<br>n.Y.<br><br>Bar Number (primary state):<br>097594<br>Number of CLE hours:<br>(last 12 months)   16.5<br><br>☐ Attended Loss Control<br>   Seminar in last 12 months | ☒ On behalf of<br>   applicant firm<br>☐ On behalf of<br>   firm and work<br>   done by this<br>   lawyer prior to<br>   joining firm<br>☐ After individual<br>   retroactive date of<br>   __/__/__<br>☐ None | ☒ Still with firm<br>☐ Left firm<br>☐ New lawyer<br>☐ Other<br>**Please Describe:** |



FEB 27 2006

## *Westport Insurance Corporation*

### INDIVIDUAL LAWYER SUPPLEMENT

### Claims-Made Basis

**Insurance shall apply to claims first made against the insured and first reported to the company within the Policy Year, any Extended Reporting Period or any subsequent renewal of the policy.**

Provide all information for each lawyer in the firm, including those working in your additional offices.  Copy this page if needed for additional lawyers. Include lawyers that are part of any wholly owned Mediation/Arbitration firm as well as Title Agency.

| A. Name and Status | B. Attorney Admission Information | C. Coverage Desired for Work | D. Renewals Only |
|---|---|---|---|
| Bonnie Rabin <br><br> Date of hire: 1/8/96 <br> ☐ Sole Proprietor  ☐ Employed Lawyer <br> ☐ Partner  ☐ Of Counsel <br> ☒ Officer/Director  ☐ Independent <br> Shareholder  Contractor <br><br> Average hours per week <br> (for applicant firm): 40+ <br> Carries separate E&O insurance? <br> ☐ Yes  ☐ No | Date first admitted: 6/ /85 <br> States admitted: <br> n.y. <br><br> Bar Number (primary state): <br> 378916 <br> Number of CLE hours: <br> (last 12 months) 20 <br><br> ☐ Attended Loss Control <br> Seminar in last 12 months | ☒ On behalf of applicant firm <br><br> ☐ On behalf of firm and work done by this lawyer prior to joining firm <br><br> ☐ After individual retroactive date of ___/___/___ <br><br> ☐ None | ☒ Still with firm <br> ☐ Left firm <br> ☐ New lawyer <br> ☐ Other <br> **Please Describe:** |
| martha C. Stine <br><br> Date of hire: 3/14/94 <br> ☐ Sole Proprietor  ☒ Employed Lawyer <br> ☐ Partner  ☐ Of Counsel <br> ☐ Officer/Director  ☐ Independent <br> Shareholder  Contractor <br><br> Average hours per week <br> (for applicant firm): 40+ <br> Carries separate E&O insurance? <br> ☐ Yes  ☐ No | Date first admitted: 3/ /80 <br> States admitted: <br> n.y. <br><br> Bar Number (primary state): <br> 029260 <br> Number of CLE hours: <br> (last 12 months) 15 <br><br> ☐ Attended Loss Control <br> Seminar in last 12 months | ☒ On behalf of applicant firm <br><br> ☐ On behalf of firm and work done by this lawyer prior to joining firm <br><br> ☐ After individual retroactive date of ___/___/___ <br><br> ☐ None | ☒ Still with firm <br> ☐ Left firm <br> ☐ New lawyer <br> ☐ Other <br> **Please Describe:** |
| Gretchen Schumann <br><br> Date of hire: 8/21/01 <br> ☐ Sole Proprietor  ☒ Employed Lawyer <br> ☐ Partner  ☐ Of Counsel <br> ☐ Officer/Director  ☐ Independent <br> Shareholder  Contractor <br><br> Average hours per week <br> (for applicant firm): 40+ <br> Carries separate E&O insurance? <br> ☐ Yes  ☐ No | Date first admitted: 4/ /02 <br> States admitted: <br> n.y. <br> n.y. -12.01 <br><br> Bar Number (primary state): <br> 513683 <br> Number of CLE hours: <br> (last 12 months) 21 <br><br> ☐ Attended Loss Control <br> Seminar in last 12 months | ☒ On behalf of applicant firm <br><br> ☐ On behalf of firm and work done by this lawyer prior to joining firm <br><br> ☐ After individual retroactive date of ___/___/___ <br><br> ☐ None | ☒ Still with firm <br> ☐ Left firm <br> ☐ New lawyer <br> ☐ Other <br> **Please Describe:** |

