

LAW OFFICES OF
PAUL I. MARX
THE GATEWAY BUILDING
ONE NORTH LEXINGTON AVENUE
WHITE PLAINS, NEW YORK 10601

IMAGING CENTER
JAN 29 2007

PAUL I. MARX*
*MEMBER NY & NJ BAR

(914) 949-4760
FACSIMILE (914) 949-4141

ELIOT M. SCHUMAN
OF COUNSEL

> **explore statute of limitations argument. 3 years from date of error.**

January 23, 2007

Jared Anderson, Esq.
Swiss Re
5200 Metcalf
Overland Park, KS 66201

Re: Jayne Asher v. Patricia Hennessey et al
Westchester County Index Number: 07/1361
Your File No.: 616514

Dear Mr. Anderson:

Enclosed please find a courtesy copy of a Summons and Complaint which has been filed and sent out for service in the above captioned matter.

We remain interested in attempting to resolve this matter without a long drawn out litigation. Thus, I ask that you contact me if you are interested in a similar approach to this matter.

I look forward to hearing from you.

Very truly yours,

Paul I. Marx

PIM/eh
Enclosure

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
---------------------------------------------------------------X **SUMMONS**

JAYNE ASHER,

        Plaintiff,

  - against -

PATRICIA HENNESSEY, ESQ. and
COHEN HENNESSEY, BIENSTOCK, P.C.,

        Defendants.

---------------------------------------------------------------X

**Index No.:** 1361/07

Plaintiff designates
WESTCHESTER COUNTY
as the place of trial.

The basis of the venue is:
Defendants' place of business

Defendants' place of business:
445 Hamilton Avenue, Ste. 604
White Plains, NY 10601

**To the above named Defendants:**

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:    White Plains, New York
             January 22, 2007

RECEIVED
JAN 23 2007
TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

Yours, etc.
Law Offices of Paul I. Marx

_____
Paul I. Marx
Attorney for the Plaintiff
One North Lexington Avenue
White Plains, New York 10601
(914) 969-4760

To:    PATRICIA HENNESSEY, ESQ.
       c/o COHEN HENNESSEY & BIENSTOCK, P.C.
       11 West 42nd Street, 19th Floor
       New York, NY 10036

       COHEN HENNESSEY & BIENSTOCK, P.C.
       11 West 42nd Street, 19th Floor
       New York, NY 10036

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------------------------X
JAYNE ASHER,

              Plaintiff,

- against -

PATRICIA HENNESSEY, ESQ. and
COHEN HENNESSEY, BIENSTOCK, P.C.,

              Defendants.
------------------------------------------------------------X

**VERIFIED COMPLAINT**

Index No.: 361/07

RECEIVED

JAN 23 2007

TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

Plaintiff, Jayne Asher, by her attorneys, The Law Offices of Paul I. Marx, as and for her Verified Complaint against the defendants respectfully shows to the Court and alleges as follows:

### AS AND FOR A FIRST CAUSE OF ACTION

1. That at all time hereinafter mentioned, Plaintiff JAYNE ASHER was and is a resident of the City, County and State of New York.

2. At all times herein relevant, Defendant, PATRICIA HENNESSEY, ESQ. ("Hennessey") was and is an attorney duly licensed to practice Law in the State of New York.

3. At all times hereinafter mentioned, Defendant, HENNESSEY was and is a resident of the County of Westchester, State of New York.

4. That upon information and belief, Defendant, COHEN HENNESSEY & BIENSTOCK, P.C., ("CHB") was and is a professional legal corporation with its principal places of business located at 11 West 42nd Street, 19th Floor, New York, NY 10036 and 445 Hamilton Avenue, White Plains, NY 10601.

1

5. That Defendant HENNESSEY was and is a shareholder and/or officer of Defendant, CHB.

6. That Defendant HENNESSEY was and is an associate of Defendant CHB.

7. That Defendant HENNESSEY was and is a partner in Defendant CHB.

8. That Defendant HENNESSEY was and is a member of Defendant CHB.

9. That prior to February 1, 2003 Plaintiff JAYNE ASHER retained Defendants HENNESSEY and CHB to represent her in the action entitled Jayne Asher v. Sanford Asher (New York County Index Number 350060/01) ("the divorce action").

