



July 11, 2007

Pat Hennessey
Cohen, Hennessey, Bienstock & Rabin, P.C.
11 West 42nd St, 19th Floor
New York, NY 10036

**VIA FACSIMILE Only – 1-212-764-3925**

Re:   Claim No:   616514 / 621072
      Insured:    Cohen, Hennessey, Bienstock & Rabin, P.C.
      Policy No:  NRL004960
      Claimant:   Jayne Asher

Jared R. Anderson, J.D.
Legal Malpractice Group
Claims Specialist

**Commercial Insurance**
Westport Insurance Corporation
5200 Metcalf
P.O. Box 29221
Overland Park, KS 66201

Telephone 913.676.5324
Fax 877.880.1590
www.swissre.com

Overland Park

Dear Ms. Hennessey:

As you are aware, the Westport Insurance Corporation (hereinafter "Westport" or "The Company"), provides lawyers professional liability insurance, subject to various terms and conditions, on a claims-made basis to Cohen, Hennessey & Bienstock, P.C., pursuant to Policy No. NRL-004960, with effective dates from March 14, 2006 to March 14, 2007.

Westport was first placed on notice of the above-referenced matter on or about July 26, 2006. By letter to you dated August 11, 2006, Westport acknowledged receipt of notification of the claim made by Jayne Asher. Based on the information reported at that time, there were no coverage issues brought to our attention. Westport also assigned defense counsel, Rivkin Radler, to represent your interests.

Suit was filed in early 2007, and for the first time, Westport learned of a potential prior notice issue based on the information contained in the complaint. On March 22, 2007, Westport reserved our rights and defenses based on a prior notice issue. In addition, Westport requested the insured to submit any and all additional relevant information so that Westport could continue their coverage evaluation. Westport did not receive any additional information at such time. On June 5, 2007, Westport again issued a full Reservation of Rights letter and once again requested the insured to submit further information so that our coverage evaluation could continue. The insured submitted the requested documentation on June 13, and June 19, 2007 respectfully. Based upon the recently received new information, Westport has been able to complete its coverage evaluation.

Based on that investigation, we must now advise you that pursuant to Exclusion B, the policy does not afford coverage for this claim. Pursuant to the **EXCLUSIONS** section of this policy, it states:

   This Policy does not apply to:

  B.  any CLAIM arising out of any act, error, omission or PERSONAL INJURY occurring prior to the effective date of this policy if any INSURED at the effective date knew or could have reasonably foreseen that such act, error, omission or PERSONAL INJURY might be expected to be the basis of a CLAIM or suit;

As you are aware, this claim arises from Cohen, Hennessey, Bienstock & Rabin's representation to Jayne Asher in an underlying divorce proceeding. As part of the representation, Ms. Hennessey took part in negotiating and approving a Stipulation of Settlement on or about October 15, 2002. According to the terms of the Stipulation, Ms. Asher had a deadline of February 1, 2003, to make an election to the ownership of certain life insurance policies owned by Mr. Asher. Despite correspondence being sent between each of the attorneys of record regarding the upcoming deadline, Ms. Asher and her attorney, Ms. Hennessey, failed to make a timely election. Ms. Hennessey continued her efforts to convince the courts that the parties were in continued negotiations in relation to the policies, and thus, the election was not untimely. However, when the process was complete, the New York Appellate Division, First Department, issued an Order on February 24, 2004, ruling that Ms. Asher lost her right of election to the life insurance policies in question due to the failure to comply with the February 1, 2003, deadline.

Our investigation has revealed that you were aware of the order of the Appellate Division, First Department, dated February 24, 2004. That Order found that Ms. Asher lost her right of election to her husband's life insurance policies due to the failure to timely exercise certain rights or take certain steps under the October 15, 2002 Stipulation on or before February 1, 2003. Your firm represented Ms. Asher in her divorce proceeding, the October 2002 Stipulation, and the negotiations, communications, and activities related to the insurance policies in question and her right of election. The correspondence and documents indicate you continued to represent her after the stipulation was executed. The Stipulation specifically set a deadline of February 1, 2003 to make the election in relation to the ownership of the life insurance policies in question. Ms. Hennessey, as attorney of record, failed to make the election on behalf of the client in a timely fashion.

Therefore, there is objective evidence that you were aware of an act, error, or omission which you knew or could reasonably foresee might be expected to be the basis of a claim or suit against you when the February 24, 2004 Appellate Division Order found that Ms. Asher lost any rights to the policies due to the failure to comply with the Stipulation. This was known prior to the Westport policy effective date of March 14, 2006.

Therefore, Exclusion B precludes coverage for the suit subsequently filed by the plaintiff.

Based upon this disclaimer of coverage pursuant to Exclusion B, Westport will not afford coverage to you for liability or the further defense of this case. Specifically, we will not pay or be responsible for any defense costs incurred after August 15, 2007. Under such circumstances, you may choose to either continue with current counsel or retain new counsel to defend your interests in this case. Either way, it will be done at your own expense.

We also wish to point out that all of the coverage issues set forth in this letter and our prior letters continue to be asserted as if fully set forth herein. No action taken by Westport or its representatives shall be considered or deemed a waiver or estoppel of its rights or defenses under the Policy, all such rights or defenses being hereby specifically reserved.

We trust that the foregoing will serve to apprise you of Westport's position regarding coverage for this matter. If you have any questions or comments concerning this letter, or if you have any information that would impact upon or cause Westport to alter or reconsider its coverage position, please contact us immediately.

Very truly yours,

Jared Anderson, J.D.
Claims Specialist – Lawyers Group
Westport Insurance Corporation
913-676-5324, telephone
877-880-1590, fax

cc: Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
150 East 42nd Street
New York, New York 10017
Attn: Mark K. Anesh, Esq.
Mark.Anesh@WilsonElser.com
Your File No.: 05302.00249

John Fried, Esq.
Fried & Epstein, LLP
1350 Broadway, Suite 1400
New York, NY 10018
1-212-268-3110 (fax)

Doug Tischler, Esq.
Rivkin Radler, LLP
926 RexCorp Plaza
Uniondale, New York 11566-0926
Doug.Tischler@Rivkin.com