



Jared R. Anderson, J.D.
Legal Malpractice Group
Claims Specialist

Pat Hennessey
Cohen, Hennessey, Bienstock & Rabin, P.C.
11 West 42nd St, 19th Floor
New York, NY 10036

**Commercial Insurance**
Westport Insurance Corporation
5200 Metcalf
P.O. Box 29221
Overland Park, KS 66201

**VIA FACSIMILE Only – 1-212-764-3925**

Telephone 913.676.5324
Fax 877.880.1590
www.swissre.com

Re:  Claim No:  616514
     Insured:   Cohen, Hennessey, Bienstock & Rabin, P.C.
     Policy No: NRL004960
     Claimant:  Jayne Asher

Overland Park
March 22, 2007

Dear Ms. Hennessey:

This letter follows our receipt of recent information as it relates to the claim against you in the above referenced matter. We are currently evaluating the policy coverage as it relates to same.

As you know, Westport Insurance Corporation issued a Lawyers Professional Liability Insurance Policy to Cohen, Hennessey, Bienstock & Rabin, P.C. under Policy No. NRL004960 with effective dates from 3/14/2006 to 3/14/2007. This is a claims made and reported policy with liability limits of $2,000,000 per claim and $2,000,000 in the aggregate for the policy period. The policy also contains a $10,000 deductible. The limits of liability are excess of the deductible. The claims expenses reduce your limits of liability up to 50%. In addition, 50% of your deductible is applicable to claims expenses with the remaining 50% being paid toward LOSS.

It is my understanding that this claim arises from your representation of Ms. Asher in a recent divorce proceeding. Ms. Asher's attorney is alleging that you were negligent in failing to timely exercise her right of election to the life insurance policy and variable policy. As such, it is claimant's position that she has sustained damages as a result of your alleged negligence. Due to the allegations and information contained in the complaint, we must direct your attention to the following provisions of your policy.

### LAWYERS PROFESSIONAL LIABILITY INSURANCE

In consideration of the payment of the premium and in reliance upon the statements in the application and supplements attached hereto and made a part hereof, and subject to all of the terms of the policy, the Company agrees with the NAMED INSURED as follows:

### INSURING AGREEMENTS

### I. COVERAGE - PROFESSIONAL LIABILITY

A.   The Company will pay on behalf of any INSURED those sums in excess of the deductible which any INSURED becomes legally obligated to pay as DAMAGES as a result of CLAIMS first made against any INSURED during the POLICY PERIOD, any continuous renewal of this policy, or during any Extended Reporting Period; when reported in accordance with Conditions I.A. of the policy. The CLAIM must arise by reason of an act, error, omission or PERSONAL INJURY occurring on or after the RETROACTIVE DATE, if any. Coverage shall apply to any such CLAIMS arising out of services rendered or which should have been rendered by any INSURED, and arising out of the conduct of the INSURED'S profession as a lawyer, or as a lawyer acting in the capacity of an Arbitrator, Mediator, Title Insurance Agent or Notary Public.

### CONDITIONS

### III. REPORTING OF POTENTIAL CLAIMS

If, during the POLICY PERIOD, an INSURED first becomes aware of a potential CLAIM (i.e., any act, error, omission or PERSONAL INJURY which might reasonably give rise to a CLAIM against any INSURED under this policy) and gives written notice of such potential CLAIM to the Company during the POLICY PERIOD, any CLAIM subsequently made against any INSURED arising out of that act, error, omission or PERSONAL INJURY shall be considered to have been made during the POLICY PERIOD

Written notice of a potential CLAIM shall include:

A.  the specific act, error, omission or PERSONAL INJURY, including the date(s) thereof; and

B.  the injury or DAMAGE that may reasonably result; and

C.  the date and circumstances by which the INSURED became aware of the act, error, omission or PERSONAL INJURY.

The complaint indicates that the Appellate Division of the State of New York 2nd Department issued a full and final decision on February 24, 2004, that Ms. Asher was not entitled to ownership of the life insurance policies by reason of an untimely exercise of rights of election to the life insurance policies under the Stipulation. It is possible that this was notice of a potential claim that should have been reported during your 2004-2005 policy period. As such, we are continuing to investigate this coverage issue.

Therefore, Westport will provide you a defense under a full reservation of rights, including the right to withdrawal from the defense. Please be advised that nothing in this letter constitutes a waiver of any right or defense of Westport under its policies of insurance or applicable law. Westport reserves all of its rights and defenses, whether or not state herein. Unless expressly stated, no action or inaction will serve to waive or modify this reservation of rights.

Additional investigation may provide other information bearing on the question of coverage and Westport may choose to rely on such information as additional grounds to

deny, reject, or decline coverage. Westport expressly reserves and does not waive its right to later seek reimbursement of all amounts paid by it with respect to claims for expenses (including attorney's fees, settlement, or judgment) in the event coverage under the Policy is found to be inapplicable or excluded.

We expressly reserve all rights under the Policy and available at law to deny coverage on additional and alternative bases as other terms, conditions, exclusions, endorsements and provisions of the Policy are found to be applicable. Please note that the full reservation of rights applies to all stated reasons and to all other reasons, known or unknown to us at this time. This reservation of rights is based upon the issues and reasons already discussed herein and any reasons this Corporation provides in future correspondence. You may wish to obtain separate counsel, at your own expense, to protect your interests with regard to any acts excluded by, or otherwise not covered by your policy.

Westport further reserves the right to bring a declaratory relief action, if it would appear to be indicated, in the future, to determine Westport's obligation to further defend or defense, please contact me immediately. **If you have additional information you would like for us to review that you believe is important for this Corporation to consider for the purpose of reconsidering its coverage determination, please forward it to my attention immediately.**

During our recent telephone conference, you indicated that the representation of Ms. Asher continued well beyond the Appellate court decision of February 24, 2004. It is my understanding that you are collecting documentation and preparing a memo outlining the extent of the continued representation. I look forward to receiving the information so that we may continue our coverage evaluation.

This letter is not intended to waive or invalidate any coverage defenses that we may have. *Please direct all communication to me via said fax number listed above. If sent via facsimile, there is no need to follow up with a hard copy. Please be sure to reference the above claim number on all communication.*

Sincerely,

Very truly yours,

Jared Anderson, J.D.
Claims Specialist – Lawyers Group
Westport Insurance Corporation
913-676-5324, telephone
877-880-1590, fax
Janice DiGennaro
1-516-357-3333 (fax)