# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WESTPORT INSURANCE CORPORATION,

      Plaintiff,

-against-

PATRICIA HENNESSEY, ESQ., and COHEN,
HENNESSEY, BIENSTOCK & RABIN, P.C.
f/k/a COHEN, HENNESSEY, BIENSTOCK, P.C.,

      Defendants.
------------------------------------------------------------X



JUDGE STEIN
07 CIV 6726

COMPLAINT

RECEIVED
JUL 2 6 2007
U.S.D.C. S.D.N.Y.
CASHIERS

NOW COMES the Plaintiff, WESTPORT INSURANCE CORPORATION, by and through its attorneys Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, and in support of its complaint for a Declaratory Judgment, states and alleges as follows:

## THE PARTIES

1. Plaintiff WESTPORT INSURANCE CORPORATION ("Westport") is a corporation duly organized and incorporated under the laws of the State of Missouri and has its principal place of business in Kansas City, Missouri.

2. Defendant PATRICIA HENNESSEY, ESQ. (hereinafter "Ms. Hennessey") is an attorney admitted to the bar of, and licensed to practice in, the State of New York, is a partner and/or shareholder of the firm COHEN, HENNESSEY, BIENSTOCK & RABIN, P.C. f/k/a COHEN, HENNESSEY, BIENSTOCK, P.C., and has her principal office for the practice of law at 11 West 42nd Street, 19th Floor, New York, New York 10036.

3. Defendant COHEN, HENNESSEY, BIENSTOCK & RABIN, P.C. f/k/a COHEN, HENNESSEY, BIENSTOCK, P.C. (hereinafter the "Cohen firm") is a professional corporation

2875871.1

# EXHIBIT 1

Case 1:07-cv-06726-SHS   Document 17-2   Filed 12/07/2007   Page 3 of 10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
WESTPORT INSURANCE CORPORATION,

        Plaintiff,

-against-

PATRICIA HENNESSEY, ESQ., and COHEN,
HENNESSEY, BIENSTOCK & RABIN, P.C.
f/k/a COHEN, HENNESSEY, BIENSTOCK, P.C.,

        Defendants.
----------------------------------------------------------X

JUDGE STEIN

Case No. 07 CIV 6726

COMPLAINT


RECEIVED
JUL 2 6 2007
U.S.D.C. S.D. N.Y.
CASHIERS

NOW COMES the Plaintiff, WESTPORT INSURANCE CORPORATION, by and through its attorneys Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, and in support of its complaint for a Declaratory Judgment, states and alleges as follows:

### THE PARTIES

1. Plaintiff WESTPORT INSURANCE CORPORATION ("Westport") is a corporation duly organized and incorporated under the laws of the State of Missouri and has its principal place of business in Kansas City, Missouri.

2. Defendant PATRICIA HENNESSEY, ESQ. (hereinafter "Ms. Hennessey") is an attorney admitted to the bar of, and licensed to practice in, the State of New York, is a partner and/or shareholder of the firm COHEN, HENNESSEY, BIENSTOCK & RABIN, P.C. f/k/a COHEN, HENNESSEY, BIENSTOCK, P.C., and has her principal office for the practice of law at 11 West 42nd Street, 19th Floor, New York, New York 10036.

3. Defendant COHEN, HENNESSEY, BIENSTOCK & RABIN, P.C. f/k/a COHEN, HENNESSEY, BIENSTOCK, P.C. (hereinafter the "Cohen firm") is a professional corporation

2875871.1

duly organized and incorporated under the laws of the State of New York with its principal place of business at 11 West 42nd Street, 19th Floor, New York, New York 10036.

## JURISDICTION AND VENUE

4. Jurisdiction for this action is founded on 28 U.S.C. §1332 as the parties to this action are citizens of different states and the amount in controversy exceeds $75,000.

5. Venue is proper in this district, in accordance with 28 U.S.C. §1391(a)(1) and (2), as defendants reside or have their principal places of business in New York County, New York within the Southern District of New York and a substantial part of the events giving rise to this claim occurred within the judicial district of the Southern District of New York.

