# EXHIBIT 3

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: Hon Joan B Lobis                                    PART 10
                    Justice

J. A.                                          INDEX NO.    350068-01
                                               MOTION DATE  4/22/03
            - v -                              MOTION SEQ. NO.  07
S. A.                                          MOTION CAL. NO. _____

The following papers, numbered 1 to 12 were read on this motion to/for _____

|                                                                 | PAPERS NUMBERED |
|---|---|
| Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ... | 1-5 |
| Answering Affidavits — Exhibits                                  | 6-10 |
| Replying Affidavits                                              | 11-12 |

Cross-Motion:  ☐ Yes   ☒ No

Upon the foregoing papers, it is ordered that this motion

MOTION DECIDED IN ACCORDANCE WITH
ACCOMPANYING DECISION AND ORDER

received May 28 03

Dated: 5/22/03                                    _____
                                                        J.S.C.

Check one:   ☒ FINAL DISPOSITION        ☐ NON-FINAL DISPOSITION

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE _____

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY: IAS PART 20
---------------------------------------------------------------X
J.A.,                                                              Index No. 350060/01

                      Plaintiff,

                                            **Decision and Order**

            -against-

S.A.,

                      Defendant.
---------------------------------------------------------------X
**JOAN B. LOBIS, J.S.C.:**

        Defendant former husband moves, by order to show cause, for an order directing plaintiff to execute and deliver to him a form of transfer of ownership of the whole life insurance policy described in Article IX of the parties' stipulation of settlement, dated October 15, 2002 (the "Stipulation") and awarding defendant costs and counsel fees for enforcing the Stipulation.

        Article IX, paragraph 2 of the parties' Stipulation refers to two life insurance policies on the defendant's life. As to one of the two policies, the Stipulation states that plaintiff is the owner of a variable ordinary life policy on defendant's life, New England Financial Policy No. 07092811 (the "Policy"), which has a death benefit of $1,000,000 and a cash surrender value of approximately $230,000.00. Plaintiff was to transfer the ownership of the Policy to the defendant by February 1, 2003, unless she notified him that she was electing to retain ownership of the Policy. If she elects to retain ownership, plaintiff is to give defendant the cash surrender value of the Policy as of the date of execution of the Stipulation. The Stipulation further recites that the annual premiums of $19,785 on the Policy were paid through February 11, 2003, and that if the wife elects to retain the Policy,

-1-

she is to reimburse the husband for the cost of the pre-paid premium from the date that she takes ownership of the Policy. The Stipulation provides that the transfer of ownership of the Policy or the proceeds of the Policy loan, if the wife elects to retain ownership of the Policy, shall be accomplished within sixty (60) days of the date the wife notifies the husband of her decision with respect to the Policy.

Despite correspondence from defendant's counsel to the plaintiff's counsel prior to the February 1, 2003 deadline, plaintiff failed to make her election by February 1. Rather, correspondence reveals that plaintiff had ideally wished to obtain new, less expensive policies on her former husband's life. It appears from the papers that it is not possible to obtain new policies because defendant's health is standing in the way of the issuance of a new policy.

Section 236(B)(8)(a) of the Domestic Relations Law provides that:

> **Special relief in matrimonial actions.** a. In any matrimonial action the court may... order a party to purchase, maintain or assign a policy of accident insurance or insurance on the life of either spouse, and to designate in the case of life insurance, either spouse or children of the marriage, or in the case of accident insurance, the insured spouse as irrevocable beneficiaries during a period of time fixed by the court. The obligation to provide such insurance shall cease upon the termination of the spouse's duty to provide maintenance, child support or a distributive award. A copy of such order shall be served, by registered mail, on the home office of the insurer specifying the name and mailing address of the spouse or children, provided that failure to so serve the insurer shall not effect the validity of the order.

Appellate courts have held that it is an abuse of discretion for a trial court to fail to order the payor to maintain an insurance policy to secure payments of maintenance and child support or an award

of equitable distribution. Recuppio v. Recuppio, 246 A.D.2d 342 (1st Dep't 1998); see also Gold v. Gold, 276 A.D.2d 587 (2d Dep't 2000) Miness v. Miness, 229 A.D.2d 520, 521 (2d Dep't 1996). Given the strong public policy in favor of requiring security for future payments, and plaintiff's counsel's statements that plaintiff is otherwise unable to obtain insurance on defendant's life due to his age and health, this court declines to find that plaintiff is in default under the Stipulation.

Accordingly, plaintiff has an additional thirty (30) days from the date of this decision to make her election under Article IX of the Stipulation. All payments required under the Stipulation will be governed by the February 1, 2003 date in the Stipulation. Moreover, plaintiff is responsible for the payment of interest to defendant, at the statutory rate, from April 1, 2003, on payment of the cash surrender value of the policy.

The motion is decided in accordance with the foregoing. Defendant's request for counsel fees and costs is denied. This constitutes the decision and order of the court.

Dated: May 22, 2003

_____
JOAN B. LOBIS, J.S.C.