# EXHIBIT 4

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: Hon JOHN B. COBB                                         PART 10
         _____
                 Justice

J.A.
                                        INDEX NO.         350060-01
         -v-                            MOTION DATE       07/24/13
S.A.                                    MOTION SEQ. NO.   09
                                        MOTION CAL. NO.

The following papers, numbered 1 to 9 were read on this motion to/for _____

                                                          PAPERS NUMBERED

Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ...    1-6

Answering Affidavits — Exhibits                                       7-8

Replying Affidavits                                                    9

Cross-Motion:  ☐ Yes  ☒ No

Upon the foregoing papers, it is ordered that this motion

MOTION DECIDED IN ACCORDANCE WITH
ACCOMPANYING DECISION AND ORDER

Dated: 8/4/03                                          _____
                                                              J.S.C.

Check one:  ☒ FINAL DISPOSITION   ☐ NON-FINAL DISPOSITION

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT:  HON. JOAN B. LOBIS            PART 20
                *Justice*

| | | |
|---|---|---|
| J. A. | Plaintiff | INDEX NO. 350060/01 |
| | | MOTION DATE 07/24/03 |
| - v - | | MOTION SEQ. NO. 008 |
| S. A. | Defendant | MOTION CAL. NO. |

The following papers, numbered 1 to ___ were read on this motion to/for ___

| | PAPERS NUMBERED |
|---|---|
| Notice of Motion / Order to Show Cause — Affidavits — Exhibits | 1-6 |
| Answering Affidavits — Exhibits | 7-8 |
| Replying Affidavits | 9-10 |

Cross-Motion:  [ ] Yes  [X] No

Upon the foregoing papers, it is ordered that this motion

MOTION DECIDED IN ACCORDANCE WITH
ACCOMPANYING DECISION AND ORDER

Dated: 8/4/03                                             /s/ JBL
                                                    JOAN B. LOBIS, J.S.C.

Check one:  [X] FINAL DISPOSITION      [ ] NON-FINAL DISPOSITION

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY: IAS PART 20
-------------------------------------------------------------X
J.A.,                                                              Index No. 350060/01

               Plaintiff,
                                                 **Decision and Order**

    -against-

S.A.,

               Defendant.
-------------------------------------------------------------X
JOAN B. LOBIS, J.S.C.:

        Motion Sequence Numbers 008 and 009 are consolidated for disposition. In Motion Sequence 008, defendant former husband moves for an order granting reargument, reconsideration and/or clarification of this court's decision and order, dated May 22, 2003 (the "May 2003 Order"), which gave plaintiff an additional thirty (30) days from the date of the decision to make her election under Article IX of the parties' stipulation of settlement, dated October 15, 2002 (the "Stipulation") with respect to the life insurance policy. In Motion Sequence 009, plaintiff seeks to compel defendant to comply with and render specific performance of her obligations under Article II of the Stipulation.

        The May 2003 Order gave plaintiff additional time to make her election based, in part, on the allegation that defendant failed to disclose to plaintiff certain facts about his health which may have contributed to her failure to be able to obtain another insurance policy at a more reasonable cost than the existing policies. In view of the public policy set forth in Domestic Relations Law §236(B)(8)(a) with respect to insurance policies, this court determined that plaintiff should be

-1-

afforded additional time to make her election. Plaintiff has now made her election in accordance with the Stipulation, as modified by the May 2003 Order. Nothing in the present motion raises grounds for reconsideration of the prior decision. Reargument is not warranted since the court did not overlook or misapprehend any factual matter in determining the prior motion. C.P.L.R. 2221(d)(2).

In Motion Sequence 009, defendant claims that plaintiff has failed to comply with the Stipulation because defendant did not receive all of the items of personal property from the Longboat Key Condo that were not previously removed by him and were not sold as part of the contract of sale. The Stipulation states that these items were located in boxes in the Scarsdale residence. In November 2002, defendant's attorney came to the Scarsdale residence to pick up the items from the Longboat Key Condo. No inventory was made at that time, and the boxes were brought to the home of defendant's counsel for storage. Defendant's counsel alleges that in May 2003, defendant came to his attorney's home and upon opening the boxes and conducting an inventory, defendant realized that a number of items were missing. The motion does not contain an affidavit from defendant.

Plaintiff has submitted a sworn affidavit in which she states that she fully complied with the Stipulation by turning over to defendant's counsel all of the items that defendant was entitled to receive. She notes that this was done in November 2002, and that she never heard anything from defendant about these items until in or about June 2003. Having delayed until now, defendant cannot complain about any items that he alleges are missing. If these items were of such importance, defendant should have conducted an inventory at the time the items were removed from

the Scarsdale residence. Defendant's requests to compel compliance and for specific performance are denied.

The motions are decided in accordance with the foregoing. Defendant's request for counsel fees and costs is denied. Defendant is represented by the law firm of which he is a named partner and of which he has a 99.5% ownership interest. The papers admit that defendant is not incurring a direct legal fee. The basis for the fee request is that "the firm is incurring a loss in that time spent on this motion could have been allocated to other billable matters." This contention does not provide a basis for an award of counsel fees to defendant.[1] This constitutes the decision and order of the court.

Dated: August 4, 2003

                                              _____
                                              JOAN B. LOBIS, J.S.C.

---

[1] Moreover, defendant has failed to comply with the default provisions, Article XIII of the Stipulation, which requires that as a prerequisite to an award of counsel fees, defendant must send notice of default by certified mail to the defaulting party. Failure to comply with this provision prohibits the award of fees. See Carroll v. Carroll, 244 A.D.2d 311, 312 (2d Dep't 1997); Dallin v. Dallin, 225 A.D.2d 728 (2d Dep't 1996).

-3-