UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
WESTPORT INSURANCE CORPORATION,

                Plaintiff,                Case No. 07 Civ. 6726 (SHS) (RLE)

    *-against-*

PATRICIA HENNESSEY, ESQ., and COHEN,    **DEFENDANTS' LOCAL RULE 56.1**
HENNESSEY, BIENSTOCK & RABIN, P.C.       **STATEMENT IN SUPPORT OF**
f/k/a COHEN, HENNESSEY, BIENSTOCK, P.C.,  **MOTION FOR PARTIAL**
                                                         **SUMMARY JUDGMENT**
                Defendants.
------------------------------------------------------------x

        Defendants Patricia Hennessey, Esq., and Cohen Hennessey Bienstock & Rabin P.C. f/k/a Cohen Hennessey Bienstock P.C., by their undersigned attorneys, submit this statement, pursuant to Local Rule 56.1(a), to identify the material facts not in dispute in support of Defendants' Motion for Partial Summary Judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure.

        1.  Defendant Patricia Hennessey ("Ms. Hennessey") is an attorney duly admitted to the Bar of the State of New York. (Affidavit of Patricia Hennessey, sworn to on November 20, 2007 ["Hennessey Aff."], ¶ 2).

        2.  Defendant Cohen Hennessey Bienstock & Rabin P.C. ("CHB&R") is a New York law firm. (Hennessey Aff., ¶ 4).

        3.  Plaintiff Westport Insurance Corporation ("Westport") issued to CHB&R a Lawyers Professional Liability Policy for professional malpractice claims made against CHB&R and its attorneys, under the Policy No. NRL-009460-8, for the period of, and for claims made between March 14, 2006 and March 14, 2007 (the Policy"). (Westport's Exhibit A contains what Westport purports to be a true copy of the Policy).

4. Ms. Hennessey and CHB&R were "Insureds" in the Policy. (Westport's Exhibit A [Policy], p.3 of 13).

5. The Retroactive Date of the Policy was March 14, 1994. (Westport's Exhibit A [Policy]).

6. In the insuring agreement of the Policy, Westport agreed that

> [Westport] will pay on behalf of any INSURED those sums in excess of the deductible which any INSURED becomes legally obligated to pay as DAMAGES as a result of CLAIMS first made against any INSURED during the POLICY PERIOD, any continuous renewal of this policy, or during any Extended Reporting Period . . . . The CLAIM must arise by reason of an act, error, omission or PERSONAL INJURY occurring on or after the RETROACTIVE DATE, if any. Coverage shall apply to any such CLAIMS arising out of services rendered or which should have been rendered by any INSURED, and arising out of the conduct of the INSURED'S profession as a lawyer . . . .

(Westport's Exhibit A [Policy], p. 1 of 13).

7. In 2000, Jayne Asher retained CHB&R to represent her in connection with a divorce from Sanford S. Asher. (Hennessey Aff., ¶ 7).

8. On or about October 15, 2002, Jayne Asher and Sanford Asher executed a Stipulation of Settlement ("Stipulation") in their divorce action. (Hennessey Aff., ¶ 12).

9. A true copy of the Stipulation is attached as Exhibit 1 to Ms. Hennessey's Affidavit.

10. In the Stipulation, Jayne Asher is defined as "Wife" and Sanford Asher is defined as "Husband." (Hennessey Aff., ¶ 12 & Ex. 1 [Stipulation] at 1).

11. Article IX, Paragraph 1 of the Stipulation stated the following: "Wife may, at her option assume, at her expense, the existing term life insurance policy on Husband's life (Policy No. 897201 with Berkshire Life Insurance Co.) which has a death benefit of One Million Dollars ($1,000,000)." (Hennessey Aff., ¶ 12 & Ex. 1 [Stipulation] at 31).

12. Article IX, Paragraph 1 (a) of the Stipulation stated the following: "Wife shall elect, by February 1, 2003, whether she wishes to assume the policy, in which event, Wife shall have sixty (60) additional days, if necessary, to effectuate the transfer of ownership of said policy to herself." (Hennessey Aff., ¶ 12 & Ex. 1 [Stipulation] at 31).

13. Article IX, Paragraph 2 of the Stipulation stated the following: "Wife is the owner of a variable ordinary life policy on the life of Husband (New England Financial Policy No. 07092811) which has a death benefit of One Million Dollars ($1,000,000) and a cash surrender value of approximately Two Hundred Twenty Nine Thousand Six Hundred Seventy Dollars and Seven Cents ($229,670.07). Wife shall transfer the ownership of said policy to Husband unless, by February 1, 2003, Wife notifies Husband that she elects to retain ownership of said policy." (Hennessey Aff., ¶ 12 & Ex. 1 [Stipulation] at 32).

