UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
WESTPORT INSURANCE CORPORATION,          :
                                         :
                         Plaintiff,      : Case No.: 07 CIV 06726 (SHS)(RLE)
                                         :
         -against-                       :
                                         :
PATRICIA HENNESSEY, ESQ., and COHEN,     :
HENNESSEY, BIENSTOCK & RABIN, P.C.,      :
f/k/a COHEN, HENNESSEY, BIENSTOCK, P.C., :
                                         :
                         Defendants.     :
------------------------------------------------------------x


### DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT


FRIED & EPSTEIN LLP
John W. Fried (JF 2667)
1350 Broadway, Suite 1400
New York, New York 10018
Tel: (212) 268-7111

*Attorneys for Defendants*


February 1, 2008

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...........................................................................................ii

REPLY POINT I ...........................................................................................................1

THE FACTS SET FORTH IN CHB&R'S LOCAL RULE 56.1 STATEMENT ARE
DEEMED ESTABLISHED ...........................................................................................1

REPLY POINT 2 ...........................................................................................................2

WESTPORT HAS FAILED TO CARRY ITS BURDEN OF SHOWING THAT
EXCLUSION B EXCUSED ITS DUTY TO PAY FOR CHB&R'S DEFENSE OF
THE ASHER ACTION ...................................................................................................2

     A.    Westport's Argument for an "Objective" Standard Should Be
          Rejected ................................................................................................2

     B.    This Court Need Not Predict New York Law on this Point
          Because Under Either the "Subjective" or "Objective"
          Approach Westport Has Not Shown that Exclusion B Is
          Applicable ............................................................................................4

     C.    Westport Has Failed to Carry its Burden of Showing that the
          Allegations of the Asher Complaint Cast it Solely and Entirely
          within Exclusion B ..............................................................................7

REPLY POINT 3 ...........................................................................................................9

CHB&R IS ENTITLED TO REIMBURSEMENT OF ITS FEES AND COSTS IN
DEFENDING THIS ACTION .......................................................................................9

REPLY POINT 4 ...........................................................................................................9

A DISMISSAL OR STAY IS APPROPRIATE, SHOULD THIS COURT HOLD
THAT WESTPORT HAS A DUTY TO PAY FOR CHB&R'S DEFENSE OF THE
ASHER ACTION ...........................................................................................................9

CONCLUSION .............................................................................................................10

i

## TABLE OF AUTHORITIES

**Cases**                                                                                          **Page**

Automobile Ins. Co. of Hartford v. Cook, 7 N.Y.3d 131, 850 N.E.2d 1152 (2006) .......... 8

Coregis Ins. Co. v. Baratta & Fenerty, Ltd., 264 F.3d 302 (3d Cir. 2001)........................ 5

Douglas v. Victor Capital Group, 21 F.Supp.2d 379 (S.D.N.Y. 1998)............................... 2

Fogelson v. Home Ins. Co., 129 A.D.2d 508, 514 N.Y.S.2d 346 (1st Dep't 1987)............ 4

Frontier Insulation Contractors, Inc. v. Merchants Mut. Ins. Co., 91 N.Y.2d 169,
      690 N.E.2d 866 (1997)....................................................................................................... 7

Gubitosi v. Kapica, 154 F.3d 30 (2d Cir. 1998) ............................................................... 1

Home Ins. Co. v. Stegenga, 1991 U.S. Dist. LEXIS 21646
      (W.D. Pa. July 3, 1991)...................................................................................................... 6

Hout v. Coffman, 126 A.D.2d 973, 511 N.Y.S.2d 990 (4th Dep't 1987).......................... 9

Ingalsbe v. Chicago Ins. Co., 270 A.D.2d 684, 704 N.Y.S.2d 697 (3d Dep't 2000) .......... 4

International Ins. Co. v. Peabody Int'l Corp., 747 F.Supp. 477 (N.D. Ill. 1990) ............... 6

Mt. Airy Ins. Co. v. Klatsky & Klatsky, 1997 U.S. Dist. LEXIS 23208
      (D.N.J. Jan. 30, 1997) ....................................................................................................... 6

