**F&E** **FRIED & EPSTEIN LLP**
*Attorneys and Counsellors at Law*

June 26, 2008

Herald Square Building
1350 Broadway, Suite 1400
New York, NY 10018
212.268.7111
Fax: 212.268.3110

Honorable Sidney H. Stein
United States District Judge
500 Pearl Street
New York, NY 10007

Re: <u>Westport Ins. Corp. v. Hennessey, et. al</u>, No. 07 Civ. 06726

Dear Judge Stein:

    This letter responds to the June 20, 2008 letter that counsel for plaintiff Westport Insurance Corporation ("Westport") filed in this case, as Docket Entry 33.

    Westport's newly cited cases hold that an injured worker, who had retained a lawyer to collect workers compensation benefits, may have a cause of action for legal malpractice against that lawyer for having failed to advise him, before the expiration of the statute of limitations for a personal injury claim, that he may have such a claim against, for example, the owner of the premises where he was injured or some other third party, such as a contractor. In this limited situation, "[t]he possibility that an action for personal injury may lie against a contractor or the owner of the premises is a reasonably apparent legal matter of which an attorney might be expected to apprise a client." *Greenwich v. Markhoff*, 234 A.D.2d 112, 114, 650 N.Y.S.2d 704, 706 (1st Dep't 1996). In other words, whether an injured worker, who is entitled to recover workers compensation benefits, has a personal injury claim is a legal matter or question that requires the education, experience, and judgment of a lawyer to resolve. No court has enlarged this holding beyond the context of workers compensation cases. Even if this holding has some application beyond a workers compensation matter, which it does not, it would have no application here. The Stipulation of Settlement permitted only Mrs. Asher to elect to assume ownership of the term life insurance policy and to elect to retain ownership of the variable ordinary life insurance policy. The Stipulation of Settlement did not permit Defendants to make those elections on behalf of Mrs. Asher. Defendants simply had no duty or obligation to render any legal advice or services to Mrs. Asher in connection with *her decisions*, based solely on financial considerations, as to whether or not to exercise the insurance elections provided for in the Stipulation.

    Accordingly, the cases Westport's counsel has cited in his June 20th letter are not pertinent to the pending motions.

Respectfully submitted,

*/s/ J.W. Fried*

John W. Fried

cc: Mark K. Anesh, Esq.

New York, NY • Philadelphia, PA
www.fried-epstein.com