UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
WESTPORT INSURANCE CORPORATION,

                        Plaintiff,

          -against-

PATRICIA HENNESSEY, ESQ., and COHEN,
HENNESSEY, BIENSTOCK & RABIN, P.C.
f/k/a COHEN, HENNESSEY, BIENSTOCK, P.C.,

                        Defendants.
-----------------------------------------------------------------X

Case No.: 07 CIV 6726 (SHS) (RLE)

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S SEPTEMBER 2, 2008 DECISION GRANTING DEFENDANTS' REQUEST FOR THE REIMBURSEMENT OF THE ATTORNEY'S FEES INCURRED IN THE DEFENSE OF THE INSTANT ACTION

LEWIS BRISBOIS BISGAARD & SMITH LLP
*Attorneys for Plaintiff*
Westport Insurance Corporation
199 Wall Street, 25th Floor
New York, New York 10005
(212) 232-1300
(212) 232-1399
Our File No.: 50017-0277

OF COUNSEL:

    Mark K. Anesh (MKA-8303)
    Jamie R. Wozman (JRW-6742)

4818-7093-8115.1

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT..................................................................................................1

STATEMENT OF FACTS........................................................................................................2

LEGAL ARGUMENT................................................................................................................5

POINT I

    RECONSIDERATION OF THE COURT'S DECISION GRANTING THAT PORTION OF THE DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT SEEKING REIMBURSEMENT OF THE FEES INCURRED IN THE INSTANT ACTION IS APPROPRIATE................................................................................................5

POINT II

    CONSIDERING THE EVIDENCE IN THE RECORD AS A WHOLE, AND THE CONTROLLING PRECEDENT, THE COURT CANNOT CONCLUDE THAT DEFENDANTS ARE AT THIS TIME ENTITLED TO THE FEES INCURRED IN THE DEFENSE OF THE INSTANT ACTION ........................................................6

CONCLUSION..........................................................................................................................10

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted in support of the Plaintiff's motion for reconsideration pursuant to Fed. R. Civ. P. 59(e), Local Rule 6.3 of the United States District Courts for the Southern and Eastern Districts of New York and the Court's direction memorialized in the September 2, 2008 Decision denying Plaintiff's motion for summary judgment and granting Defendants' motion for partial summary judgment.[1] It is respectfully requested that the Court reconsider that portion of its September 2, 2008 Decision which granted Defendants' motion for partial summary judgment seeking the recovery of the attorney's fees incurred only in the defense of the instant declaratory judgment action and, upon reconsideration, issue an Order denying Defendants request for the aforesaid attorney's fees.

The Court's decision to grant the Defendants request for the attorney's fees incurred in the defense of the instant action was based upon an analysis that did not consider the critical facts that the parties' motions for summary judgment herein were made *before* any discovery was conducted in this matter; that there has not yet been a full and final adjudication of the Plaintiff's duty to defend; that the instant action is ongoing; that no discovery whatsoever has been conducted in this matter; and that once discovery is conducted, or the Plaintiff obtains the file from counsel of record, an ultimate finding that that Plaintiff does not have a duty to defend the insured may very well result. In performing its analysis in this fashion, and in failing to consider all of the aforesaid facts, the Court failed to recognize that it was premature and unwarranted to award Defendants the fees incurred in the defense of the instant action, which can notably still be won by the Plaintiff.

It is respectfully submitted that if the Court reconsiders its decision, looking at the entire record and controlling precedent, the Court cannot conclude that the Defendants, at this early stage

---

[1] For the Court's convenience, a copy of the Decision is attached as Exhibit "A" hereto.

of the litigation, after decision on pre-discovery motions for summary judgment, are entitled to the reimbursement of the attorney's fees incurred in the defense of this action.

