UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
WESTPORT INSURANCE CORPORATION,   :
                                  :
                  Plaintiff,      :   Case No. 07 Civ. 6726 (SHS) (RLE)
                                  :
       -against-                   :
                                  :
PATRICIA HENNESSEY, ESQ., and COHEN, :
HENNESSEY, BIENSTOCK & RABIN, P.C.,  :
f/k/a COHEN, HENNESSEY, BIENSTOCK, P.C., :
                                  :
                  Defendants.     :
------------------------------------------------------------x

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

Defendants Patricia Hennessey, Esq. and Cohen Hennessey Bienstock & Rabin P.C. (collectively, "CHB&R") submit this memorandum of law in opposition to the motion of plaintiff Westport Insurance Corporation ("Westport") for reconsideration. Westport's motion is limited to that part of the Court's decision granting CHB&R summary judgment on their fourth counterclaim, thereby awarding them their attorneys' fees and costs incurred in defending this action. (Tr. of Proceedings, Sept. 2, 2008, at 19-20, Exhibit 1 hereto.) For the reasons set forth below, Westport's motion should be denied.

The Court correctly ruled that, because CHBR was put in a defensive posture by Westport's action seeking a judicial declaration that it had no duty to defend and indemnify CHB&R in the Asher legal malpractice case, and because the Court has now ruled that Westport has such a duty to defend, CHB&R are entitled to recover from Westport their attorneys' fees and costs incurred in defending this action. (Tr. of Proceedings, Sept. 2, 2008, at 19-20.) *See U.S. Underwriters Ins. Co. v. City Club Hotel, LLC*, 3 N.Y.3d 592, 598, 822 N.E.2d 777, 780,

789 N.Y.S. 470, 737 (2004) ("an insured who prevails in an action brought by an insurance company seeking a declaratory judgment that it has no duty to defend *or* indemnify may recover its attorneys' fees[.]")[1] (emphasis added); *American Home Assurance Co. v. Weissman*, 79 A.D.2d 923, 434 N.Y.S.2d 410 (1st Dep't 1981) (In action by an insurer against its policyholder to obtain a judicial declaration affirming its disclaimer of insurance coverage, defense and indemnity, where the court ruled that the insurer had a duty to defend, policyholder was entitled to recover its attorneys' fees and costs to defend that action, even though the court had not yet ruled on insurer's duty to indemnify.)

Because the Court's decision is a full and final adjudication of Westport's duty to pay for CHB&R's defense of the Asher action and, using Westport's metaphor, because "the door [has] closed on Westport's duty to defend, as no later discovered facts could change that finding" (Pl.'s Mem. Supp. Mot. Recons., at 8-9), CHB&R is entitled to recover their attorneys' fees and costs in this action.

Westport argues that CHB&R are not entitled to recover their attorneys' fees and costs incurred in defending this action because "there has not been a full and final adjudication of the [Westport's] duty to defend," because discovery in this case "may reveal evidence demonstrating that [CHB&R] knew or should have known that Mrs. Asher's lost [insurance] election rights might be expected to be the basis of a claim or suit" (Pl.'s Mem. Supp. Mot. Recons., at 5), thereby enabling Westport, pursuant to its policy Exclusion B, to escape its duty to pay for CHB&R's defense of Asher's legal malpractice action. (Pl's Mem Supp. Mot. Recons., at 7). Even if its discovery wishes came true, those wishes will not release Westport from its duty to

---

[1] The Court of Appeals, by using the conjunction "or" in the above quotation, clearly intended that a policyholder is entitled to recover its attorneys' fees and costs if it prevails either on the duty to defend issue (as CHB&R have prevailed here) or on the duty to indemnify issue.

2

pay for CHB&R's defense the Asher action. In other words, even if Exclusion B were to apply here, which it does not, other broad allegations of negligence in Asher's verified complaint, unrelated to CHB&R's alleged failure to elect life insurance benefits for Asher, would require Westport to continue to pay for CHB&R's defense. In fact, the Court acknowledged this in its decision. (Tr. of Proceedings, Sept. 2, 2008, at 17-8). Put simply, "the door [has] closed on Westport's duty to defend, as no later discovered facts could change that finding." (Pl's Mem Supp. Mot. Recons., at 8-9). Therefore, the Court correctly granted CHB&R summary judgment of their fourth counterclaim, thereby awarding them their attorneys' fees and costs incurred in defending this action. (Tr. of Proceedings, Sept. 2, 2008, at 19-20.)