RATH ASSOCIATES

FEB 2 7 2006

# Westport Insurance Corporation

## INDIVIDUAL LAWYER SUPPLEMENT

### Claims-Made Basis

**Insurance shall apply to claims first made against the insured and first reported to the company within the Policy Year, any Extended Reporting Period or any subsequent renewal of the policy.**

Provide all information for each lawyer in the firm, including those working in your additional offices. Copy this page if needed for additional lawyers. Include lawyers that are part of any wholly owned Mediation/Arbitration firm as well as Title Agency.

| A. Name and Status | B. Attorney Admission Information | C. Coverage Desired for Work | D. Renewals Only |
|---|---|---|---|
| **Irit Tal** <br><br> Date of hire: 3/29/04 <br> ☐ Sole Proprietor ☒ Employed Lawyer <br> ☐ Partner ☐ Of Counsel <br> ☐ Officer/Director ☐ Independent <br> Shareholder    Contractor <br><br> Average hours per week <br> (for applicant firm): 40+ <br> Carries separate E&O insurance? <br> ☐ Yes ☐ No | Date first admitted: 8/ /03 <br> States admitted: <br> NY <br><br> Bar Number (primary state): <br> 6237736 <br> Number of CLE hours: <br> (last 12 months) 12 <br><br> ☐ Attended Loss Control Seminar in last 12 months | ☒ On behalf of applicant firm <br><br> ☐ On behalf of firm and work done by this lawyer prior to joining firm <br><br> ☐ After individual retroactive date of __/__/__ <br><br> ☐ None | ☒ Still with firm <br> ☐ Left firm <br> ☐ New lawyer <br> ☐ Other <br> **Please Describe:** |
| **Timothy James** <br><br> Date of hire: 6/13/05 <br> ☐ Sole Proprietor ☒ Employed Lawyer <br> ☐ Partner ☐ Of Counsel <br> ☐ Officer/Director ☐ Independent <br> Shareholder    Contractor <br><br> Average hours per week <br> (for applicant firm): 40+ <br> Carries separate E&O insurance? <br> ☐ Yes ☐ No | Date first admitted: 12/ /88 <br> States admitted: <br> N.Y. <br><br> Bar Number (primary state): <br> 356371 <br> Number of CLE hours: <br> (last 12 months) 12 <br><br> ☐ Attended Loss Control Seminar in last 12 months | ☒ On behalf of applicant firm <br><br> ☐ On behalf of firm and work done by this lawyer prior to joining firm <br><br> ☐ After individual retroactive date of __/__/__ <br><br> ☐ None | ☒ Still with firm <br> ☐ Left firm <br> ☐ New lawyer <br> ☐ Other <br> **Please Describe:** |
| Date of hire: __/__/__ <br> ☐ Sole Proprietor ☐ Employed Lawyer <br> ☐ Partner ☐ Of Counsel <br> ☐ Officer/Director ☐ Independent <br> Shareholder    Contractor <br><br> Average hours per week <br> (for applicant firm): <br> Carries separate E&O insurance? <br> ☐ Yes ☐ No | Date first admitted: __/__/__ <br> States admitted: <br><br> Bar Number (primary state): <br><br> Number of CLE hours: <br> (last 12 months) <br><br> ☐ Attended Loss Control Seminar in last 12 months | ☐ On behalf of applicant firm <br><br> ☐ On behalf of firm and work done by this lawyer prior to joining firm <br><br> ☐ After individual retroactive date of __/__/__ <br><br> ☐ None | ☐ Still with firm <br> ☐ Left firm <br> ☐ New lawyer <br> ☐ Other <br> **Please Describe:** |

NTRASSTAS

FEB 2 7 2006

# *Westport Insurance Corporation*

## CLAIM SUPPLEMENT

### Claims-Made Basis

Insurance shall apply to claims first made against the insured and first reported to the company within the Policy Year, any Extended Reporting Period or any subsequent renewal of the policy.