10. That on and before February 1, 2003, Defendant CHB, held themselves out as attorneys knowledgeable, capable and competent to represent persons in a variety of matters and, in particular, Plaintiff herein with respect to the prosecution of the divorce action.

11. That on and or before, February 1, 2003 Defendant, HENNESSEY held herself out as an attorney knowledgeable, capable and competent to represent persons in a variety of matters and, in particular, Plaintiff herein with respect to the prosecution of the divorce action.

12. That the Defendants, HENNESSEY and CHB, jointly and severally, failed to properly, diligently and adequately represent Plaintiff's interests in connection with the divorce action.

13. That during the course of Defendants' representation of Plaintiff in the divorce action, a Stipulation of Settlement (the "Stipulation"), negotiated and approved by Defendants HENNESSEY and CHB was entered into by Jayne Asher and Sanford Asher on or about October 15, 2002.

14. That by the terms of the Stipulation, JAYNE ASHER was given the right to elect, upon the terms and conditions set forth in the Stipulation, to assume and/or continue ownership of certain life insurance policies (the "life insurance policies") on the life of Plaintiff's ex-husband Sanford Asher.

15. That pursuant to Article IX of the Stipulation, Plaintiff was given the right, at her option and expense, to assume an existing term life insurance policy on the life of her ex-husband issued by Berkshire Life Insurance Company with a death benefit of One Million Dollars ($1,000,000.00) if she so elected in writing by February 1, 2003.

16. That pursuant to Article IX of the Stipulation, Plaintiff was given the right, at her option and expense, to retain ownership of an existing variable life insurance policy issued on the life of her ex-husband by New England Financial Life Insurance Company with a death benefit of One Million Dollars ($1,000,000.00), if she notified her ex-husband of her intent to do so by February 1, 2003.

17. That Defendants, and each of them, failed to timely exercise Plaintiff's right of election to the life insurance policies.

3

18. That by reason of Defendants' failure to timely exercise the rights of election, Plaintiff was barred from doing so and lost the benefit of the life insurance policies.

19. That the Defendants, jointly and severally were negligent and deviated from good and accepted legal practice in the handling of the prosecution of the divorce action by acting in dereliction of their legal and ethical obligations and responsibilities to Plaintiff herein and committing misconduct, including failing to timely exercise Plaintiff's rights of election under the Stipulation; in failing to notify Plaintiff's ex-husband's attorneys of her elections; in breaching the contractual retainer agreement between the parties; in negligently ignoring the matter; in failing to provide good, proper, honest and competent legal advice; in failing to provide qualified attorneys with knowledge of the facts to represent Plaintiff's interest; in failing to communicate with Plaintiff and advise that the election must/should be exercised on or before a date certain; in giving Plaintiff incorrect and fallacious advice regarding the rights of election under the Stipulation; in incorrectly advising as to the meaning and import of the terms of the Stipulation and in other ways, not yet known, acting negligently.

20. That but for the negligence and actions and/or inactions of Defendants, and each of them, Plaintiff herein would have timely and properly exercised her rights of election to the insurance policies under the Stipulation.

4

21. That by reason of the foregoing, Plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all other Courts which would otherwise have jurisdiction.

22. The limited liability provisions of CPLR §1601 do not apply pursuant to one or more of the exceptions of CPLR §1602.

## AS AND FOR A SECOND CAUSE OF ACTION

23. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "22" of this Complaint as if each were set forth fully herein.

24. That following Defendants' failure to timely and properly exercise Plaintiff's rights of election pursuant to the Stipulation, Defendants embarked upon and continued legal proceedings designed to attempt to remedy their failure to exercise Plaintiff's rights of election and brought motions, appeals and other legal proceedings in furtherance of same.

25. That by decision and order of the Appellate Division of the State of New York, Second Department dated February 24, 2004, the Court determined fully and finally that Plaintiff was not entitled to ownership of the life insurance policies by reason of the Defendants' failure to timely and properly exercise Plaintiff's rights of election to the life insurance policies under the Stipulation.

27. That Defendants charged Plaintiff legal fees in connection with their failed and futile efforts to remedy their failure to timely and properly exercise Plaintiff's rights of election under the Stipulation.