## FACTUAL ALLEGATIONS

6. Westport issued to the Cohen firm a Lawyers Professional Liability Insurance Policy for legal malpractice claims made against the firm and its individual attorneys, for the policy period of, and for claims made between March 14, 2006 and March 14, 2007. Copies of the Lawyers Professional Liability Insurance Policy issued by Westport, the Declarations, and New York Disclosure Form are collectively annexed hereto as **Exhibit "A"**.

7. The Policy contains the following Exclusion:

> This policy does not apply to:
> \*\*\*
> B.   any CLAIM arising out of any act, error, omission or PERSONAL INJURY occurring prior to the effective date of this policy if any INSURED at the effective date knew or could have reasonably foreseen that such act, error, omission or PERSONAL INJURY might be expected to be the basis of a CLAIM or suit;

(See Exhibit "A" at p.4).

2

2875871.1

8.  On or about July 26, 2006, the Cohen firm first notified Westport in writing of a potential legal malpractice claim against the firm and/or its individual attorneys arising out its representation of Jayne Asher (hereinafter "Ms. Asher"), in a divorce proceeding which was initiated by Ms. Asher's ex-husband, Sanford Asher (hereinafter "Mr. Asher") in 2001.

9.  According to the Verified Complaint by Ms. Asher against the Cohen firm (annexed hereto as **Exhibit "B"**), which was filed in the clerk's office of the Supreme Court, Westchester County, on or about January 23, 2007, Ms. Asher is seeking damages for legal malpractice against the Cohen firm for their alleged malpractice that occurred on or about February 1, 2003.

10. Ms. Asher alleged that during the course of the Cohen firm's representation of Ms. Asher in her divorce action, a Stipulation of Settlement (hereinafter "the Stipulation"), negotiated and approved by the Cohen firm, was entered into by Ms. Asher and Mr. Asher on or about October 15, 2002, and that by the terms of the Stipulation, Ms. Asher was given the right to elect, upon the terms and conditions set forth in the Stipulation, to assume and/or continue ownership of certain life insurance policies on the life of Ms. Asher's ex-husband Mr. Asher, if she so elected in writing by February 1, 2003.

11. Ms. Asher further alleged that the Cohen firm failed to timely exercise Ms. Asher's right of election to the life insurance policies, and that by reason of the Cohen firm's failure to timely exercise Ms. Asher's rights of election, Ms. Asher was barred from doing so and lost the benefit of the life insurance policies.

12. It was also alleged in Ms. Asher's Complaint that following the Cohen firm's failure to timely and properly exercise Ms. Asher's rights of election pursuant to the Stipulation, the Cohen firm embarked upon and continued legal proceedings designed to attempt to remedy

3

2875871.1

their failure to exercise Ms. Asher's rights of election and brought motions, appeals and other legal proceedings in furtherance of same.

13. Ms. Asher alleged that by decision and order of the Appellate Division of the State of New York, Second Department dated February 24, 2004[1], the Court determined fully and finally that Ms. Asher was not entitled to ownership of the life insurance policies by reason of the Cohen firm's failure to timely and properly exercise Ms. Asher's rights of election to the life insurance policies under the Stipulation.

14. It was also alleged by Ms. Asher that she was charged legal fees by the Cohen firm in connection with their failed attempt to remedy their failures, as well as charged with the responsibility to pay legal fees and expenses incurred by her ex-husband in defense of the Cohen firm's motions, appeals and other legal proceedings.

15. Upon information and belief, the damages sought by Ms. Asher exceed $75,000.

16. By letter dated March 22, 2007, Westport acknowledged receipt of the Cohen firm's notice of Ms. Asher's legal malpractice lawsuit, and asked the Cohen firm to provide Westport with additional information regarding Ms. Asher's claim in order to complete a full coverage analysis.