14. Article IX, Paragraph 2 (a) of the Stipulation stated the following: "If Wife retains ownership of said policy, Wife shall cause Husband to receive the cash surrender value of the policy as of the date of execution of this Agreement by means of a policy loan and/or her own funds, the obligation upon which shall be solely Wife's." (Hennessey Aff., ¶ 12 & Ex. 1 [Stipulation] at 32).

15. No provision of the Stipulation permitted or obligated CHB&R and/or Ms. Hennessey to exercise, on behalf of Jayne Asher, her right to elect to assume the existing term life insurance policy on Mr. Asher's life. (Hennessey Aff., ¶ 12 & Ex. 1 [Stipulation].

16. No provision of the Stipulation permitted or obligated CHB&R and/or Ms. Hennessey to exercise, on behalf of Jayne Asher, her right to elect to retain ownership of the variable ordinary life insurance policy on Mr. Asher's life. (Hennessey Aff., ¶ 12 & Ex. 1 [Stipulation]).

17. The decision of the Appellate Division, First Department in J.A v. S.A., 4 A.D.2d 248, 251, 773 N.Y.S.2d 14, 17 (1st Dep't 2004) makes no reference to CHB&R and/or Ms. Hennessey as having had any duty to exercise, on behalf of Jayne Asher, her right to assume the term life insurance policy on Mr. Asher's life and/or to retain the variable ordinary life insurance policy of Mr. Asher's life. (Hennessey Aff., ¶ 24 & Ex. 5 [First Dep't Decision]).

18. The decision of the Appellate Division referred in paragraph 17 refers only to the rights of election at issue as belonging to "the wife," or Jayne Asher. (Id.)

19. On or about July 26, 2006, Westport from CHB&R received the letter of Paul L. Marx, Esq., dated June 29, 2006, which stated, in substance, that Jayne Asher had retained him to bring a legal malpractice claim against CHB&R and Ms. Hennessey (the "Claim Letter"). (Westport's Exhibit B [June 29, 2006 Letter]).

20. Jayne Asher sued CHB&R and Ms. Hennessey for legal malpractice in a Verified Complaint that was filed on January 23, 2007 in the Supreme Court, Westchester County.

21. A true copy of Mrs. Asher's Verified Complaint referenced in paragraph 20 is contained in Westport's Exhibit D.

22. The claims asserted in Mrs. Asher's Verified Complaint were first made against CHB&R during the policy period of the Policy. (Westport's Exhibit A [Policy]; Westport's Exhibit D [Asher Comp.]).

23. The claims asserted in Mrs. Asher's Verified Complaint were reported to Westport in accordance with Conditions I.A. of the Policy. (Westport's Exhibit A [Policy], p. 5 of 13; Westport's Exhibit D [Asher Comp.]).

24. Mrs. Asher's Verified Complaint asserts claims against CHB&R and its shareholder, Ms. Hennessey, who are both "Insureds" under the Policy. (Westport's Exhibit A [Policy], p. 3 of 13; Westport's Exhibit D [Asher Comp.], ¶¶ 2-8).

25. Mrs. Asher's Verified Complaint asserts claims arising out of acts, errors or omissions occurring on or after the "Retroactive Date" of 2006 Policy. (See Westport's Exhibit A [Policy]], p. 1 of 13; Westport's Exhibit D [Asher Comp.]; para. 5 above).

26. Mrs. Asher's Verified Complaint asserts claims arising out of services rendered, or which should have been rendered, by CHB&R and/or its shareholder Ms. Hennessey. (Westport's Exhibit A [Policy], p. 1 of 13); Westport's Exhibit D [Asher Comp.], ¶¶ 9-12, 19).

27. Mrs. Asher's Verified Complaint asserts claims arising out of the conduct of CHB&R's and/or Ms. Hennessey's profession as a lawyer. (Westport's Exhibit A [Policy], p. 1 of 13; Westport's Exhibit D [Asher Comp.], ¶¶ 9-12, 19).

Dated: New York, New York
December 7, 2007

          Respectfully submitted,

          FRIED & EPSTEIN LLP

          */s/ John W. Fried*

          By:_____
            John W. Fried (JF2667)

          1350 Broadway, Suite 1400
          New York, New York 10018
          Tel.: (212) 268-7111

          *Attorneys for Defendants,*
          *Patricia Hennessey, Esq., and Cohen*
          *Hennessey Bienstock & Rabin P.C.,*
          *f/k/a Cohen Hennessey & Bienstock P.C.*