Mt. Airy Ins. Co. v. Thomas, 954 F.Supp. 1073 (W.D. Pa. 1997) .................................... 5

Pelagatti v. Mt. Airy Ins. Co., 1996 U.S. Dist. LEXIS 4963
      (E.D. Pa.  Apr. 10, 1996) .................................................................................................. 6

Throgs Neck Bagels, Inc. v. GA Ins. Co. of N.Y., 241 A.D.2d 66,
      671 N.Y.S.2d 66 (1st Dep't 1998) ..................................................................................... 4

United States Underwriters Ins. Co. v. Kum Gang Inc., 443 F.Supp.2d 348
      (E.D.N.Y. 2006) .............................................................................................................. 10

Westport Ins. Corp. v. Goldberger & Dubin, P.C., No. 04 Civ. 4384 (BSJ),
      2006 U.S. Dist. LEXIS 31329 (S.D.N.Y. Mar. 3, 2006) ........................................... 2, 3

Westport Ins. Corp. v. Mirsky, No. Civ.A. 00-4367, 2002 WL 31018554
      (E.D. Pa. Sept. 10, 2002)................................................................................................... 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
WESTPORT INSURANCE CORPORATION,      :
                                                 :

                          Plaintiff,       : Case No.: 07 CIV 06726 (SHS)(RLE)
                                               :

        *-against-*               :
                                               :

PATRICIA HENNESSEY, ESQ., and COHEN,   :
HENNESSEY, BIENSTOCK & RABIN, P.C.,    :
f/k/a COHEN, HENNESSEY, BIENSTOCK, P.C., :
                                             :

                    Defendants.    :
-------------------------------------------------------------x

## DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT
## OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT

      Defendants Patricia Hennessey, Esq., and Cohen Hennessey Bienstock & Rabin P.C.,

f/k/a Cohen, Hennessey, Bienstock, P.C. (collectively, "CHB&R"), by their attorneys, Fried

& Epstein LLP, submit this reply memorandum of law in further support of their motion for

partial summary judgment on the First, Second, and Fourth Counterclaims.

## REPLY POINT 1

## THE FACTS SET FORTH IN CHB&R'S LOCAL RULE 56.1
## STATEMENT ARE DEEMED ESTABLISHED

      In moving for partial summary judgment, CHB&R served and filed its "Local Rule

56.1 Statement in Support of Motion for Partial Summary Judgment." (See Dkt. 26). Each

material fact in that Statement was supported by a citation to the record. Plaintiff Westport

Insurance Corporation ("Westport") has not served and filed a response. Accordingly, the

material facts set forth in CHB&R's Local Rule 56.1 Statement are deemed admitted by

Westport, and the Court should regard those facts as established. See Local Rule 56.1(c);

Gubitosi v. Kapica, 154 F.3d 30, 31 n.1 (2d Cir. 1998) (where no response submitted to Local

Rule 56.1 statement, material facts therein deemed admitted); <u>Douglas v. Victor Capital Group</u>, 21 F.Supp.2d 379, 381 n. 1 (S.D.N.Y. 1998) (Stein, J. affirming report and recommendation of Peck, J.) (similar).

### REPLY POINT 2

### WESTPORT HAS FAILED TO CARRY ITS BURDEN OF SHOWING THAT EXCLUSION B EXCUSED ITS DUTY TO PAY FOR CHB&R'S DEFENSE OF THE ASHER ACTION

#### A. Westport's Argument for an "Objective" Standard Should Be Rejected

In arguing for application of an "objective" standard to Exclusion B, Westport continues to rely most heavily on <u>Westport Insurance Corp. v. Goldberger & Dubin, P.C.</u>, No. 04 Civ. 4384 (BSJ), 2006 U.S. Dist. LEXIS 31329 (S.D.N.Y. Mar. 3, 2006), <u>aff'd</u>, Nos. 06-1427-cv(L), 06-4636-cv(con), 2007 U.S. App. LEXIS 27612 (2d Cir. Nov. 29, 2007) ("Summary Order").[1]   That case was decided under Pennsylvania law - not New York law. Westport asserts that <u>Goldberger</u> "nullifies" CHB&R's arguments because the district court "determined that the subject exclusion [Exclusion B] is unambiguous and does not conflict with the purpose of the policy." (Westport Opp. Mem. at 5).