## STATEMENT OF FACTS

A brief summary of the pertinent facts follow. Plaintiff issued Defendants a Lawyers Professional Liability Policy for professional malpractice claims made against the defendant firm and its individual attorneys for the period of, and for claims made between March 14, 2005 and March 13, 2006. (Plaintiff's Rule 56.1 Statement of Undisputed Facts, at ¶ 1). The policy was renewed for the period of, and for claims made between March 14, 2006 and March 14, 2007 ("2006 Policy"). (Plaintiff's Rule 56.1 Statement of Undisputed Facts, at ¶ 1). The policy states, in pertinent part, that:

> This 2006 Policy does not apply to:
> \*\*\*
>
> B. any CLAIM arising out of any act, error, omission or PERSONAL INJURY occurring prior to the effective date of this policy if any INSURED at the effective date knew or could have reasonably foreseen that such act, error, omission of PERSONAL INJURY might be expected to be the basis of a CLAIM or suit.
>
> (Plaintiff's Rule 56.1 Statement of Undisputed Facts, at Exhibit "A").

On or about July 26, 2006, Plaintiff received notice of a claim against the Defendants by Jayne Asher, who the Defendants represented in an underlying divorce proceeding. (Plaintiff's Rule 56.1 Statement of Undisputed Facts, at Exhibit "B"). Mrs. Asher commenced a legal malpractice action against the Defendants on or about January 23, 2007, arising out the aforesaid representation. The Asher complaint alleges that the Defendants failed to timely exercise Mrs. Asher's right of election to certain life insurance policies and that by reasons of this failure, she was barred from making such an election and lost the benefit of the life insurance policies. (Plaintiff's Rule 56.1

Statement of Undisputed Facts, at Exhibit "D"). The Asher complaint references a February 24, 2004 Appellate Division, First Department decision in the underlying divorce proceeding, which determined fully and finally that Mrs. Asher was not entitled to ownership of her ex-husband's life insurance policies, concluding therein that she failed to timely and properly exercise her rights of election, which expired on February 1, 2003. (Plaintiff's Rule 56.1 Statement of Undisputed Facts, at Exhibit "D").

By correspondence dated July 11, 2007, Westport disclaimed coverage for the Asher legal malpractice matter based on Exclusion B of the Policy. In pertinent part, the letter states "there is objective evidence that you were aware of an act, error, or omission which you knew or could reasonably foresee might be expected to be the basis of a claim or suit against you when the February 24, 2004 Appellate Division Order found that Ms. Asher lost any rights to the policies due to the failure to comply with the Stipulation. This was known prior to the Westport policy effective date of March 14, 2006. Therefore, Exclusion B precludes coverage for the suit subsequently filed by the plaintiff." (Plaintiff's Rule 56.1 Statement of Undisputed Facts, at Exhibit "H").

Plaintiff commenced the instant declaratory judgment action in July 2007 after the issuance of the aforesaid disclaimer letter. In the instant action, Plaintiff's seek a declaration that it does not have a duty to defend or indemnify the Defendants in the Asher legal malpractice matter, as Exclusion B, the prior knowledge exclusion, bars all coverage. After Defendants interposed their answer, and *before* any discovery whatsoever was conducted in the instant matter, with the Court's permission, and in an effort to try and save on costs and expenses, Plaintiff moved for summary judgment. The Plaintiff's motion was merely supported by the subject policy, the underlying Asher legal malpractice complaint, and the Plaintiff's reservation of rights and disclaimer letters, as no discovery has been conducted in this matter.

Once discovery is conducted in this action, it may reveal that prior to the February 1, 2003 expiration of Mrs. Asher's right of election, she instructed the Defendants to elect on her behalf. More importantly, discovery may also reveal that at some point between the February 2003 expiration, and the March 2006 effective date of the Policy, a period of over three years, the Defendants knew or should have known that Mrs. Asher's lost right of election might be the basis of a claim or suit by Mrs. Asher. For instance, evidence may be revealed that between the February 2003 expiration and the March 14, 2006 effective date, Mrs. Asher complained to the Defendants about her lost right of election; complained that she thought the Defendants were making an election on her behalf; threatened to sue the Defendants; stated that she instructed Defendants to make such an election; complained that Defendants failed to tell her of the expiration of her right to elect; advised the Defendants that she held them accountable for her lost right of election, etc. If any of the foregoing scenarios are revealed through discovery, Plaintiff may well be able to establish that the Defendants knew or should have known that Mrs. Asher's lost election rights might be expected to be the basis of a claim or suit. If that is established, the prior knowledge exclusion of the 2006 Policy, Exclusion B, will bar coverage for the Asher matter and Plaintiff herein will prevail in this action. Thus, the Plaintiff's duty to defend the Defendants in the Asher legal malpractice matter has not yet fully and finally been determined and will not be so be determined until discovery is conducted and completed in the instant matter.