Asher's verified complaint against CHB&R, which is Exhibit D to Westport's Rule 56.1 Statement (Dkt. 11), asserts two legal malpractice claims. One claim concerns CHB&R's alleged failure to elect, on behalf of Mrs. Asher, certain life insurance benefits (the "Life Insurance Malpractice Claim"). The other claim broadly alleges that CHB&R "failed to properly, diligently and adequately represent Mrs. Asher's interests in connection with her divorce action." (Asher Verified Comp., ¶ 12). That claim also broadly alleges that CHB&R "were negligent and deviated from good and accepted legal practice in the handling of the prosecution of the divorce action by acting in dereliction of their legal and ethical obligations and responsibilities to [Mrs. Asher] and committing misconduct," including "breaching the contractual retainer between the parties;" "negligently ignoring the matter;" "failing to provide good, proper, honest and competent legal advice;" and "failing to provide qualified attorneys with knowledge of the facts to represent [Mrs. Asher's] interests;" (Asher Verified Comp., ¶ 19) (the "General Malpractice Claim"). Asher's General Malpractice Claim is separate and distinct from Asher's Life Insurance Malpractice Claim.

Westport's complaint in this Court seeks a declaratory judgment that it has no duty to defend and indemnify CHB&R based solely on the application of Exclusion B to Asher's Life Insurance Malpractice Claim. Westport's complaint does not allege that Exclusion B bars insurance coverage for Asher's General Malpractice Claim. For that reason, even if discovery in this case were to reveal facts proving that insurance coverage for the Life Insurance Malpractice Claim was excluded by Exclusion B, those facts would not relieve Westport of its duty to continue to pay for CHB&R's defense because Westport has not asserted Exclusion B as grounds to preclude insurance coverage for the General Malpractice Claim. Indeed, Westport relies on no policy exclusion to preclude insurance coverage for the General Malpractice Claim.

As the Court correctly acknowledged in its decision (Tr. of Proceedings, Sept. 2, 2008, at 17-8.), even if Westport's Exclusion B bars insurance coverage for the Life Insurance Malpractice Claim, which it does not, Exclusion B does not and cannot bar insurance coverage for the General Malpractice Claim. *See Ruder & Finn, Inc. v. Seaboard Sur. Co.*, 52 N.Y.2d 663, 669-70, 422 N.E.2d 518, 521, 439 N.Y.S.2d 858, 861 (1981) (The duty to defend "includes the defense of those actions in which alternative grounds are asserted, even if some are without the [insurance] protection purchased."); *New York Central Mut. Fire Ins. Co. v. Heidelmark*, 108 A.D.2d 1093, 1094-5, 485 N.Y.S.2d 661, 662 (3d Dep't 1985) ("If the 'complaint alleges any facts which bring the action within the protection purchased,' the duty to defend arises. That the complaint 'asserts additional claims which fall outside the policy's general coverage or within its exclusionary provisions' does not free the carrier of this obligation.") (citations omitted.) As a consequence, because CHB&R at least has insurance coverage for Asher's General Malpractice Claim, Westport must pay for the defense of the **entire** Asher legal malpractice action.

## **CONCLUSION**

Westport's duty to pay for CHB&R's defense of the **entire** Asher legal malpractice action will not end until that action is finally adjudicated or settled, without regard to whatever discovery may take place in this case concerning the application of Exclusion B to Asher's Life Insurance Malpractice Claim.

The Court's decision granting CHB&R summary judgment on its duty to defend counterclaims (Counterclaims 1 and 2) was a full and final adjudication of Westport's duty to defend the Asher action on behalf of CHB&R. Put simply, the door has closed on Westport's duty to defend because no later discovered facts could change that finding. As a consequence, the Court did not err in granting CHB&R summary judgment on their fourth counterclaim, thereby awarding them their attorneys' fees and costs incurred in defending this action. (Tr. of Proceedings, Sept. 2, 2008, at 19-20.)

Accordingly, Westport's motion for reconsideration should be denied.

Dated: New York, New York
September 16, 2008

Respectfully submitted,

FRIED & EPSTEIN LLP

By: _____
John W. Fried (JF2667)

1350 Broadway, Suite 1400
New York, New York 10018
Tel.: (212) 268-7111

*Attorneys for Defendants,
Patricia Hennessey, Esq., and Cohen
Hennessey, Bienstock & Rabin, P.C.,
f/k/a Cohen, Hennessey, Bienstock, P.C.*