Section I:  General Claims Information

1. Full Name of Applicant/Insured firm: Cohen Hennessey & Bienstock PC.
   Harriet N. Cohen, esq. Martha Cohen Stine esq

2. Full name of claimant/plaintiff: Laura G. Day

3. Date claim/incident made against firm (MM/DD/YYYY): 11 / 24 / 04

4. Date claim reported to insurance carrier (MM/DD/YYYY): 12 / 6 / 04  — see letter

5. Date of alleged error: (MM/DD/YYYY): N/A / . If the error if alleged to have occurred over a period of time, please indicate the start and end date of said period (MM/DD/YYYY): ____/____/____ to ____/____/____

6. Claim Number: _____

7. Please indicate if this claim:
   - [X] Was previously reported to Westport as a claim/potential claim under a Westport Insurance Policy  see letter
   - [ ] Was previously reported to Westport as a claim/potential claim reported under another carrier's policy
   - [ ] Has never been reported to Westport

**NOTE:** This form should not be used to report new claims. Please follow the appropriate procedure as indicated by your Westport policy.

**If this claim was previously reported to Westport as a claim/potential claim under a Westport Insurance Policy, no further information is required**

Section II.  Other Claims Information

8. Indicate whether: [X] claim/suit
   - [ ] incident/potential claim

9. Full name of individual(s) involved in claim/incident: Laura G. Day  Plaintiff
   Cohen Hennessey & Bienstock, PC. Harriet N. Cohen, esq.
   Martha Cohen Stine, esq

10. Name of firm involved in claim/incident if different than above N/A

R... ASSOCIATES

FEB 2 7 2006

11. Other parties against whom this claim was made: *Edwards & agnell LLP May Louise*

12. Name of Insurance Company: *Kennedy and Fleet National Bank*

13. What deductible applied to this claim/incident? $ _____   ☐ None

   If a deductible was applicable, please indicate whether it applied to:
   ☐ expenses only
   ☐ loss payment only
   ☐ expenses and loss payment

14. The claim is: ☐ open
                  ☒ closed

15. Please complete the following for all open and closed claims:

   A. Total amounts paid to date (including deductible): $ *Claim/suit dismissed via motion*

   B. Loss paid in excess of Deductible: $ _____

   C. Expenses paid in excess of Deductible: $ _____

   If claim is still open:

   D. Insurance company's loss reserve: $ _____

   E. Claimant's settlement demand: $ _____   ☐ None Made

   F. Defendant's offer for settlement: $ _____   ☐ None Made

   If the claim is closed:

   G. Indicate date closed: (MM/DD/YYYY) _____/_____/_____

   H. Indicate how resolved:
      ☐ Settlement via Court judgment
      ☐ Settlement via formal mediation/arbitration
      ☐ Out of court settlement
      ☐ Jury trial
      ☐ Bench trial
      ☐ Claim dismissed by Claimant without settlement
      ☒ Dismissed via motion
      ☐ Claim never developed
      ☐ Other _____

16. Provide a full description of the engagement, the events leading up to the claim / potential claim, the allegations asserted against your firm and the current status of the matter. Please indicate whether or not the claimant was your client; if not, fully explain claimant's relationship to client.

_SEE Rider A_

17. What action has your firm taken to prevent a recurrence of such a claim in the future?

_SEE Rider B._

18. Do you continue to service client?   ☐ Yes
                                         ☐ No
                                         ☒ Not Applicable

The following Fraud Warning applies in New York:  Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime, and shall be subject to a civil penalty not to exceed five-thousand dollars and the stated value of the claim for each such violation.