5

28. That but for the negligence and acts and omissions of Defendants, Plaintiff would not have incurred the legal fees and expenses incurred by her in connection with the motions and appeals and/or other legal proceedings brought by Defendants in an effort to remedy their failure to properly and timely exercise the rights of election to the life insurance policies under the Stipulation.

29. That by reason of the foregoing, Plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all other Courts which would otherwise have jurisdiction.

### AS AND FOR A THIRD CAUSE OF ACTION

30. Plaintiff repeats and reiterates each and every allegation contained in paragraphs "1" through "29" of this Complaint as if each were set forth fully herein.

31. That Plaintiff was compelled by Court Order, to pay the legal fees and expenses incurred by her ex-husband in defense of the motions, appeals and other legal proceedings, brought by Defendants in an effort to remedy their failure to properly and timely exercise the rights of election to the life insurance policies under the Stipulation.

32. That but for the negligence and acts and omissions of defendants, plaintiff would not have been compelled to pay the legal fees and expenses incurred by her ex-husband in defense of the motions, appeals and other legal proceedings brought by Defendants in an effort to remedy their failure to

properly and timely exercise the rights of election to the life insurance policies under the Stipulation.

33.  That by reason of the foregoing, Plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all other Courts which would otherwise have jurisdiction.

**WHEREFORE,** Plaintiff respectfully demands judgment of the Defendants, HENNESSEY and CHB on each and every cause of action set forth herein in an amount that exceeds the jurisdictional limits of all other Courts which would otherwise have jurisdiction together with the costs, interest and disbursements of this action.

Dated:   White Plains, New York
         January 22, 2007

                                    Yours, etc.
                                    Law Offices of Paul I. Marx

                                    _____
                                    Paul I. Marx
                                    Attorney for the Plaintiff
                                    One North Lexington Avenue
                                    White Plains, New York 10601
                                    (914) 969-4760

TO:   PATRICIA HENNESSEY, ESQ.
      c/o COHEN HENNESSEY & BIENSTOCK, P.C.
      11 West 42nd Street, 19th Floor
      New York, NY 10036

      COHEN HENNESSEY & BIENSTOCK, P.C.
      11 West 42nd Street, 19th Floor
      New York, NY 10036

## ATTORNEY VERIFICATION

STATE OF NEW YORK   )
                                        ss.:
COUNTY OF WESTCHESTER)

I, the undersigned, am an attorney admitted to practice in the Courts of the State of New York, and say that:

I am the attorney of record, or of counsel with the attorney of record, for plaintiff. I have read the annexed Summons and Verified Complaint and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following:

Information, file and investigation conducted.

I make this affirmation instead of plaintiff because the undersigned maintains offices in the County other than where plaintiff resides.

I affirm that the foregoing statements are true under penalties of perjury.

Dated: White Plains, New York
       January 22, 2007

_____
Paul I. Marx

Index No.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

JAYNE ASHER,

        Plaintiff,

- against -

PATRICIA HENNESSEY, ESQ. and
COHEN HENNESSEY, BIENSTOCK, P.C.,

        Defendants.

## SUMMONS & VERIFIED COMPLAINT

### LAW OFFICES OF PAUL I. MARX
ATTORNEY AT LAW

Attorney for         Plaintiff

THE GATEWAY BUILDING
ONE NORTH LEXINGTON AVENUE
WHITE PLAINS, NEW YORK 10601
(914) 949-4760
FAX    (914) 949-4141

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: White Plains, NY
January 22, 2007

Print Signer's Name    Paul I. Marx

Service of a copy of the within         Is hereby admitted.

Dated:

Attorney(s) for

**PLEASE TAKE NOTICE**

☐   that the within is a (certified) true copy of a
NOTICE OF   entered in the office of the clerk of the within named Court on
ENTRY

☐   that an Order of which the within is a true copy will be presented for settlement to the
NOTICE OF   Hon.         One of the judges of the within named Court,
SETTLEMENT   at
on         , at     .M.

Dated:         **LAW OFFICES OF PAUL I. MARX**
Attorney for:
One North Lexington Avenue
To:         White Plains, New York 10601