17. The March 22, 2007 letter was a full reservation of rights letter to the Cohen firm in which Westport advised, inter alia, that the allegations in Ms. Asher's Complaint show that the Cohen firm had possibly received "notice of a potential claim" when the Appellate Division issued the order of February 24, 2004. The letter noted that "[Westport] expressly reserve[s] all rights under the Policy and available at law to deny coverage on additional and alternative bases

---

[1] The correct order was issued by the Appellate Division, First Department.

as other terms, conditions, exclusions, endorsements and provisions of the Policy are found to be applicable." The letter also advised that "Westport further reserves the right to bring a declaratory relief action, if it would appear to be indicated, in the future, to determine Westport's obligation to further defend or defense."

18. Westport thereafter assigned defense counsel to the Cohen firm for Ms. Asher's claim.

19. After receipt of further correspondence from the Cohen firm, Westport, by letter dated July 11, 2007 (annexed hereto as **Exhibit "C"**), advised the Cohen firm and Ms. Hennessey that pursuant to Exclusion "B," it is not obligated under the Policy to defend or indemnify them in the Asher action and that it will not pay or be responsible for any defense costs from 30 days from the date of the letter.

### FIRST CAUSE OF ACTION – DECLARATORY JUDGMENT

20. A dispute between Westport and Ms. Hennessey and the Cohen firm has arisen concerning Westport's obligation under the Policy to afford coverage to Ms. Hennessey and the Cohen firm for the case brought against them by Ms. Asher.

21. Exclusion "B" of the Policy states:

This policy does not apply to:

\*\*\*

B. any CLAIM arising out of any act, error, omission or PERSONAL INJURY occurring prior to the effective date of this policy if any INSURED at the effective date knew or could have reasonably foreseen that such act, error, omission or PERSONAL INJURY might be expected to be the basis of a CLAIM or suit;

(See Exhibit "A" at p.4)

22. Given the failure to timely exercise Ms. Asher's rights of election of the life insurance polices under the Stipulation by February 1, 2003, and their knowledge of the February 24, 2004 Appellate Division, First Department's order which determined fully and finally that Ms. Asher was not entitled to ownership of the life insurance policies by reason of the failure to timely and properly exercise such rights, Ms. Hennessey and the Cohen firm "at the effective date (of the Policy) knew or could have reasonably foreseen that such act, error, omission or PERSONAL INJURY might be expected to be the basis of a CLAIM or suit."

23. Exclusion "B" therefore applies to and precludes coverage under the Policy for the case brought by Ms. Asher against Ms. Hennessey and the Cohen firm.

24. As a result of the foregoing, Westport is not obligated to afford coverage under the Policy to Ms. Hennessey and the Cohen firm in the case brought by Ms. Asher.

25. Westport respectfully requests that this Court resolve and adjudicate the dispute between the parties, Westport, Ms. Hennessey, and the Cohen firm, and declare the rights and duties of Westport under the Policy.

WHEREFORE, Plaintiff WESTPORT INSURANCE CORPORATION respectfully requests that this Court issue a declaratory judgment against the defendants PATRICIA HENNESSEY, ESQ., and COHEN, HENNESSEY, BIENSTOCK & RABIN, P.C. f/k/a COHEN, HENNESSEY, BIENSTOCK, P.C., declaring as follows:

(a) Based upon Exclusion "B" of the Policy, Plaintiff WESTPORT INSURANCE CORPORATION is not obligated to afford coverage, including loss or defense costs, to Defendants PATRICIA HENNESSEY, ESQ. and COHEN, HENNESSEY, BIENSTOCK & RABIN, P.C. f/k/a COHEN, HENNESSEY, BIENSTOCK, P.C. for the lawsuit entitled Jayne Asher v. Patricia Hennessey, Esq. and Cohen, Hennessey, Bienstock, P.C., filed in Supreme

Court for the State of New York, County of Westchester, Index No. 1361/07; and

(b)  for such other and further relief as the Court may deem just and proper.

Dated: New York, New York
July 17, 2007

Yours, etc.

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____
Mark K. Anesh (MA8303)
*Attorneys for Plaintiff*
WESTPORT INSURANCE CORPORATION
150 East 42nd Street
New York, New York 10017-5639
(212) 490-3000
File No.: 05302.00249

2875871.1

7