An examination of the <u>Goldberger</u> decision, however, reveals that, while the court did characterize the Exclusion B-type language before it as "unambiguous," the court did so on the basis that "an ambiguity is not created *simply* because the parties . . . put forward different interpretations of [a policy's] terms   . . . ." <u>Goldberger,</u> 2006 U.S. Dist. LEXIS 31329, at ** 14-15 (quotation omitted) (emphasis added). Here, in contrast, CHB&R has not simply "put forward" a different, "subjective" approach to interpreting Exclusion B.  It has demonstrated that the "objective" standard urged by Westport conflicts with the purpose of the Westport

---

[1] A "Summary Order" of the Court of Appeals has no precedential effect.  Second Circuit Local Rule 32.1(b).

Policy and the reasonable expectations of lawyer policyholders reading and purchasing the Policy. CHB&R has also shown that, as applied by Westport, Exclusion B likewise conflicts with other, specific Policy provisions, creating ambiguity that must be resolved in favor of CHB&R. (See CHB&R Opp. Brief at 11-17, incorporated in CHB&R Opening Brief at 14).[2]

Contrary to Westport's assertion, the Goldberger opinion makes no mention of the arguments CHB&R presents here. Because there is no indication in the Goldberger opinion that the court was ever asked to consider *any* of the arguments presented by CHB&R or that it specifically *rejected* them, any reliance on the application of an "objective" standard in Goldberger should be rejected. Indeed, the Second Circuit demonstrated that it is not comfortable with the Goldberger court's prediction that New York would adopt an "objective" approach to Exclusion B-type language. In affirming the Goldberger decision, the Second Circuit held that "[i]t is not necessary . . . to predict the path the New York courts would take, *because Westport is entitled to summary judgment either way* [under either an "objective" or "subjective" approach]." See Goldberger, 2007 U.S. App. LEXIS 27612, at * 3 (emphasis added). This Court should also reject any reliance on the Goldberger court's use of an "objective" standard.

While Westport here asserts that "New York Courts have found language virtually indistinguishable from that of Exclusion B to be unambiguous," (Westport Opp. Mem. at 6), this assertion is not entirely true. In the New York state court notice cases that Westport relies on incorrectly in its opposition brief, there is no ambiguity analysis or any indication that the arguments CHB&R has presented were made and considered by those courts. See

---

[2] The other Pennsylvania and non-New York cases that Westport relies on in its opposition brief are likewise not determinative, because the courts in *all* of those cases never considered or rejected the arguments made here by CHB&R.

Fogelson v. Home Ins. Co., 129 A.D.2d 508, 514 N.Y.S.2d 346 (1st Dep't 1987); Ingalsbe v. Chicago Ins. Co., 270 A.D.2d 684, 704 N.Y.S.2d 697 (3d Dep't 2000).

In light of the foregoing discussion, as well as CHB&R's previous briefing, Westport's "objective" standard should be rejected in favor of the "subjective standard" urged by CHB&R.

> **B.    This Court Need Not Predict New York Law on this Point Because Under Either the "Subjective" or "Objective" Approach Westport Has Not Shown that Exclusion B Is Applicable**

Although there is no New York state law analyzing the proper standard to be applied in interpreting policy exclusions like Exclusion B, this Court *need not speculate on how New York courts would decide the issue.*   Under either the "subjective" or the "objective" approach, Westport has failed to meet its burden of showing that Exclusion B is clear and unmistakable, is subject to no other reasonable interpretation, and applies here.  See, e.g., Throgs Neck Bagels, Inc. v. GA Ins. Co. of N.Y., 241 A.D.2d 66, 71, 671 N.Y.S.2d 66, 69 (1st Dep't 1998).