# ARGUMENT

## POINT I

### RECONSIDERATION OF THE COURT'S DECISION GRANTING THAT PORTION OF THE DEFENDANTS' CROSS MOTION FOR SUMMARY JUDGMENT SEEKING REIMBURSEMENT OF THE FEES INCURRED IN THE INSTANT ACTION IS APPROPRIATE

A motion for reconsideration pursuant to Fed. R. Civ. P. 59(e) should be granted "where the moving party demonstrates that the Court has overlooked factual matters or controlling precedent that were presented to it on the underlying motion and that would have changed its decision." Tardd v. Brookhaven Nat. Laboratory, 04 CV 3262 (ADS), 2007 WL 1423642, *2 (E.D.N.Y. May 8, 2007) (quoting In re Woldcome, Inc. Sec. Litig., 308 F. Supp. 2d 214, 224 (S.D.N.Y. 2004)).

Here, it is respectfully submitted, that the Court overlooked the fact that there has not been a full and final adjudication of the Plaintiff's duty to defend; that no discovery has been conducted in the instant declaratory judgment action and that once conducted, may reveal evidence demonstrating that Defendants knew or should have known that Mrs. Asher's lost election rights might be expected to be the basis of a claim or suit. Thus, the Court must look at the evidence in the record as a whole and apply it to the controlling precedent, i.e., that an insured who *prevails* in an *action*, and not merely on a pre-discovery motion, brought by an insurance company seeking declaratory judgment that it has no duty to defend or indemnify the insured may recover attorneys' fees from the insurer. *See United States Underwriters Ins. Co. v. City Club Hotel, LLC*, 3 N.Y.3d 592 (2004). Once the foregoing is done, the Court should vacate and reverse that portion of its September 2, 2008 decision granting the Defendants request for reimbursement of the attorney's fees they have incurred in the defense of the instant action.

## POINT II

### CONSIDERING THE EVIDENCE IN THE RECORD AS A WHOLE, AND THE CONTROLLING PRECEDENT, THE COURT CANNOT CONCLUDE THAT DEFENDANTS ARE AT THIS TIME ENTITLED TO THE FEES THEY HAVE INCURRED DEFENSE OF THE INSTANT ACTION

In determining that the Plaintiff has a duty to defend the Defendants in the Asher legal malpractice matter, the Court reasoned that "No proof has been adduced that defendants were responsible for electing Ms. Asher's benefits for her or for advising her as to whether or not to make the election." (Decision at 13). The Court further reasoned that "There is no evidence in this record that defendants should have made an election regarding life insurance on her behalf or advised her in that regard." (Decision at 16). It is entirely possible that after discovery is complete, it is revealed that Mrs. Asher asked Defendants to elect on her behalf, or that between the February 2003 expiration of her right of election and the March 16, 2006 Policy inception, Mrs. Asher blamed the Defendants for failing to make the election on her behalf; complained to the Defendants that she lost her right of election because of their inaction; complained that the Defendants failed to tell her of the expiration of her right of election; etc. If any of the foregoing is revealed, then Plaintiff may not have a duty to defend the Defendants in the Asher legal malpractice matter.