I understand information submitted herein becomes a part of the application and is subject to the same conditions as stated on the Application.

THIS SUPPLEMENT MUST BE SIGNED BY AN OWNER, PARTNER OR PRINCIPAL OF THE FIRM.

_[signature]_                                    Date _2/21/06_
Signature

_Officer_
Title

*The Applicant understands and agrees that she or he is obligated to report any changes in the information provided in the supplement that occur after the date of the application and before policy inception.*

FEB 2 7 2006

## RIDER A

16.    At the end of 2004, a lawsuit was brought against CHB and individual lawyers at the firm by Laura Day, the wife of our client, Lee Day. Laura Day was not our client. Lee Day, her former husband, was our client in a divorce case. Several years prior to the law suit, in a trial during which we represented Lee Day, a decision was handed down, which was later upheld on appeal, which set aside a postnuptial agreement that Lee and Laura had signed on the grounds that it was the subject of Laura Day's fraud, coercion and duress, and unconscionable. Laura Day's complaint alleged that CHB had interfered with Laura Day's contractual rights, and made other frivolous claims. We moved to dismiss. Laura Day's attorney, the same attorney who represented her in the divorce action, failed to appear numerous times on the return dates of the motion to dismiss. The action was dismissed in 2005.

RA__R ASSOC___

FEB 2 7 2006

## RIDER B

17. The law suit, brought against us by a person who was not our client, but rather, the disgruntled former wife of our client, was frivolous and was dismissed.

RATTET ASSOCIATES

FEB 2 7 2006

# COHEN HENNESSEY BIENSTOCK & RABIN P.C.

*Attorneys At Law*
*11 West 42nd Street, 19th Floor*
*New York, New York 10036-8002*
*(212) 575-0007*
*Fax (212) 764-3925/21*

Ms. Hedy Dolan
Jacoby Associates
7 Old Westbury Road
Roslyn Heights, 11577

March 13, 2006

Re: Lawyers Professional Liability Insurance
name change for Cohen Hennessey Bienstock & Rabin P.C.

Dear Hedy,

Effective February 16, 2006 please amend the named insured to read Cohen Hennessey Bienstock & Rabin P.C. .

Very truly yours,

Peter Bienstock



# RATNER
## Associates, Inc.

**Westport**
Westport Insurance Corporation

30 West Mount Pleasant Avenue, P.O. Box 468, Livingston, NJ 07039
Telephone: 973-994-4831 • Fax: 973-994-4862

www.RatnerAssociates.com

### *PRIOR ACTS LIMITATIONS DISCLOSURE*

The law firm named below agrees and understands, by signing and dating this disclosure form, that a limitation of coverage will attach to any policy issued for lawyers professional liability insurance.

This limitation is as follows:

The date specified below is the date on or after which any act, error, omission or PERSONAL INJURY must have occurred in order for CLAIMS arising there from to be covered under any policy issued, subject to all policy terms and conditions. CLAIMS arising from any act, error, omission or PERSONAL INJURY prior to this date will not be covered.

RETROACTIVE DATE:    03/14/1994

### *LIMITING PRIOR ACTS LIMITATIONS DISCLOSURE*

This limitation is as follows:

The policy issued will not cover any claim or claims arising from or attributable to or based upon any act(s), error(s), omission(s) or personal injury(ies) committed or alleged to have been committed by the following lawyer(s) prior to the respective retroactive date(s):

| Attorney | Prior Acts Date |
|---|---|
| Eric Tan | 03/23/2004 |
| Timothy James | 06/13/2005 |

Should the firm accept the terms as outlined in the quote letter and the limitations of prior acts coverage as outlined herein, this signed and dated disclosure will become part of any policy issued.

Name of the Law Firm:    Cohen Hennessey Bienstock & Rabin, PC

Signed: _____
              (Principal of Firm)

Date:    3/13/06

Exclusive Lawyers Program Administrator for the State of New York and New Jersey