Certainly, Westport has failed to show that Exclusion B applies under a "subjective" approach. (See CHB&R Opening Brief at 13-14; CHB&R Opposition Brief at 10 & 16-17, incorporated by CHB&R Opening Brief).  CHB&R subjectively did not know or believe that any negligent act, error or omission on their part had occurred in connection with Mrs. Asher's option, pursuant to the Stipulation, to choose (or not choose) to assume or retain certain insurance policies on her husband's life, and CHB&R did not foresee any malpractice claim.  (See, e.g., Hennessey Aff. at ¶¶ 6, 28-29).   Indeed, CHB&R had subjective reasons to believe that Mrs. Asher was satisfied with their representation.  (See Hennessey Aff. at ¶¶ 21, 25).  Even if those facts were not deemed established due to Westport's failure to respond to

4

CHB&R's Local Rule 56.1 Statement, neither the record nor Westport's opposition brief contains contrary evidence.

Westport likewise has failed to satisfy its burden under an "objective" standard. As Westport's cases state, under the "objective" standard,

- "Thus, if an attorney knows of an act, error, incident or omission *and* knew or could have reasonably expected that it would result in a malpractice claim, then that incident would have to be disclosed when applying for coverage . . . . *[I]f the attorney does not know that he has made an error . . . . he can not know or expect that a malpractice claim might or could result.*" Mt. Airy Ins. Co. v. Thomas, 954 F.Supp. 1073, 1080 (W.D. Pa. 1997) (emphasis added).

- "*When an attorney has a basis to believe he has breached a professional duty,* he has a reason to foresee that his conduct might be the basis of a professional liability claim against him." Westport Ins. Corp. v. Mirsky, No. Civ.A. 00-4367, 2002 WL 31018554, at *12 (E.D. Pa. Sept. 10, 2002) (quoting Coregis Ins. Co. v. Baratta & Fenerty, Ltd., 264 F.3d 302, 307 (3d Cir. 2001)) (emphasis added).

To prove the application of Exclusion B under an "objective" standard, then, it is still essential to show that CHB&R knew or was aware of an act, error, omission on their part in connection with Mrs. Asher's insurance options, before one even reaches the issue of what a reasonable attorney might foresee. Again, Westport has neither raised nor presented any evidence to demonstrate any such facts; the record is to the contrary. (See CHB&R Opening Brief at 14-15 & CHB&R Opposition Brief at 17-25, incorporated in CHB&R Opening Brief).

As a threshold matter, Westport's original relied-on cases do not demonstrate that, as a matter of law, Westport has no duty to defend here. Those cases are all clearly distinguishable from this one. (See CHB&R Opening Brief at 14-15; CHB&R Opposition Brief at 17-22, incorporated in CHB&R Opposition Brief). The new cases cited in Westport's opposition brief are no different; the lawyers in them failed glaringly to perform delegated duties that

5

were clearly their responsibility.[3]  This case is fundamentally different.  Here, neither Mrs. Asher nor the Stipulation delegated to CHB&R the responsibility to exercise (or not exercise) Mrs. Asher's life insurance options under the Stipulation.  (See CHB&R Opposition Brief at 18-22, incorporated in CHB&R Opening Brief).  While Westport's opposition brief attempts to argue otherwise ("Defendants knew that *they had neglected to ensure* that Mrs. Asher ma[de] a timely election to the ownership of certain life insurance policies" and the Appellate Division ruled "Mrs. Asher had "*thereby* irreparably lost her right to the policies"), see Westport Opp. Mem. at 3-4 (emphasis added), the evidence demonstrates that CHB&R had no duty "to ensure that Mrs. Asher ma[de] a timely election."  The Stipulation assigned *solely to Mrs. Asher* the decision as to whether to retain and/or assume the insurance policies on her husband's life.  CHB&R was neither permitted nor obligated under the Stipulation to exercise those options on her behalf.  (See Hennessey Aff. at ¶¶ 12, 13 & Ex. 1, pp. 31-33).  Mrs. Asher never delegated to CHB&R the authority to exercise those options.  (See Hennessey Aff. at ¶¶ 15-18).  The Appellate Division never mentioned CH&B in its opinion. These facts are deemed established by Westport's failure to submit a Local Rule 56.1(b) response; nonetheless, Westport's opposition brief references no contrary evidence.