In determining that the Defendants were entitled to the fees they have incurred in the defense of the instant action, the Court did not consider or take into account the fact that a final determination has not yet been made on the issue of whether the Plaintiff must defend the Defendants in the Asher legal malpractice matter, or the fact that Plaintiff can still prevail in the instant action. The Court did not consider the fact that no discovery has been conducted in the instant matter, and that once discovery is conducted, or information is obtained, demonstrating that the Defendants were either responsible for electing Mrs. Asher's benefits on her behalf, or that

between the expiration of her right of election and the inception of the 2006 Policy, Mrs. Asher complained to the Defendants about her lost right of election or that she held them accountable for such a loss. If either of the foregoing is in fact revealed, it is likely that the prior knowledge exclusion of the subject insurance policy, Exclusion B, will bar all coverage for the Asher matter and that Plaintiff will therefore prevail at the trial of this action and obtain a declaration that (1) it has no duty to defend the Defendants in the Asher legal malpractice matter, and (2) has no duty to indemnify them in that matter. Had the Court considered the forgoing while analyzing the controlling case law on the issue of whether the Defendants were entitled to a reimbursement of the fees they have incurred in the defense of this matter, it would have realized that such an award is not mandated by the case law, and therefore unwarranted.

In granting the Defendants request for the attorney's fees they have incurred in the defense of the instant matter, the Court relied primarily upon *United States Underwriters Ins. Co. v. City Club Hotel, LLC*, 3 N.Y.3d 592 (2004); and *American Home Assurance Co. v. Weissman*, 79 A.D.2d 923 (1st Dep't 1981), both of which are clearly and easily distinguishable from the case at bar, as they involved full and final adjudications of the plaintiff insurers' duties to defend. Here, such a final determination has not been made.

In *City Club*, the plaintiff insurance company received notice of a claim in July 2000 under one of its commercial general liability policies. The claim arose out of an incident that occurred at a construction site, resulting in an injured construction worker. One month after the construction worker commenced suit against its insured, and five months after it received notice of the claim, the plaintiff insurance company disclaimed coverage based on an employee exclusion in the governing policy. *City Club*, at 3 N.Y.3d at 596. The plaintiff insurance company later commenced a

declaratory judgment action against its insured, seeking a declaration that coverage for the incident was barred under the aforesaid employee exclusion.

After the *City Club* parties moved for summary judgment, the District Court held that the plaintiff insurer had a duty to defend, finding that the disclaimer was untimely as a matter of law. *City Club*, at 3 N.Y.3d at 597. The District Court further held that the defendant insured was not entitled to a reimbursement of the attorney's fees it incurred in the defense of the declaratory judgment action. *Id.*

On appeal to the Second Circuit, the Court of Appeals was asked to address the fee issue and specifically to clarify "whether an insured who prevails in an action brought by an insurer seeking a declaratory judgment that it has no duty to defend or indemnify the insured, may recover attorneys' fees expended in defending against the declaratory judgment action regardless of whether the insured provided a defense to the insured." *City Club*, at 3 N.Y.3d at 596. Thus, *City Club* involved an insured who *prevailed* in an *action* brought by its insurer. Based upon the fact that the insured ultimately prevailed in the end of the *action*, and the holding in *Mighty Midgets, Inc. v. Centennial Insurance Company*, 47 N.Y.2d 12 (1979), the *City Club* Court determined that *City Club* was entitled to recover the attorneys' fees it incurred in the defense of the action. The Court stated that "We hold under *Mighty Midgets*, an insured who prevails in an action brought by an insurance company seeking declaratory judgment that it has no duty to defend or indemnify the insured may recover attorneys' fees regardless of whether the insurer provided a defense to the insured." *City Club*, at 3 N.Y.3d at 598.

*City Club* is distinguishable from the instant action for several reasons. First, the issue of the insurer's duty to defend in *City Club* was based solely on whether the insurer's disclaimer was untimely as a matter of law. When the District Court determined that it was, the door was closed on

the insurer's duty to defend, as no later discovered facts could change the finding. In complete contrast, the issue of the instant Plaintiff's duty to defend is ongoing, since discovery, which has yet to be conducted, can reverse this Court's finding that the Plaintiff has a duty to defend.