---

[3]  See Mt. Airy Ins. Co. v. Klatsky & Klatsky, 1997 U.S. Dist. LEXIS 23208 (D.N.J. Jan. 30, 1997) (attorney allegedly failed to properly review wording of documents for loan transaction; attorney received letter asserting a potential claim resulting from his negligence, prior to both application and policy); Pelagatti v. Mt. Airy Ins. Co., 1996 U.S. Dist. LEXIS 4963 (E.D. Pa.  Apr. 10, 1996) (attorney failed to prosecute client's court case, which was finally dismissed for lack of prosecution; attorney also lied to client about progress of case); Home Ins. Co. v. Stegenga, 1991 U.S. Dist. LEXIS 21646 (W.D. Pa. July 3, 1991) (after filing for writ of summons, attorney failed to serve defendants in client's court case or take any action to prosecute case for over ten years, such that statute of limitations expired as to some defendants and the remaining defendants went out of business; attorney also lied to client about progress of case); International Ins. Co. v. Peabody Int'l Corp., 747 F.Supp. 477 (N.D. Ill. 1990) (engineer allegedly was negligent in design of client's FGD system; received letter from client, prior to both policy application and policy, demanding a remedy for defective design).

While Westport also asserts that CHB&R "understood that they were counsel to Mrs. Asher during her matrimonial matter, which included the negotiation, drafting and execution of the stipulation," (Westport Opp. Mem. at 10), the only evidence of record as to CHB&R's "understanding," the Hennessey Affidavit, establishes that CHB&R had no knowledge of any negligent act, error or omission on their part.

Westport having failed to meet its burden to show the application of Exclusion B, either under a "subjective" or an "objective" standard, its duty to pay for CHB&R's defense of the Asher Action is clear.  Accordingly, CHB&R's motion for partial summary judgment on its First and Second Counterclaims should be granted.

**C.    Westport Has Failed to Carry its Burden of Showing that the Allegations of the Asher Complaint Cast it Solely and Entirely within Exclusion B**

Westport has failed to demonstrate that Exclusion B applies to excuse its obligation, under its policy, to pay for CHB&R's defense against *all* the allegations set forth in the Asher Complaint.  Even if Westport could show that Exclusion B barred coverage for Mrs. Asher's allegations about the loss of her insurance rights, paragraph 19 of the Asher Complaint contains other allegations of negligence that do not concern Mrs. Asher's supposed loss of insurance rights.  The allegations in paragraph 19, by themselves, trigger Westport's duty to pay for CHB&R's defense.

Westport's duty to defend or to pay for the defense of the Asher Action is determined by the "four corners" of the Asher Complaint. (See CHB&R Opening Brief at 7-8).  If *any* of Mrs. Asher's allegations are potentially covered, Westport has a duty to defend CHB&R, even if other allegations are not.  See, e.g., Frontier Insulation Contractors, Inc. v. Merchants Mut. Ins. Co., 91 N.Y.2d 169, 175, 690 N.E.2d 866, 869 (1997).

Here, the "four corners" of the Asher Complaint provide no detail concerning any basis for the allegations in paragraph 19. The Asher Complaint emphatically does not indicate, as Westport argues, that those allegations "[arose] out of Defendant's failure to elect." (See Westport Ex. D [Asher Compl.], ¶ 19). On their face, the allegations in paragraph 19 are unrelated either to the Stipulation or any alleged failure of CHB&R to exercise Mrs. Asher's insurance options. Without question, however, those allegations arise from the conduct of CHB&R's profession as lawyers, and are potentially covered. (See CHB&R Opening Brief at 10-12 & 15-17).