Furthermore, in *City Club*, unlike in the instant action, the Defendants prevailed in the declaratory judgment *action*. Here, the Defendants simply prevailed on a pre-discovery *motion*. No discovery has been conducted in the instant action, and there has not yet been a full or final determination as to whether the Plaintiff has a duty to defend the Defendants in the Asher legal malpractice matter. Moreover, as the Court acknowledged in its Decision, once discovery is conducted, it may be established that the Defendants were responsible for electing Mrs. Asher's benefits on her behalf, or that between the expiration of her loss of election and the inception of the 2006 Policy, Mrs. Asher advised them of her displeasure that her right was lost and/or that she held the Defendants accountable for the loss. If the foregoing is revealed, the prior knowledge exclusion of the subject insurance policy, Exclusion B, will bar coverage for the Asher matter and the Plaintiff herein will prevail in the instant action. Pursuant to the foregoing, both *City Club*, and *Mighty Midgets*, as interpreted by the *City Club* Court, are distinguishable from the case at bar, and therefore, should not be followed by this Court.

*Weissman* is similarly distinguishable from the instant action. Like *City Club*, *Weissman* involved a full and final determination that the insured defendant was entitled to a duty to defend. The *Weissman* decision noted that the only issue which remains to be resolved was indemnification. *Weissman*, at 79 A.D.2d, at 923. As noted above, here, unlike in *Weissman* and *City Club*, the issue of whether the Plaintiff has a duty to defend the Defendants in the Asher legal malpractice matter has not been fully and finally determined. The parties' motions for summary judgment were made *before* any discovery was conducted. Once discovery is conducted, Plaintiff may be able to establish

that the Defendants were responsible for electing Mrs. Asher's benefits on her behalf, or that between the expiration of her loss of election and the inception of the 2006 Policy, Mrs. Asher advised them of her displeasure that her right was lost and/or that she held the Defendants accountable for the loss and that they, therefore, knew or should have known that their failure to do so might be expected to be the basis of a claim or suit. If the foregoing is established, the prior knowledge exclusion of the subject insurance policy, Exclusion B, will bar coverage for the Asher matter and the Plaintiff herein will prevail at the trial of this action. Thus, *Weissman*, like *City Club*, is distinguishable from the case at bar, and should not be followed by this Court.

A full and final adjudication as to whether the Plaintiff has a duty to defend the Defendants in the Asher legal malpractice matter has not been made. This declaratory judgment action is ongoing, and the issues of whether the Plaintiff has a duty to defend or indemnify the Defendants will ultimately be decided at the conclusion of discovery and at the trial of this matter. To award the Defendants the attorney's fees they have incurred in defending this action at this very early stage in the litigation, when the Plaintiff may ultimately prevail in the action defies logic, is premature, and is not in consort with the controlling precedent on the issue of when an insured is entitled to the attorney's fees it has incurred in defending a declaratory judgment action brought against it by its insurer.

## CONCLUSION

For the foregoing reasons, it is respectfully submitted that the Plaintiff's motion for reconsideration be granted and that the portion of the decision of the Court granting Defendants' motion for partial summary judgment requesting the reimbursement of the attorney's fees they have

incurred in the defense of the instant action be vacated and reversed.

Dated: New York, New York
September 12, 2008

>Respectfully submitted,
>
>LEWIS BRISBOIS BISGAARD & SMITH LLP
>
>_____
>Mark K. Anesh (MKA-8303)
>Jamie R. Wozman (JRW-6742)
>*Attorneys for Plaintiff*
>WESTPORT INSURANCE CORPORATION
>199 Water Street, 25th Floor
>New York, New York 10038
>(212) 232-1300
>(212) 232-1399
>Our File No.: 50017-0277

To: John W. Fried, Esq.
*Attorneys for Defendants*
PATRICIA HENNESSEY, ESQ., and COHEN,
HENNESSEY, BIENSTOCK & RABIN, P.C.
f/k/a COHEN, HENNESSEY, BIENSTOCK, P.C.,
1350 Broadway, Suite 1400
New York, New York 10018