In order to avoid its duty to defend, it is Westport's burden to demonstrate that *all* the allegations of the Asher Complaint are cast "*solely and entirely* within the policy exclusions." Automobile Ins. Co. of Hartford v. Cook, 7 N.Y.3d 131, 137, 850 N.E.2d 1152, 1155 (2006) (quotation omitted) (emphasis added). Westport has failed to carry that burden, because it can point to nothing in the "four corners" of the Asher Complaint to support its position that the allegations in paragraph 19 are encompassed by Exclusion B. Westport merely speculates about the basis for the allegations in paragraph 19, concerning which it has no knowledge.

In light of the fact that the allegations in paragraph 19 of the Asher Complaint are potentially covered and not encompassed by the only exclusion upon which Westport relies here, Westport must pay for CHB&R's defense of the Asher Action, even if other allegations in the Asher Complaint are not covered. Accordingly, the Court should grant CHB&R's motion for partial summary judgment with respect to CHB&R's First and Second Counterclaims.

**REPLY POINT 3**

**CHB&R IS ENTITLED TO REIMBURSEMENT OF
ITS FEES AND COSTS IN DEFENDING THIS ACTION**

Westport does not dispute the New York rule advanced by CHB&R that when an insurer brings a declaratory judgment action seeking to disclaim coverage, it must pay the attorney fees and costs of its policyholder, should that policyholder prevail in the action. (See CHB&R Opening Brief at 17-19, incorporated herein). Accordingly, if the Court enters summary judgment in CHB&R's favor on its First and Second Counterclaims, ruling that Westport must pay for the defense of the Asher Action, then Westport must reimburse CHB&R for its attorney fees and costs in this action. The Court should therefore grant CHB&R's motion for partial summary judgment on CHB&R's Fourth Counterclaim.

**REPLY POINT 4**

**A DISMISSAL OR STAY IS APPROPRIATE, SHOULD
THIS COURT HOLD THAT WESTPORT HAS A DUTY TO
PAY FOR CHB&R'S DEFENSE OF THE ASHER ACTION**

A dismissal without prejudice or a stay of Westport's action regarding its duty to indemnify would be warranted if the Court rules that Westport is obliged to pay for CHB&R's defense of the Asher Action, because "the issues of indemnification and coverage hinge on facts which will necessarily be decided in [the] underlying [Asher] action." See, e.g., Hout v. Coffman, 126 A.D.2d 973, 973, 511 N.Y.S.2d 990, 991 (4th Dep't 1987). (See also CHB&R Opening Brief at 19-21).

Westport presents no convincing argument to the contrary. Instead, Westport asserts disingenuously that "whether or not [CHB&R] actually committed malpractice in failing to

9

protect or pursue Mrs. Asher's right of election has no bearing whatsoever on the instant coverage dispute." (Westport Opp. Mem. at 24). Westport is obviously wrong.

If CHB&R prevails in the Asher malpractice action, no damages will be awarded. There would then be no need to adjudicate whether Westport has a duty to indemnify CHB&R because there would be no court award to indemnify. <u>See, e.g.</u>, <u>United States Underwriters Ins. Co. v. Kum Gang Inc.</u>, 443 F.Supp.2d 348, 354-55 (E.D.N.Y. 2006) ("Such a determination [of multiple insurers' respective duties to indemnify] might be made moot by a finding of non-liability in the state court action."). (<u>See</u> CHB&R's Opening Brief at 20-21). Accordingly, the wise and economical use of judicial resources would demand a dismissal without prejudice or a stay here, rather than the conduct of possibly unnecessary litigation.

## <u>CONCLUSION</u>

For all the foregoing reasons, as well as the legal authority and reasons set forth and incorporated within CHB&R's Opening Brief, this Court should grant CHB&R's motion for partial summary judgment on its First, Second and Fourth Counterclaims.

Dated: New York, New York
      February 1, 2008

                        Respectfully submitted,

                        FRIED & EPSTEIN LLP

                    By: _____
                        John W. Fried (JF 2667)
                        1350 Broadway, Suite 1400
                        New York, New York 10018
                        Tel: (212) 268-7111

                        *Attorneys for Defendants*